**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| _____ ) | |
| NEUROGRAFIX; NEUROGRAPHY ) | |
| INSTITUTE MEDICAL ASSOCIATES, ) | |
| INC.; and IMAGE-BASED ) | |
| SURGICENTER CORPORATION, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 12-11276-RGS |
| ) | |
| TRUSTEES OF BOSTON UNIVERSITY; ) | |
| BOSTON MEDICAL CENTER ) | |
| CORPORATION; BOSTON UNIVERSITY ) | |
| AFFILIATED PHYSICIANS, INC; and ) | |
| BOSTON UNIVERSITY MEDICAL ) | |
| CENTER RADIOLOGISTS, INC., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(7) and 12(b)(6), the

defendants move for dismissal of the complaint.  Specifically, the defendants move to dismiss

plaintiffs' patent infringement claim for lack of prudential standing, constitutional standing and

failure to state a claim upon which relief may be granted.

The complaint should be dismissed in its entirety because the plaintiffs have failed to

join a necessary and indispensable party: the owner(s) of the patent-in-suit, U.S. Patent No.

5,560,360 ("the '360 patent").  The plaintiffs' complaint should be dismissed for lack of Article

III standing to the extent their infringement claim is based upon the defendants' offers to sell or

import allegedly infringing products or services because the plaintiffs have not suffered any legal

injury from those alleged acts of infringement.  The plaintiffs' complaint should be dismissed for

lack of standing insofar as NeuroGrafix brings suit on behalf of the other plaintiffs because NeuroGrafix has no proprietary interest in their respective fields of use.

In the alternative, the plaintiffs' joint patent infringement claim should be dismissed because, among other things, they have failed to state a claim upon which relief can be granted.

For the foregoing reasons, and the reasons set forth in the defendants' accompanying memorandum of law, the Court should grant their motion to dismiss.  Alternatively, if the court does not grant the motion, the Court should limit any discovery to the ownership of and other legal interests related to the '360 patent so that questions concerning its subject matter jurisdiction might be first resolved.

### Request for Oral Argument

Pursuant to LR 7.1(D), the defendants respectfully request that the Court schedule a hearing at its earliest convenience to address this motion.  The defendants believe that oral argument will assist the Court in resolving the issues herein.

Respectfully submitted,

DEFENDANTS TRUSTEES OF BOSTON
UNIVERSITY, BOSTON MEDICAL CENTER
CORPORATION, BOSTON UNIVERSITY
AFFILIATED PHYSICIANS, INC. AND
BOSTON UNIVERSITY MEDICAL CENTER
RADIOLOGISTS, INC.,

By their attorneys,

/s/ Philip C. Swain
Philip C. Swain (BBO No. 544632)
David E. Cole (BBO No. 658705)
FOLEY HOAG LLP
Seaport West
155 Seaport Boulevard
Boston, MA 02210-2600
Tel:  (617) 832-1000
Fax:  (617) 832-7000
pswain@foleyhoag.com
Dated: October 15, 2012                    dcole@foleyhoag.com

## Certification Pursuant to Local Rule 7.1(A)(2)

The undersigned hereby certifies that counsel for the defendants conferred with counsel for the plaintiffs, but was unable to narrow or resolve the issues presented by this motion.

*/s/ Philip C. Swain*

## Certificate of Service

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as unregistered participants on October 15, 2012.

*/s/ Philip C. Swain*