# Exhibit K

DiagnosticImaging Members: Login | Register



Diagnostic Imaging     Recommended Medical Sites     Medline   Drugs

Powered by SearchMedica

| Home | Blog | Conference Reports | Case Studies | Jobs | Product Directory | CT | Low Dose | PET/MR | RSNA 2011 | AHRA 2012 |



Home » Topics » Breast Imaging

Diagnostic Imaging.

✉ EMAIL | 🖨 PRINT | ⬇ PDF | ➤ REPRINT | 🔗 SHARE

 0

 You like this Be the first of your friends to like this.

# Legal wrangling puts rights to diffusion tensor imaging in spotlight

By Greg Freiherr | November 5, 2010

A California neurosurgeon has launched what could turn into an epic legal battle over the rights to use diffusion tensor imaging, an MR technology that lately has begun to catch on as a diagnostic and neurosurgical planning tool.

Claiming that he holds the exclusive license to this technology, and that all users are violating that license, Dr. Aaron Filler has filed suit against the Regents of the University of California and Siemens Healthcare.

If successful, the two suits could set precedents, allowing Filler and his company, NeuroGrafix, to sue any university in any state in the union and any vendor whose products involve diffusion tensor imaging (DTI).

And Filler's argument is not just with vendors and universities. Anyone using diffusion tensor imaging or neurography is infringing the patent, Filler contends.

"They should arrange for a license or a lease arrangement," he said.

The rights associated with the patent, US patent 5,560,360, specifically address MR neurography. But Filler claims other techniques that visualize neural tracts in the brain or muscle fibers in the heart, particularly DTI, are covered.

Filler may be over-reaching, if claims made by Dr. Peter Basser are correct. Basser says he and two other scientists invented diffusion tensor imaging. Their **patent,** issued July 23, 1996, describes a method for "measuring the effective diffusion tensor for spin labeled particles and generating images therefrom." More than two years before the patent was issued, Basser and colleagues mentioned in the patent, James Mattiello and Denis LeBihan, wrote a paper entitled "MR Diffusion Tensor Spectroscopy and Imaging." Published in January 1994, the **article** describes "a new NMR imaging modality – MR diffusion tensor imaging."

"Neurography and DTI are really different inventions," said Basser, Ph.D., a senior investigator and director of the Program on Pediatric Imaging and Tissue Sciences at the National Institute of Child Health and Human

## TopicIndex

Claiming that he holds the exclusive

| | |
|---|---|
| ACOs | Nuclear |
| Cardiac | PACS |
| Case Studies | PET/CT |
| Colonography | PET/MR |
| CT | Practice Management |
| Digital X-ray | RIS |
| Direct Radiography | Teleradiology |
| Elastography | Ultrasound Imaging |
| Low-Dose Modalities | Vendors |
| Meaningful Use | Voice Recognition |
| Molecular Imaging | Women's Imaging |
| MRI | All Topics |

## SponsoredResources

OptumInsight
**Natural Language Processing (NLP) is the key to leading the next generation of coding technology for radiology**



 

Development. "As far as I can tell, neurography is just a technique that (Filler) and his colleagues developed to make nerves more visible. DTI involves a way of reporting information contained in the diffusion tensor, defining quantities and intrinsic properties of tissue that is very useful in making (neural) maps."

Setting aside the dispute over the DTI patent, there are questions about Filler's right to litigate his latest lawsuit. The University of California – as part of the state of California – is legally protected under sovereign immunity, which allows states to seize property, if its seizure is for the public benefit.

To battle the UC Regents, Filler has come up with a novel twist on a legal argument called "Inverse Condemnation." He contends that California has not employed due process nor has it provided fair compensation for the seizure of rights to the technology covered by the neurography patent. The outcome could have far flung repercussions.

The 50 states are immune from patent litigation, because they cannot be forced to appear in court to answer charges of infringement, according to Filler. But Inverse Condemnation should trump sovereign immunity, he said, clearing the way for litigation against any U.S. universities.

Filler has similar ambitions in regard to the radiology industry. If successful against Siemens, he expects other vendors will line up to pay for past and future use of DTI.

"Once a particular patent is proven, such as the MRI patent held by Dr. (Raymond) Damadian, once he battled it out with GE, he got **settlements** from the other entities," he said.

Filler's efforts are being fueled by a $900,000 out-of-court settlement from his former research colleague Dr. Jay Tsuruda and Oak Tree Medical Center in Pasadena, CA, for infringement of the neurography patent. Ironically, Tsuruda is on the patent with Filler as co-inventor. According to Filler, however, the two men signed their rights over to the University of Washington in Seattle, which later licensed the patent exclusively to Filler's firm.

"I think that (the settlement) was very helpful, because it showed that this a viable patent," Filler said. "I think they thought at first that this patent would not be valid, but as they got into it further they realized that it was not a case that they could win."



✉ EMAIL  |  🖨 PRINT  |  ⬇ PDF  |  ➤ REPRINT  |  SHARE

g+1  0        👍 Like   📘 You like this. Be the first of your friends to like this.

### Join the Conversation

Want to join the conversation? Just **sign in** or **register today** to become part of our growing, online community.

Email me when someone comments on this article.

Oldest First    **Newest First**

**by Aaron Filler**    |    **November 19, 2010 1:58 AM EST**

There are many complex issues here, but Peter Basser's quote in this article suggesting that our patent

**OptumInsight**
**Acadiana Computer Systems, Inc. gains a 100% ROI on their radiology billing**

**Key Equipment Finance**
**Creative Equipment Financing Enables Cancer Center to Expand and Grow**

**Barco**
**Multi-modality breast imaging using RapidFrame™ technology**

**Siemens**
**3D Ultrasound of the Breast**

**Ziosoft, Inc.**
**PhyZiodynamic Solutions: Applying Supercomputing to Patient Care**

**Siemens**
**Easy Guide to Low Dose**

**Medrad**
**Improving Clinical Outcomes and Workflow**

**Toshiba America Medical Systems**
**Minimizing dose, sedation in pediatric CT**

**View All**



PsychiatricTimes
CLINICAL SCALES

Access the most popular and useful psychiatric tools for healthcare professionals — now available in one convenient location.

CLICK HERE to download the FREE Apple or Android app!

## FROM PHYSICIANS PRACTICE

**Improving Work Flow, Both at Medical Practice and at Home**
*Jennifer Frank, MD,* September 11, 2012
An exercise at work to improve quality patient care might just benefit from my spouse-communication system at home.

**Five Important Topics for Your Physician Blog**
*Simon Sikorski, MD,* September 10, 2012
Here are five topics you should incorporate into your physician blogging as soon as possible to boost success for your medical practice.

**Obama or Romney: Who Will Address Today's Healthcare Problems?**
*Martin Merritt, JD,* September 9, 2012
If we do not start demanding real solutions from our

does not cover DTI is very misleading. To be clear, tensor based analysis and tractography were filed with the patent office by our group in 1992 before any public disclosure by Peter Basser or Dennis LeBihan. Our group showed the first tractographic image at the SMRM meeting in August of 1992 in Berlin. Michael Moseley re-presented our dramatic success in tractography at the diffusion plenary session of the Society for Magnetic Resonance Imaging in March of 1993 in San Francisco. Denis LeBihan was the moderator of the session. The Basser, LeBihan and Mattielo patent was filed after the presentation and does not mention our work. Basser and LeBihan did not disclose this information to the patent office. John Mazziotta - then Director of Brain Mapping at UCLA - presented our findings in the Wartenberg lecture to the American Academy of Neurology in 1997. No doubt, many present then - just as at the SMRI meeting in '93- may later have incorrectly believed that this was work from Basser and LeBihan who had not published their first tractography until 1998. Peter Basser appears to suggest in his comments in this article that we did not invent DTI at all and are confusing it with neurography. Elsewhere he suggests we may have mentioned it, but didn't understand what we were talking about. When Peter Basser was an undergraduate at Harvard, I was a graduate student teaching fellow there and I taught a course including material about my own work in the use of multi-dimensional and factor analytic methods for analyzing anatomical data such as brain features. In response to Basser's second patent application with Pierpaoli, the US PTO cited our patent numerous times in rejecting various claims from Basser and Pierpaoli's supposed further invention in 1999 - so any suggestion that they are unaware of our patent is demonstrably not viable. The full detail of the mathematics in ellipsoid analysis of tensor data obtained in multiple directions was published by members of David Pilbeam's project group in 1990 (see Tauxe et al J. Geophys Res 1990 95(B4):4391-4404.) This was the group in which I was working as a graduate student in the early 1980's. MRI manufacturers made the mistake of accepting the Basser and LeBihan patent. Readers of this article should not accept Basser's statement as a guarantee of safe passage on DTI. Interested readers are directed to the following two references for more detail: Filler AG. MR Neurography and Diffusion Tensor Imaging: Origins, history, & clinical impact of the first 50,000 cases with an assessment of efficacy and utility in a prospective 5,000 patient study group. Neurosurgery 65: (4 Suppl), pA29-A43 (2009). (DOI: 10.1227/01.NEU.0000351279.78110.00) (PMID: 19927075) Filler AG. The history, development and impact of computed imaging in neurological diagnosis and neurosurgery: CT, MRI, DTI. Internet Journal of Neurosurgery, 7:(1) (2010) http://www.ispub.com/journal/the_internet_journal_of_neurosurgery/volume_7_number_1_39/article/the-history-development-and-impact-of-computed-imaging-in-neurological-diagnosis-and-neurosurgery-ct-mri-and-dti.html Aaron Filler, MD, PhD, FRCS

---

by Vasileios Papakostas    |    November 10, 2010 3:26 AM EST

If pattends are so expensive, then I must be rich

signature
GOD

---

by stewart hawkins    |    November 09, 2010 10:33 PM EST

Boston Legal, California style. Let's hope the lawyers are just as hot....

---

by johan dehem    |    November 09, 2010 3:12 PM EST

so wrong

candidates … we will not be able to avoid an eventual government takeover of the healthcare industry.

Effective Medical Practice Leadership
Judy Capko, September 6, 2012
You may be a good leader, but becoming great requires good instincts, experience, and hard work.

Healthcare Reform Influencing Physicians' Career Choices
Aubrey Westgate, September 4, 2012
With healthcare's business landscape shifting fast, doctors are gambling on new career strategies. But where are they placing their chips? Find out with our exclusive 2012 Great American Physician survey results.

On This Site    On This Topic

MostPopular

Whole-breast ultrasound brings significant screening benefits
JAN 15 2010 | DIAGNOSTIC IMAGING ASIA PACIFIC | READ >>

Choanal Atresia
MAR 19 2012 | READ >>

As teleradiology evolves, it changes dramatically, plays growing role in practice
DEC 15 2010 | DIAGNOSTIC IMAGING | READ >>

Median Arcuate Ligament Syndrome
JUL 24 2012 | READ >>

Delayed side effects persist in IV iodinated contrast media
MAY 28 2009 | DIAGNOSTIC IMAGING EUROPE | READ >>

Popular    Recent

Comments

Poll: Are You Burned Out?
AUG 23 2012 | READ >>

Ultrasound-Based Transient Elastography Accurately Detects Cirrhosis
MAR 5 2012 | READ >>

Live Cornual Ectopic Pregnancy
MAY 10 2012 | READ >>

MRI Safety Still a Concern, But National Guidance Lacking
JUL 27 2012 | READ >>

Intrathoracic Accessory Lobe of the Liver
AUG 8 2012 | READ >>

FeatureLinks



Get the latest news, trends and products from the medical imaging community    Learn More

## **Job**Listings

**Job Search:**

**Mayo Clinic Rochester Cardiac Imaging Fellowship**
Rochester, MN
Mayo Clinic Rochester

**Advanced Practice Registered Nurses**
Minneapolis, MN
Associated Clinic Of Psychology

**Family Practice / Internal Medicine Physician**
Houston, TX
Harris Health System

**View All Jobs**

**Post a job**

Powered by **SearchMedicaJobs**







THAT WANT
TO DO **BETTER**
FOR THEIR
COMMUNITIES



CancerNetwork | ConsultantLive | Diagnostic Imaging | Musculoskeletal Network | OBGYN.net | PediatricsConsultantLive |
Physicians Practice | Psychiatric Times | SearchMedica | Medical Resources



© 1996 - 2012 **UBM Medica LLC**, a **UBM** company

Privacy Statement - Terms of Service - Advertising Information - Editorial Policy Statement - UBM Medica Network Privacy Policy

# Exhibit L

**UNITED STATES DISTRICT COURT for the CENTRAL DISTRICT OF CALIFORNIA (Western Division - Los Angeles)**
**CIVIL DOCKET FOR CASE #: 2:10-cv-01990-MRP -RZ**

NeuroGrafix et al v. Siemens Medical Solutions USA, Inc. et al
Assigned to: Judge Mariana R. Pfaelzer
Referred to: Magistrate Judge Ralph Zarefsky
Related Cases: 2:11-cv-07591-MRP-RZ
2:12-cv-04586-MRP-RZ
Cause: 35:145 Patent Infringement

Date Filed: 03/18/2010
Date Terminated: 11/22/2011
Jury Demand: Both
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

**Plaintiff**

**NeuroGrafix**
*a California corporation*

represented by **Alexander C D Giza**
Russ August & Kabat
12424 Wilshire Blvd Suite 1200
Los Angeles, CA 90025
310-826-7474
Fax: 310-826-6991
Email: agiza@raklaw.com
*ATTORNEY TO BE NOTICED*

**Andrew David Weiss**
Russ August & Kabat
12424 Wilshire Boulevard Suite 1200
Los Angeles, CA 90025
310.826-7474
Fax: 310.826.6991
Email: aweiss@raklaw.com
*ATTORNEY TO BE NOTICED*

**Arthur S Beeman**
SNR Denton
525 Market Street
26th Floor
San Francisco, CA 94105
415-825-0138
Email: arthur.beeman@snrdenton.com
*TERMINATED: 11/19/2010*

**Brent D Sokol**
Jones Day
555 South Flower Street 50th Floor
Los Angeles, CA 90071
213-489-3939
Fax: 213-243-2539
Email: bdsokol@jonesday.com
*TERMINATED: 11/19/2010*

**Brett Alan Lovejoy**
Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower
Suite 2800
San Francisco, CA 94105

415-442-1000
Email: jlovejoy@morganlewis.com
*TERMINATED: 11/19/2010*

**Bruce D Kuyper**
DLA Piper LLP
2000 Avenue of the Stars Suite 400 North Tower

Los Angeles, CA 90067-4704
310-595-3035
Fax: 310-595-3300
Email: bruce.kuyper@dlapiper.com
*ATTORNEY TO BE NOTICED*

**Fredricka Ung**
Russ August & Kabat
12424 Wilshire Boulevard
12th Floor
Los Angeles, CA 90025
310-826-7474
Fax: 310-826-6991
Email: fung@raklaw.com
*ATTORNEY TO BE NOTICED*

**Marc A Fenster**
Russ August and Kabat
12424 Wilshire Boulevard 12th Floor
Los Angeles, CA 90025
310-826-7474
Fax: 310-826-6991
Email: mfenster@raklaw.com
*ATTORNEY TO BE NOTICED*

**Matthew J Silveira**
Jones Day
555 California Street 26th Floor
San Francisco, CA 94104
415-626-3939
Fax: 415-875-5700
Email: msilveira@jonesday.com
*TERMINATED: 11/19/2010*

**Noel Rodriguez**
Jones Day
555 California St, 26th Fl
San Francisco, CA 94104
415-626-3939
Fax: 415-875-5700
Email: nrodriguez@jonesday.com
*TERMINATED: 11/19/2010*

**Pamela K Fulmer**
SNR Denton US LLP
525 Market Street
26th Floor
San Francisco, CA 94105
415-882-5000
Fax: 415-882-0300

Email: pamela.fulmer@snrdenton.com
*TERMINATED: 11/19/2010*

**Plaintiff**

**Image-Based Surgicenter Corporation**
*a California corporation*
*TERMINATED: 08/09/2010*

represented by **Arthur S Beeman**
(See above for address)
*TERMINATED: 11/19/2010*

**Brent D Sokol**
(See above for address)

**Brett Alan Lovejoy**
(See above for address)

**Matthew J Silveira**
(See above for address)

**Noel Rodriguez**
(See above for address)

**Pamela K Fulmer**
(See above for address)

**Plaintiff**

**Aaron G. Filler, M.D., Ph.D. A Professional Corporation**
*a California corporation*
*TERMINATED: 08/09/2010*
*doing business as*
Institute for Nerve Medicine Medical Associates
*TERMINATED: 08/09/2010*

represented by **Arthur S Beeman**
(See above for address)
*TERMINATED: 09/30/2011*

**Brent D Sokol**
(See above for address)

**Brett Alan Lovejoy**
(See above for address)

**Matthew J Silveira**
(See above for address)

**Noel Rodriguez**
(See above for address)

**Pamela K Fulmer**
(See above for address)

**Plaintiff**

**Center for Advanced Spinal Neurosurgery Medical Group Inc.**
*a California corporation*
*TERMINATED: 08/09/2010*

represented by **Arthur S Beeman**
(See above for address)
*TERMINATED: 09/30/2011*

**Brent D Sokol**
(See above for address)

**Brett Alan Lovejoy**
(See above for address)

**Matthew J Silveira**
(See above for address)

**Noel Rodriguez**

(See above for address)

**Pamela K Fulmer**
(See above for address)

## Plaintiff

**Neurography Institute Medical Associates,
Inc.**
*a California corporation*
*TERMINATED: 08/09/2010*

represented by **Arthur S Beeman**
(See above for address)
*TERMINATED: 09/30/2011*

**Brent D Sokol**
(See above for address)

**Brett Alan Lovejoy**
(See above for address)

**Matthew J Silveira**
(See above for address)

**Noel Rodriguez**
(See above for address)

**Pamela K Fulmer**
(See above for address)

## Plaintiff

**Washington Research Foundation**
*a not-for-profit Washington corporation*

represented by **Arthur S Beeman**
(See above for address)
*TERMINATED: 09/30/2011*

**Bradley William Gunning**
K & L Gates LLP
10100 Santa Monica Boulevard 7th Floor
Los Angeles, CA 90067
310-552-5000
Fax: 310-552-5001
Email: brad.gunning@klgates.com
*ATTORNEY TO BE NOTICED*

**David T McDonald**
K and L Gates LLP
925 Fourth Avenue Suite 2900
Seattle, WA 98104-1158
206-623-7580
Fax: 206-623-7022
Email: david.mcdonald@klgates.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

## Defendant

**Siemens Medical Solutions USA, Inc.**
*a Delaware corporation*

represented by **Brian N Gross**
Kirkland & Ellis LLP
655 Fifteenth Street NW Suite 1200
Washington, DC 20005
202-879-5146
Fax: 202-879-5200

Email: brian.gross@kirkland.com
*TERMINATED: 07/09/2010 H*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christopher Nalevanko**
Kirkland & Ellis LLP
655 Fifteenth Street NW Suite 1200
Washington, DC 20005
202-879-5182
Fax: 202-879-5200
Email: christopher.nalevanko@kirkland.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Gregg LoCascio**
Kirkland & Ellis LLP
655 Fifteenth Street NW Suite 1200
Washington, DC 20005
202-879-5290
Fax: 202-879-5200
Email: gregg.locascio@kirkland.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Joseph F Edell**
Kirkland & Ellis LLP
655 Fifteenth Street NW
Washington, DC 20005
202-879-5237
Fax: 202-879-5200
Email: joseph.edell@kirkland.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sean M McEldowney**
Kirkland & Ellis LLP
655 Fifteenth Street NW
Washington, DC 20005
202-879-5161
Fax: 202-879-5200
Email: sean.mceldowney@kirkland.com
*ATTORNEY TO BE NOTICED*

**Luke L Dauchot**
Kirkland & Ellis LLP
333 South Hope Street 29th Floor
Los Angeles, CA 90071
213-680-8400
Fax: 213-680-8500
Email: luke.dauchot@kirkland.com
*ATTORNEY TO BE NOTICED*

**<u>Defendant</u>**

**Siemens Aktiengesellschaft**                                represented by  **Brian N Gross**

*a German corporation*

(See above for address)
*TERMINATED: 09/30/2011*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christopher Nalevanko**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Gregg LoCascio**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Luke L Dauchot**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sean M McEldowney**
(See above for address)
*ATTORNEY TO BE NOTICED*

## Counter Claimant

**Siemens Medical Solutions USA, Inc.**
*a Delaware corporation*

represented by **Brian N Gross**
(See above for address)
*TERMINATED: 09/30/2011*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher Nalevanko**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gregg LoCascio**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph F Edell**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sean M McEldowney**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Luke L Dauchot**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**NeuroGrafix**
*a California corporation*

represented by **Alexander C D'Giza**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Andrew David Weiss**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Arthur S Beeman**
(See above for address)
*TERMINATED: 09/30/2011*

**Brent D Sokol**
(See above for address)

**Brett Alan Lovejoy**
(See above for address)

**Bruce D Kuyper**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Marc A Fenster**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Matthew J Silveira**
(See above for address)

**Noel Rodriguez**
(See above for address)

**Pamela K Fulmer**
(See above for address)
*TERMINATED: 09/30/2011*

**Counter Defendant**

**Washington Research Foundation**
*a not-for-profit Washington corporation*

represented by **Arthur S Beeman**
(See above for address)
*TERMINATED: 09/30/2011*

**Bradley William Gunning**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David T McDonald**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/18/2010 | 1 | COMPLAINT against Defendants Siemens Aktiengesellschaft, Siemens Medical Solutions USA, Inc. Case assigned to Judge Otis D Wright, II for all further proceedings. Discovery referred to Magistrate Judge Ralph Zarefsky.(Filing fee $ 350: PAID) Jury Demanded., filed by plaintiffs Image-Based Surgicenter Corporation, NeuroGrafix, Neurography Institute Medical Associates, Inc., Center for Advanced Spinal Neurosurgery Medical Group Inc., Aaron G. Filler, M.D., Ph.D. A |

| | | |
|---|---|---|
| | | Professional Corporation.(ghap) (Additional attachment(s) added on 3/19/2010: # 1 Notice of Assignment, # 2 Summons, # 3 Civil Cover Sheet) (ds). (Entered: 03/19/2010) |
| 03/18/2010 | | 21 DAY Summons Issued re Complaint - (Discovery) 1 as to Defendants Siemens Aktiengesellschaft, Siemens Medical Solutions USA, Inc. (ghap) (Entered: 03/19/2010) |
| 03/18/2010 | 2 | CERTIFICATION AND NOTICE of Interested Parties filed by Plaintiffs Aaron G. Filler, M.D., Ph.D. A Professional Corporation, Center for Advanced Spinal Neurosurgery Medical Group Inc., Image-Based Surgicenter Corporation, NeuroGrafix, Neurography Institute Medical Associates, Inc., identifying Other Affiliate Washington Research Foundation, Other Affiliate Providence Investment Company Limited for NeuroGrafix. (ghap) (ds). (Entered: 03/19/2010) |
| 03/18/2010 | 3 | CORPORATE DISCLOSURE STATEMENT filed by Plaintiffs Aaron G. Filler, M.D., Ph.D. A Professional Corporation, Center for Advanced Spinal Neurosurgery Medical Group Inc., Image-Based Surgicenter Corporation, NeuroGrafix, Neurography Institute Medical Associates, Inc. (ghap) (ds). (Entered: 03/19/2010) |
| 03/18/2010 | 4 | REPORT ON THE FILING OF AN ACTION Regarding a Patent (Initial Notification) filed by Aaron G. Filler, M.D., Ph.D. A Professional Corporation, Center for Advanced Spinal Neurosurgery Medical Group Inc., Image-Based Surgicenter Corporation, NeuroGrafix, Neurography Institute Medical Associates, Inc.(ghap) (Entered: 03/19/2010) |
| 03/23/2010 | 5 | PROOF OF SERVICE Executed by Plaintiff Image-Based Surgicenter Corporation, NeuroGrafix, Neurography Institute Medical Associates, Inc., Center for Advanced Spinal Neurosurgery Medical Group Inc., Aaron G. Filler, M.D., Ph.D. A Professional Corporation, upon Defendant Siemens Medical Solutions USA, Inc. served on 3/19/2010, answer due 4/9/2010. Service of the Summons and Complaint were executed upon Margaret Wilson, Process Specialist, CT Corporation System, Registered Agent in compliance with Federal Rules of Civil Procedure by service on a domestic corporation, unincorporated association, or public entity. Original Summons NOT returned. (Rodriguez, Noel) (Entered: 03/23/2010) |
| 03/24/2010 | 6 | STANDING ORDER REGARDING NEWLY ASSIGNED CASES by Judge Otis D Wright II. Read This Order Carefully. It Controls This Case and Differs in Some Respects From the Local Rules. (See Order for Details). (sch) (Entered: 03/24/2010) |
| 04/01/2010 | 7 | ORDER RE TRANSFER PURSUANT TO GENERAL ORDER 08-05 (Related Case) filed. Transfer of case declined by Judge Christina A. Snyder, for the reasons set forth on this order. Related Case No. CV 08-02923 CAS (JTLx) (rn) (Entered: 04/01/2010) |
| 04/02/2010 | 8 | ORDER TRANSFERRING CIVIL ACTION pursuant to Section 3.1 of General Order 08-05. ORDER case transferred from Judge Otis D Wright, II to the calendar of Judge Mariana R. Pfaelzer for all further proceedings. The case number will now reflect the initials of the transferee Judge CV 10-01990 MRP(RZx). Signed by Judge Otis D Wright, II and Judge Mariana R. Pfaelzer. (rn) (Entered: 04/02/2010) |
| 04/09/2010 | 9 | FIRST STIPULATION Extending Time to Answer the complaint as to Siemens Medical Solutions USA, Inc. answer now due 4/30/2010, filed by Defendant Siemens Medical Solutions USA, Inc.. (Dauchot, Luke) (Entered: 04/09/2010) |
| 04/28/2010 | 10 | APPLICATION for attorney Gregg F. LoCascio, P.C. to Appear Pro Hac Vice (PHV FEE NOT PAID.) filed by Defendant Siemens Medical Solutions USA, Inc.. (Attachments: # 1 Exhibit Certificate of Good Standing, # 2 Proposed Order G-64 Proposed Order)(Dauchot, Luke) (Entered: 04/28/2010) |
| 04/28/2010 | 11 | APPLICATION for attorney Christopher Nalevanko to Appear Pro Hac Vice (PHV FEE NOT PAID.) filed by Defendant Siemens Medical Solutions USA, Inc.. (Attachments: # 1 Exhibit Certificate of Good Standing, # 2 Proposed Order G-64 Proposed Order)(Dauchot, Luke) (Entered: 04/28/2010) |
| 04/28/2010 | 12 | APPLICATION for attorney Brian N. Gross to Appear Pro Hac Vice (PHV FEE NOT PAID.) filed by Defendant Siemens Medical Solutions USA, Inc.. (Attachments: # 1 Exhibit Certificate of Good Standing, # 2 Proposed Order G-64 Proposed Order)(Dauchot, Luke) (Entered: 04/28/2010) |

| 04/28/2010 | 13 | FIRST STIPULATION Extending Time to Answer the complaint as to Siemens Medical Solutions USA, Inc. answer now due 5/7/2010, filed by Defendant Siemens Medical Solutions USA, Inc.. (Dauchot, Luke) (Entered: 04/28/2010) |
|---|---|---|
| 04/29/2010 | 14 | ORDER by Judge Mariana R. Pfaelzer: granting 10 Application to Appear Pro Hac Vice by Attorney Gregg F. LoCascio, PC on behalf of Defendant Siemens Medical Solutions USA, Inc., designating Luke L. Dauchot as local counsel. (Fee Paid 4/28/10) (lom) (Entered: 04/30/2010) |
| 04/29/2010 | 15 | ORDER by Judge Mariana R. Pfaelzer: granting 11 Application to Appear Pro Hac Vice by Attorney Christopher Nalevanko on behalf of Defendant Siemens Medical Solutions USA, Inc., designating Luke L. Dauchot as local counsel. (Fee Paid 4/28/10) (lom) (Entered: 04/30/2010) |
| 04/29/2010 | 16 | ORDER by Judge Mariana R. Pfaelzer: granting 12 Application to Appear Pro Hac Vice by Attorney Brian N. Gross on behalf of Defendant Siemens Medical Solutions USA, Inc., designating Luke L Dauchot as local counsel. (Fee Paid 4/28/10) (lom) (Entered: 04/30/2010) |
| 05/06/2010 | 17 | NOTICE of Appearance filed by attorney Sean M McEldowney on behalf of Defendant Siemens Medical Solutions USA, Inc. (McEldowney, Sean) (Entered: 05/06/2010) |
| 05/07/2010 | 18 | NOTICE of Manual Filing filed by Defendant Siemens Medical Solutions USA, Inc. of (1) Memo. ISO Motion to Dismiss; (2) Declaration of Sean McEldowney; (3) Application to File Under Seal. (McEldowney, Sean) (Entered: 05/07/2010) |
| 05/07/2010 | 19 | *Certification and Notice* of Interested Parties filed by Defendant Siemens Medical Solutions USA, Inc., identifying Siemens Corporation and Siemens AG. (McEldowney, Sean) (Entered: 05/07/2010) |
| 05/07/2010 | 20 | NOTICE OF MOTION AND MOTION to Dismiss for Lack of Jurisdiction *Pursuant to Rule 12(b)(1)* ( Motion set for hearing on 6/7/2010 at 11:00 AM before Judge Mariana R. Pfaelzer.), MOTION to Dismiss Case *(Indirect Infringement Claims) Pursuant to Rule 12(b)(6)* filed by Defendant Siemens Medical Solutions USA, Inc.. (McEldowney, Sean) (Entered: 05/07/2010) |
| 05/07/2010 | 21 | NOTICE OF LODGING filed *Proposed Order* re MOTION to Dismiss for Lack of Jurisdiction *Pursuant to Rule 12(b)(1)* MOTION to Dismiss Case *(Indirect Infringement Claims) Pursuant to Rule 12(b)(6)* MOTION to Dismiss for Lack of Jurisdiction *Pursuant to Rule 12(b)(1)* MOTION to Dismiss Case *(Indirect Infringement Claims) Pursuant to Rule 12(b)(6)* 20 (Attachments: # 1 Proposed Order Granting Motion to Dismiss)(McEldowney, Sean) (Entered: 05/07/2010) |
| 05/07/2010 | 22 | APPLICATION to File Under Seal filed by Defendant Siemens Medical Solutions USA, Inc. Lodged Proposed Order. (gk) (Entered: 05/10/2010) |
| 05/11/2010 | 23 | SEALED DOCUMENT- Memorandum in Support of Defendant Siemens Medical Solutions USA. Inc.'s Motion to Dismiss Suit Under Rule 12(b)(1) for Lack of Standing or, in the Alternative, to Dismiss Indirect Infringement Claims Under Rule 12(b)(6). (mat) (Entered: 05/14/2010) |
| 05/11/2010 | 24 | SEALED DOCUMENT- Declaration of Sean M. Mceldowney in Support of Defendant Siemens Medical Solutions USA, Inc.'s Motion to Dismiss Suit Under Rule 12(b)(1) for Lack of Standing or, in the Alternative, to Dismiss Indirect Infringement Claims Under Rule 12(b)(6). (Attachments:Part 2, Part 3)(mat) (Entered: 05/14/2010) |
| 05/11/2010 | 26 | ORDER by Judge Mariana R. Pfaelzer: granting 22 Defendant Siemens Medical Solutions USA, Inc's Application to file under Seal. The Court hereby ORDERS that: 1. Defendant Siemens Medical Solutions USA, Inc.'s Application for Leave to File Under Seal Its Memorandum in Support of Its Motion to Dismiss and Declaration of Sean M. McEldowney in Support of its motion to dismiss is granted 22 ; 2. The Memorandum in Support of Defendant Siemens Medical Solutions USA, Inc.'s Motion to Dismiss Suit Under Rule 12(b)(l) for Lack of Standing or, in the Alternative, to Dismiss Indirect Infringement Claims Under Rule 12(b)(6) shall be deemed filed under seal, pursuant to Central District Local Rule 79-5.1; and 3. The Declaration of Sean M. McEldowney in Support of Defendant Siemens Medical Solutions USA, Inc.'s Motion to Dismiss Suit Under Rule 12(b)(l) for Lack of Standing or, in the Alternative, to Dismiss Indirect Infringement Claims Under Rule 12(b)(6), and exhibits thereto, shall be deemed filed under seal, pursuant to Central District Local Rule 79-5.1. (lom) Modified on 5/17/2010 (lom). (Entered: 05/17/2010) |

| 05/14/2010 | 25 | STIPULATION to Continue Motion to Dismiss from June 7, 2010 to June 21, 2010 Re: MOTION to Dismiss for Lack of Jurisdiction *Pursuant to Rule 12(b)(1)* MOTION to Dismiss Case *(Indirect Infringement Claims) Pursuant to Rule 12(b)(6)* MOTION to Dismiss for Lack of Jurisdiction *Pursuant to Rule 12(b)(1)* MOTION to Dismiss Case *(Indirect Infringement Claims) Pursuant to Rule 12(b)(6)* 20 filed by Plaintiffs Aaron G. Filler, M.D., Ph.D. A Professional Corporation, Center for Advanced Spinal Neurosurgery Medical Group Inc., Image-Based Surgicenter Corporation, NeuroGrafix, Neurography Institute Medical Associates, Inc.. (Attachments: # 1 Proposed Order) (Beeman, Arthur) (Entered: 05/14/2010) |
| 05/19/2010 | 27 | ORDER Granting Stipulation Revising Briefing Schedule and Continuing hearing 25 by Judge Mariana R. Pfaelzer. The Court hereby revises the briefing schedule and continues the hearing on the motion to dismiss 20 filed by Defendant on May 7, 2010 as follows: Plaintiffs' opposition brief due: May 24, 2010; Defendant's reply brief due: June 7, 2010; and Hearing date: June 21, 2010. (lom) (Entered: 05/20/2010) |
| 05/24/2010 | 28 | NOTICE of Manual Filing filed by Plaintiffs Aaron G. Filler, M.D., Ph.D. A Professional Corporation, Center for Advanced Spinal Neurosurgery Medical Group Inc., Image-Based Surgicenter Corporation, NeuroGrafix, Neurography Institute Medical Associates, Inc. of Application to File Under Seal and Opposition to Motion to Dismiss. (Beeman, Arthur) (Entered: 05/24/2010) |
| 05/24/2010 | 29 | NOTICE OF LODGING filed re Notice of Manual Filing (G-92), Notice of Manual Filing (G-92) 28 , MOTION to Dismiss for Lack of Jurisdiction *Pursuant to Rule 12(b)(1)* MOTION to Dismiss Case *(Indirect Infringement Claims) Pursuant to Rule 12(b)(6)* MOTION to Dismiss for Lack of Jurisdiction *Pursuant to Rule 12(b)(1)* MOTION to Dismiss Case *(Indirect Infringement Claims) Pursuant to Rule 12(b)(6)* 20 (Attachments: # 1 Proposed Order Denying Siemens Medical Solutions USA, Inc.'s Motion to Dismiss)(Beeman, Arthur) (Entered: 05/24/2010) |
| 05/24/2010 | 30 | CERTIFICATE OF SERVICE filed by Plaintiffs Aaron G. Filler, M.D., Ph.D. A Professional Corporation, Center for Advanced Spinal Neurosurgery Medical Group Inc., Image-Based Surgicenter Corporation, NeuroGrafix, Neurography Institute Medical Associates, Inc., served on May 24, 2010. (Beeman, Arthur) (Entered: 05/24/2010) |
| 05/24/2010 | 31 | APPLICATION to File Plaintiff's Memorandum in Opposition to Defendant Siemens Medical Solutions USA, Inc's Motion to Dismiss filed by Plaintiffs Aaron G. Filler, M.D., Ph.D. A Professional Corporation, Center for Advanced Spinal Neurosurgery Medical Group Inc., Image-Based Surgicenter Corporation, NeuroGrafix, Neurography Institute Medical Associates, Inc. Lodged [Prop] Order. (lom) (Entered: 05/25/2010) |
| 05/25/2010 | 32 | ORDER by Judge Mariana R. Pfaelzer: granting 31 Plaintiffs' Application for leave to file Memorandum in Opposition to Defendant Siemens Medical Solutions USA, Inc.'s Motion to Dismiss under seal. The Memorandum in Opposition to Defendant Siemens Medical Solutions USA, Inc.'s Motion to Dismiss shall be deemed filed under seal, pursuant to Central District Local Rule 79-5.1. (lom) (Entered: 05/26/2010) |
| 05/25/2010 | 33 | SEALED DOCUMENT- Plaintiffs' Memorandum in Opposition to Defendant Siemens Medical Solutions USA, Inc.'s Motion to Dismiss. (mat) (Entered: 05/26/2010) |
| 06/02/2010 | 34 | NOTICE of Decision: Recent Federal Circuit Authority filed by Plaintiffs Aaron G. Filler, M.D., Ph.D. A Professional Corporation, Center for Advanced Spinal Neurosurgery Medical Group Inc., Image-Based Surgicenter Corporation, NeuroGrafix, Neurography Institute Medical Associates, Inc.. (Beeman, Arthur) (Entered: 06/02/2010) |
| 06/07/2010 | 35 | NOTICE of Manual Filing filed by Defendant Siemens Medical Solutions USA, Inc. of Reply in Support of Motionto Dismiss, Declarationof Sean M. McEldowney and Exhibits Thereto, and Application and Proposed Order to File Under Seal. (McEldowney, Sean) (Entered: 06/07/2010) |
| 06/07/2010 | 36 | APPLICATION to File Under Seal: 1. Reply Memorandum in Further Support of Defendant Siemens Medical Solutions USA, Inc.'s Motion to Dismiss Suit Under Rule 12(b)(1) for Lack of Standing or, in the Alternative, to Dismiss Indirect Infringement Claims Under Rule 12(b)(6); and 2. Declaration of Sean M. McEldowney in Further Support of Defendant Siemens Medical Solutions USA, Inc.'s Motion to Dismiss Suit Under Rule 12(b)(1) for Lack of Standing or, in the Alternative, |

| | | |
|---|---|---|
| | | to Dismiss Indirect Infringement Claims Under Rule 12(b)(6) and Exhibits thereto filed by Defendant Siemens Medical Solutions USA, Inc. Lodged [Prop] Order. (lom) (Entered: 06/08/2010) |
| 06/08/2010 | 37 | MINUTES IN CHAMBERS by Judge Mariana R. Pfaelzer. The Court ORDERS Plaintiffs to submit a surreply brief of no more than three (3) pages on the issue of whether NeuroGrafix's field-of-use sublicenses hold overlapping rights under U.S. Patent No. 5,560,360. The surreply brief is due no later than Monday, June 14, 2010. (lom) (Entered: 06/09/2010) |
| 06/09/2010 | 38 | ORDER by Judge Mariana R. Pfaelzer: 1. Defendant Siemens Medical Solutions USA, Inc.'s Application for Leave to File Under Seal Its Reply Memorandum in Further Support of Its Motion to Dismiss and Declaration of Sean M. McEldowney in Further Support of its motion to dismiss is granted; 2. The Reply Memorandum in Further Support of Defendant Siemens Medical Solutions USA, Inc.' s Motion to Dismiss Suit Under Rule 12(b)(1) for Lack of Standing Of, in the Alternative, to Dismiss Indirect Infringement Claims Under Rule 12(b)(6) shall be deemed filed under seal, pursuant to Central District Local Rule 79-5.1; and 3. The Declaration of Sean M. McEldowney in Further Support of Defendant Siemens Medical Solutions USA, Inc.'s Motion to Dismiss Suit Under Rule 12(b)(1) for Lack of Standing or, in the Alternative, to Dismiss Indirect Infringement Claims Under Rule 12(b)(6), and exhibits thereto, shall be deemed filed under seal, pursuant to Central District Local Rule 79-5.1. (lom) (Entered: 06/11/2010) |
| 06/09/2010 | 39 | SEALED DOCUMENT - REPLY IN FURTHER SUPPORT OF DEFENDANT SIEMENS MEDICAL SOLUTIONS USA, INC.'S MOTION to Dismiss Under Rule 12(b)(1) for Lack of Standing or in the Alternative, to Dismiss Infringement Claims Under Rule 12(b)(6)(lra) (Entered: 06/11/2010) |
| 06/09/2010 | 40 | SEALED DOCUMENT- Declaration of Sean M. Mceldowney in Further Support of Defendant Siemens Medical Solutions USA, Inc.'s Motion to Dismiss Suit Under Rule 12(b)(1) for Lack of Standing or, In the Alternative, to Dismiss Indirect Infringement Claims Under Rule 12(b) (6). (Attachments: Part 2)(mat) (Entered: 06/14/2010) |
| 06/14/2010 | 41 | NOTICE of Manual Filing filed by Plaintiffs Aaron G. Filler, M.D., Ph.D. A Professional Corporation, Center for Advanced Spinal Neurosurgery Medical Group Inc., Image-Based Surgicenter Corporation, NeuroGrafix, Neurography Institute Medical Associates, Inc. of (1) Sur-Reply in Support of Plaintiffs' Opposition to Defendant Siemens' Medical Solutions USA, Inc.'s Motion to Dismiss; (2) Application to File Under Seal and Proposed Order. (Beeman, Arthur) (Entered: 06/14/2010) |
| 06/14/2010 | 42 | APPLICATION for Leave to file under seal the Sur-reply in support of Plaintiffs' Opposition to Defendant Siemens Medical Solutions USA, Inc's Motion to Dismiss filed by Plaintiffs Aaron G. Filler, M.D., Ph.D. A Professional Corporation, Center for Advanced Spinal Neurosurgery Medical Group Inc., Image-Based Surgicenter Corporation, NeuroGrafix, Neurography Institute Medical Associates, Inc. Lodged [Prop] Order. (lom) (Entered: 06/16/2010) |
| 06/15/2010 | 43 | ORDER by Judge Mariana R. Pfaelzer: granting 42 Application for Leave to file the sur-reply in support of Plaintiffs' Opposition to Defendant Siemens Medical Solutions USA, Inc's Motion to Dismiss for Leave. The Sur-reply in Support of Plaintiffs' Opposition to Defendant Siemens Medical Solutions USA, Inc.' s Motion to Dismiss shall be deemed filed under seal, pursuant to Central District Local Rule 79-5.1. (lom) (Entered: 06/16/2010) |
| 06/15/2010 | 44 | SEALED DOCUMENT- Sur-Reply in Support of Plaintiffs' Opposition to Defendant Siemens Medical Solutions USA, Inc.'s Motion to Dismiss.(mat) (Entered: 06/16/2010) |
| 06/16/2010 | 45 | MINUTES ( IN CHAMBERS) by Judge Mariana R. Pfaelzer. The Court on its own motion continues the hearing on defendants' motion to dismiss 20 , set for Monday, June 21, 2010 at 11:00 a.m. to Wednesday, June 23, 2010 at 11:00 a.m. (lom) (Entered: 06/17/2010) |
| 06/23/2010 | 46 | MINUTES OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6) FOR LACK OF STANDING, OR IN THE ALTERNATIVE, TO DISMISS INDIRECT INFRINGEMENT CLAIMS UNDER RULE 12 (b)(6) (fld 5/76/10) Held and Completed before Judge Mariana R. Pfaelzer. The Court takes the motion 20 under submission and its order will follow. Court Reporter: Cindy Nirenberg. (lom) (Entered: 06/24/2010) |
| | | |

| 06/30/2010 | 47 | ORDER REGARDING MOTION TO DISMISS 21 by Judge Mariana R. Pfaelzer. The Court GRANTS Defendants' motion to dismiss with respect to Plaintiff Neurografix WITH LEAVE TO AMEND. For the reasons set forth above, the Court GRANTS Defendants' motion to dismiss with respect to Plaintiffs IBSC, INM, CASN, and NIMA WITH PREJUDICE. Neurografix may file an amended complaint no later than thirty (30) days from the date of this Order. (lom) (Entered: 07/01/2010) |
|---|---|---|
| 07/13/2010 | 48 | ORDER by Judge Mariana R. Pfaelzer, granting defendants' MOTION to Dismiss 20 with respect to Plaintiff Neurografix WITH LEAVE TO AMEND. For the reasons set forth above, the Court GRANTS Defendants motion to dismiss with respect to Plaintiffs IBSC, INM, CASN, and NIMA WITH PREJUDICE. Neurografix may file an amended complaint no later than thirty (30) days from the date of this Order. (lom) (Entered: 07/14/2010) |
| 07/19/2010 | 57 | MINUTES (IN CHAMBERS) by Judge Mariana R. Pfaelzer. The Court's Order regarding Defendants' Motion to Dismiss dated June 30, 2010 47 was mistakenly reissued on July 13, 2010 48 . The Court ORDERS the parties to ignore the reissued Order dated July 13, 2010. It remains the Order of the Court that Neurografix has no more than thirty (30) days from the date of the June 30, 2010 Order to file an amended complaint. (lom) (Entered: 08/05/2010) |
| 07/29/2010 | 49 | TRANSCRIPT for proceedings held on n. Court Reporter: Cindy Nirenberg, www.cindynirenberg.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through the court reporter or PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 8/19/2010. Redacted Transcript Deadline set for 8/29/2010. Release of Transcript Restriction set for 10/27/2010. (Nirenberg, Cindy) (Entered: 07/29/2010) |
| 07/29/2010 | 50 | NOTICE OF CLERICAL ERROR: Due to clerical error Re: Transcript (CV), Transcript (CV), Transcript (CV) 49 (Nirenberg, Cindy) (Entered: 07/29/2010) |
| 07/29/2010 | 51 | NOTICE OF CLERICAL ERROR: Due to clerical error (Nirenberg, Cindy) (Entered: 07/29/2010) |
| 07/29/2010 | 52 | NOTICE OF FILING TRANSCRIPT filed for proceedings 6/23/10 11:00 am (Nirenberg, Cindy) (Entered: 07/29/2010) |
| 07/30/2010 | 53 | NOTICE OF MOTION AND MOTION for Reconsideration re Order, 48 , Order on Motion to Dismiss/Lack of Jurisdiction, Order on Motion to Dismiss Case,, 47 filed by Plaintiffs Aaron G. Filler, M.D., Ph.D. A Professional Corporation, Center for Advanced Spinal Neurosurgery Medical Group Inc., Image-Based Surgicenter Corporation, NeuroGrafix, Neurography Institute Medical Associates, Inc.. Motion set for hearing on 8/30/2010 at 11:00 AM before Judge Mariana R. Pfaelzer. (Beeman, Arthur) (Entered: 07/30/2010) |
| 07/30/2010 | 54 | MEMORANDUM in Support of MOTION for Reconsideration re Order, 48 , Order on Motion to Dismiss/Lack of Jurisdiction, Order on Motion to Dismiss Case,, 47 MOTION for Reconsideration re Order, 48 , Order on Motion to Dismiss/Lack of Jurisdiction, Order on Motion to Dismiss Case,, 47 53 filed by Plaintiffs Aaron G. Filler, M.D., Ph.D. A Professional Corporation, Center for Advanced Spinal Neurosurgery Medical Group Inc., Image-Based Surgicenter Corporation, NeuroGrafix, Neurography Institute Medical Associates, Inc.. (Beeman, Arthur) (Entered: 07/30/2010) |
| 07/30/2010 | 55 | NOTICE OF LODGING filed of [Proposed] Order re Memorandum in Support of Motion,, 54 , MOTION for Reconsideration re Order, 48 , Order on Motion to Dismiss/Lack of Jurisdiction, Order on Motion to Dismiss Case,, 47 MOTION for Reconsideration re Order, 48 , Order on Motion to Dismiss/Lack of Jurisdiction, Order on Motion to Dismiss Case,, 47 53 (Attachments: # 1 Proposed Order Granting Plaintiffs' Motion for Reconsideration or Orders Dismissing Plaintiffs IBSC and NIMA)(Beeman, Arthur) (Entered: 07/30/2010) |
| 07/30/2010 | 56 | AMENDED DOCUMENT filed by Plaintiff NeuroGrafix. Amendment to Summons Issued First Amended Complaint (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Beeman, Arthur) (Entered: 07/30/2010) |
| 08/06/2010 | 58 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Amended |

| | | |
|---|---|---|
| | | Document (Non-Motion) 56 . The following error(s) was found: L.R. 3-2 Filing of Initiating Documents. Complaints and other initiating documents in civil cases shall be filed in the traditional manner on paper rather than electronically. Please manually filed First Amended Complaint. In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. You need not take any action in response to this notice unless and until the court directs you to do so. (lom) (Entered: 08/06/2010) |
| 08/09/2010 | 59 | NOTICE of Manual Filing filed by Plaintiff NeuroGrafix of 1. First Amended Complaint; 2. Corporate Disclosure Statement of Washington Research Foundation; 3. Certificate of Interested Parties of Washington Research Foundation. (Beeman, Arthur) (Entered: 08/09/2010) |
| 08/09/2010 | 60 | MEMORANDUM in Opposition to MOTION for Reconsideration re Order, 48 , Order on Motion to Dismiss/Lack of Jurisdiction, Order on Motion to Dismiss Case,, 47 MOTION for Reconsideration re Order, 48 , Order on Motion to Dismiss/Lack of Jurisdiction, Order on Motion to Dismiss Case,, 47 53 filed by Defendant Siemens Medical Solutions USA, Inc.. (McEldowney, Sean) (Entered: 08/09/2010) |
| 08/09/2010 | 61 | FIRST AMENDED COMPLAINT against Defendants Siemens Medical Solutions USA, Inc. and Siemens Aktiengesellschaft; Party Image-Based Surgicenter Corporation, Neurography Institute Medical Associates, Inc., Aaron G. Filler, M.D., Ph.D. A Professional Corporation and Center for Advanced Spinal Neurosurgery Medical Group Inc. terminated; amending Complaint 1 ; with Jury Demand filed by Plaintiffs NeuroGrafix and Washington Research Foundation. (gk) (shb). (Entered: 08/10/2010) |
| 08/09/2010 | | 21-Day Summons Issued re First Amended Complaint 61 as to Defendants Siemens Medical Solutions USA, Inc. and Siemens Aktiengesellschaft. (gk) (Entered: 08/10/2010) |
| 08/09/2010 | 62 | CORPORATE DISCLOSURE filed by Plaintiff Washington Research Foundation (shb) (Entered: 08/10/2010) |
| 08/09/2010 | 63 | CERTIFICATION and NOTICE of Interested Parties filed by Plaintiff Washington Research Foundation, (shb) (Entered: 08/10/2010) |
| 08/09/2010 | 64 | CORPORATE DISCLOSURE STATEMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 7.1 re University of Washington filed by Plaintiff Washington Research Foundation (shb) (Entered: 08/11/2010) |
| 08/09/2010 | 65 | CERTIFICATION and NOTICE of Interested Parties filed by Plaintiff Washington Research Foundation, identifying Other Affiliate University of Washington for Washington Research Foundation. (shb) (Entered: 08/11/2010) |
| 08/13/2010 | 66 | PROOF OF SERVICE Executed by Plaintiff Washington Research Foundation, NeuroGrafix, upon Defendant Siemens Medical Solutions USA, Inc. served on 8/11/2010, answer due 9/1/2010. Service of the Summons and Complaint were executed upon Maria Sanchez, Process Specialist, CT Corporation, Registered Agent in compliance with Federal Rules of Civil Procedure by service on a domestic corporation, unincorporated association, or public entity. Original Summons NOT returned. (Beeman, Arthur) (Entered: 08/13/2010) |
| 08/16/2010 | 67 | NOTICE of Manual Filing filed by Plaintiffs Aaron G. Filler, M.D., Ph.D. A Professional Corporation, Center for Advanced Spinal Neurosurgery Medical Group Inc., Image-Based Surgicenter Corporation, NeuroGrafix, Neurography Institute Medical Associates, Inc. of Application to File Under Seal; Declaration of Arthur S. Beeman in Support of Plaintiffs' Motion for Reconsideration of Orders Dismissing Plaintiffs IBSC and NIMA; and [Proposed] Order Granting Application to File Under Seal Declaration of Arthur S. Beeman in Support of Plaintiffs Motion for Reconsideration of Order Dismissing IBSC and NIMA. (Beeman, Arthur) (Entered: 08/16/2010) |
| 08/16/2010 | 68 | MEMORANDUM in Support of MOTION for Reconsideration re Order, 48 , Order on Motion to Dismiss/Lack of Jurisdiction, Order on Motion to Dismiss Case,, 47 MOTION for Reconsideration re Order, 48 , Order on Motion to Dismiss/Lack of Jurisdiction, Order on Motion to Dismiss Case,, 47 53 *Reply Memorandum in Support of Motion for Reconsideration of Orders Dismissing Plaintiffs* |

| | | |
|---|---|---|
| | | *IBSC and NIMA* filed by Plaintiffs Aaron G. Filler, M.D., Ph.D. A Professional Corporation, Center for Advanced Spinal Neurosurgery Medical Group Inc., Image-Based Surgicenter Corporation, NeuroGrafix, Neurography Institute Medical Associates, Inc.. (Beeman, Arthur) (Entered: 08/16/2010) |
| 08/16/2010 | 69 | APPLICATION for attorney David T. McDonald to Appear Pro Hac Vice (PHV Fee of $275 receipt number 0973-7386509 paid.) filed by Plaintiff Washington Research Foundation. (Attachments: # 1 Exhibit Attachment 1, # 2 Exhibit Certificate of Good Standing, # 3 Proposed Order)(Gunning, Bradley) (Entered: 08/16/2010) |
| 08/16/2010 | 70 | APPLICATION to file under seal: Declaration of Arthur S. Beeman in Support of Plaintiffs' Motion for Reconsideration of Orders Dismissing Plaintiffs IBSC and NIMA filed by Plaintiffs NeuroGrafix, et al. Lodged [Prop] Order. (lom) (Entered: 08/18/2010) |
| 08/18/2010 | 71 | ORDER by Judge Mariana R. Pfaelzer: granting 69 Application to Appear Pro Hac Vice by Attorney David T. McDonald on behalf of Plaintiff Washington Research Foundation, designating Paul W. Sweeney as local counsel. (Fee Paid 8/16/10) (lom) (Entered: 08/19/2010) |
| 08/19/2010 | 73 | SEALED DOCUMENT- Declaration of Arthur S. Beeman in Support of Plaintiffs' Motion for Reconsideration of Orders Dismissing Plaintiffs IBSC and NIMA. (mat) (Entered: 08/25/2010) |
| 08/19/2010 | 74 | ORDER by Judge Mariana R. Pfaelzer: granting 70 Plaintiffs' Application to file under seal the Declaration of Arthur S. Beeman in Support of Plaintiff's, Motion for Reconsideration of Order Dismissing Plaintiffs IBSC and NIMA is granted. The Declaration of Arthur S. Beeman in Support of Plaintiffs' Motion for Reconsideration of Order Dismissing Plaintiffs IBSC and NlMA shall be deemed filed under seal, pursuant to Central District Local Rule 79-5.1. (lom) (Entered: 08/26/2010) |
| 08/20/2010 | 72 | MINUTES IN CHAMBERS by Judge Mariana R. Pfaelzer. the Court DENIES Plaintiffs' Motion for Reconsideration 53 of Orders Dismissing Plaintiffs IBSC and NIMA. The hearing scheduled for the Motion for Reconsideration is VACATED. (Refer to attached document for details.) (lom) (Entered: 08/23/2010) |
| 09/01/2010 | 75 | NOTICE of Manual Filing filed by Defendant Siemens Medical Solutions USA, Inc. of Siemens Medical Solutions USA, Inc.'s Answer, Affirmative Defenses, and Counterclaims. (McEldowney, Sean) (Entered: 09/01/2010) |
| 09/01/2010 | 77 | ANSWER to First Amended Complaint, 61 AND COUNTERCLAIMS; Jury Trial Demanded against NeuroGrafix, Washington Research Foundation filed by Defendant Siemens Medical Solutions USA, Inc. (lom) (lom). (Additional attachment(s) added on 9/3/2010: # 1 Summons) (lom). (Entered: 09/02/2010) |
| 09/02/2010 | 76 | NOTICE of Manual Filing filed by Defendant Siemens Medical Solutions USA, Inc. of Siemens Medical Solutions USA, Inc.'s Corrected Answer, Affirmative Defenses, and Counterclaims. (McEldowney, Sean) (Entered: 09/02/2010) |
| 09/02/2010 | 78 | AMENDED ANSWER to First Amended Complaint, and Counterclaims 77 filed by Defendant Siemens Medical Solutions USA, Inc.(lom) (Entered: 09/03/2010) |
| 09/07/2010 | 79 | PROOF OF SERVICE Executed by Counterclaim-Plaintiff Siemens Medical Solutions USA, Inc., upon Counterclaim-Defendant NeuroGrafix served on 9/3/2010, answer due 9/24/2010. Service of the Summons and Complaint were executed upon Arthur S. Beeman, Counsel of Record for NeuroGrafix in compliance with Federal Rules of Civil Procedure by method of service not specified. Original Summons returned. (McEldowney, Sean) (Entered: 09/07/2010) |
| 09/07/2010 | 80 | MINUTES IN CHAMBERS by Judge Mariana R. Pfaelzer. Pursuant to F.R.Civ.P. 16(b), an Initial Case Management Conference is set in this matter for Monday, November 1, 2010, at 11:00 a.m. The parties are reminded of their obligations to disclose information, confer on a discovery plan, and report to the Court, as required by F.R.Civ.P. 26 and the Local Rules of this Court. Trial counsel are ORDERED to be present. (See attached document for other requirements.) (lom) (Entered: 09/08/2010) |
| 09/27/2010 | 81 | PROOF OF SERVICE Executed by Counterclaim Plaintiff Siemens Medical Solutions USA, Inc., |

| | | |
|---|---|---|
| | | upon Counterclaim Defendant Washington Research Foundation served on 9/16/2010, answer due 10/7/2010. Service of the Summons and Complaint were executed upon Jeff Eby, Chief Financial Officer in compliance with Federal Rules of Civil Procedure by service on a domestic corporation, unincorporated association, or public entity. Original Summons NOT returned. (McEldowney, Sean) (Entered: 09/27/2010) |
| 09/27/2010 | 82 | ANSWER to Answer to Complaint (Discovery), Counterclaim, Answer to Complaint (Discovery), 77 filed by Plaintiffs NeuroGrafix, Washington Research Foundation.(Beeman, Arthur) (Entered: 09/27/2010) |
| 10/12/2010 | 83 | PROOF OF SERVICE Executed by Plaintiff NeuroGrafix, upon Defendant Siemens Aktiengesellschaft served on 9/23/2010, answer due 10/14/2010. Service of the Summons and Complaint were executed upon Sean McEldowney, Counsel in compliance with Federal Rules of Civil Procedure by method of service not specified. Original Summons NOT returned. (Beeman, Arthur) (Entered: 10/12/2010) |
| 10/18/2010 | 84 | NOTICE of Manual Filing filed by Defendant Siemens Aktiengesellschaft of Siemens Aktiengesellschaft's Answer, Affirmative Defenses, and Counterclaims. (McEldowney, Sean) (Entered: 10/18/2010) |
| 10/21/2010 | 85 | ANSWER to Amended Complaint, 61 and Affirmative Defenses, filed by Defendant Siemens Aktiengesellschaft.(McEldowney, Sean) (Entered: 10/21/2010) |
| 10/22/2010 | 86 | NOTICE OF ERRATA filed by Defendant Siemens Aktiengesellschaft. correcting Notice of Manual Filing (G-92) 84 (McEldowney, Sean) (Entered: 10/22/2010) |
| 10/25/2010 | 87 | JOINT REPORT Rule 26(f) Discovery Plan and Parties' Joint Initial Case Management Conference Statement ; estimated length of trial 10 - 14 court days, filed by Plaintiff NeuroGrafix.. (Attachments: # 1 Exhibit A)(Beeman, Arthur) (Entered: 10/25/2010) |
| 10/26/2010 | 88 | STIPULATED PROTECTIVE ORDER by Judge Mariana R. Pfaelzer. (lom) (Entered: 10/28/2010) |
| 11/01/2010 | 90 | MINUTES: Proceedings: SCHEDULING CONFERENCE (held and completed) before Judge Mariana R. Pfaelzer: The Court orders counsel to prepare and submit a proposed order with new dates by 11/5/2010. Court Reporter: Margaret Babykin. (jp) (Entered: 11/05/2010) |
| 11/03/2010 | 89 | MINUTE IN CHAMBERS by Judge Mariana R. Pfaelzer: The Court ORDERS Plaintiffs to file a copy of their infringement contentions with the Court no later than 11/16/2010. The Court ORDERS Defendants to file a copy of their invalidity contentions with the Court no later than 1/3/2011. (jp) (Entered: 11/03/2010) |
| 11/05/2010 | 91 | JOINT REPORT of Case Management Conference Statement and Rule 26(f) Report filed by Defendants Siemens Aktiengesellschaft, Siemens Medical Solutions USA, Inc., Counter Claimant Siemens Medical Solutions USA, Inc.. (McEldowney, Sean) (Entered: 11/05/2010) |
| 11/09/2010 | 92 | MINUTES IN CHAMBERS by Judge Mariana R. Pfaelzer. The Court adopts the plaintiffs' proposed dates for the deadlines set forth in the parties' revised Rule 26(f) report 91 . (lom) (Entered: 11/09/2010) |
| 11/12/2010 | 93 | REQUEST to Substitute attorney Russ August & Kabat: Marc A. Fenster, Bruce D. Kuyper, Alexander C.D. Giza, Andrew D. Weiss in place of attorney Jones Day: Arthur S. Beeman, Pamela K. Fulmer, Brett A. Lovejoy, Brent D. Sokol, Noel Rodriguez, Matthew J. Silveira filed by Plaintiff and Counterdefendant NeuroGrafix. (Attachments: # 1 Proposed Order On Request for Approval of Substitution of Attorneys)(Beeman, Arthur) (Entered: 11/12/2010) |
| 11/19/2010 | 94 | ORDER by Judge Mariana R. Pfaelzer granting Request for Approval of Substitution of Attornes Marc A Fenster, Bruce D Kuyper, Alexander C D Giza, Andrew David Weiss for NeuroGrafi in place and stead of Brett Alan Lovejoy; Noel Rodriguez; Matthew J Silveira; Brent D Sokol; Arthur S Beeman and Pamela K Fulmer 93 . (jp) (Entered: 11/22/2010) |
| 01/03/2011 | 95 | DISCLOSURE of Invalidity Contentions filed by Defendants Siemens Aktiengesellschaft, Siemens Medical Solutions USA, Inc. (Attachments: # 1 Exhibit Exhibit A of Invalidity Contentions, # 2 Exhibit Exhibit B of Invalidity Contentions, # 3 Exhibit Exhibit A-1 of Invalidity Contentions, # 4 |

| | | |
|---|---|---|
| | | Exhibit Exhibit A-2 of Invalidity Contentions, # 5 Exhibit Exhibit A-3 of Invalidity Contentions, # 6 Exhibit Exhibit A-4 of Invalidity Contentions, # 7 Exhibit Exhibit A-5 of Invalidity Contentions, # 8 Exhibit Exhibit A-6 of Invalidity Contentions, # 9 Exhibit Exhibit A-7 of Invalidity Contentions, # 10 Exhibit Exhibit A-8 of Invalidity Contentions, # 11 Exhibit Exhibit A-9 of Invalidity Contentions, # 12 Exhibit Exhibit A-10 of Invalidity Contentions, # 13 Exhibit Exhibit A-11 of Invalidity Contentions, # 14 Exhibit Exhibit A-12 of Invalidity Contentions, # 15 Exhibit Exhibit A-13 of Invalidity Contentions, # 16 Exhibit Exhibit A-14 of Invalidity Contentions)(McEldowney, Sean) (Entered: 01/03/2011) |
| 01/07/2011 | 96 | NOTICE OF COMPLIANCE filed by Plaintiff NeuroGrafix. (Weiss, Andrew) (Entered: 01/07/2011) |
| 01/11/2011 | 97 | NOTICE Notice of Errata From November 1, 2010 Initial Status Conference filed by Plaintiff NeuroGrafix. (Fenster, Marc) (Entered: 01/11/2011) |
| 01/11/2011 | 98 | Defendants' Supplement to Plaintiff's Notice of Errata filed by Defendants Siemens Aktiengesellschaft, Siemens Medical Solutions USA, Inc. (McEldowney, Sean) (Entered: 01/11/2011) |
| 02/02/2011 | 99 | Joint Claim Construction And Prehearing Statement filed by Plaintiff NeuroGrafix (Attachments: # 1 Exhibit to Joint Claim Construction and Prehearing Statement)(Weiss, Andrew) (Entered: 02/02/2011) |
| 02/11/2011 | 100 | NOTICE of Manual Filing filed by Plaintiff NeuroGrafix of JOINT APPENDIX CONTAINING FILE HISTORY OF PATENT-IN-SUIT FOR CLAIM CONSTRUCTION BRIEFING. (Weiss, Andrew) (Entered: 02/11/2011) |
| 02/11/2011 | 101 | NOTICE OF MOTION AND Joint MOTION to Exceed Page Limitation Claim Construction Brief and responsive brief filed by Plaintiff NeuroGrafix. (Weiss, Andrew) (Entered: 02/11/2011) |
| 02/11/2011 | 102 | NOTICE OF LODGING filed *JOINT APPENDIX OF FILE HISTORY OF PATENT-IN-SUIT FOR CLAIM CONSTRUCTION BRIEFING* re Notice of Manual Filing (G-92) 100 (Weiss, Andrew) (Entered: 02/11/2011) |
| 02/11/2011 | 103 | BRIEF filed by Plaintiffs NeuroGrafix. *Opening Claim Construction Brief* (Attachments: # 1 Affidavit of Andrew D. Weiss, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M, # 15 Exhibit N)(Weiss, Andrew) (Entered: 02/11/2011) |
| 02/14/2011 | 104 | PROPOSED] ORDER GRANTING MOTION TO FILE BRIEFS NOT TO EXCEED 35 PAGES re Joint MOTION to Exceed Page Limitation Claim Construction Brief and responsive brief 101 filed by Plaintiff NeuroGrafix. (Weiss, Andrew) (Entered: 02/14/2011) |
| 02/22/2011 | 105 | ORDER by Judge Mariana R. Pfaelzer: granting 101 Motion for Leave to File Excess Pages. It is ORDERED as follows: Plaintiffs NEUROGRAFIX and WASHINGTON RESEARCH FOUNDATION may file an opening Claim Construction Brief with a page limit of 35 pages, and Defendants SIEMENS MEDICAL SOLUTIONS USA, INC. and SIEMENS AKTIENGESELLSCHAFT may file a responsive brief with a page limit of 35 pages. (lom) (Entered: 02/23/2011) |
| 02/25/2011 | 106 | *Rersponsive Claim Construction Brief* re: Brief (non-motion non-appeal), Brief (non-motion non-appeal) 103 (Attachments: # 1 Declaration of Sean M. McEldowney, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16, # 18 Exhibit 17, # 19 Exhibit 18, # 20 Exhibit 19)(McEldowney, Sean) (Entered: 02/25/2011) |
| 03/08/2011 | 107 | REPLY filed by Plaintiff NeuroGrafix to Brief (non-motion non-appeal), Brief (non-motion non-appeal) 103 *Plaintiffs' Reply Claim Construction Brief* (Attachments: # 1 Supplemental Weiss Decl., # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H)(Weiss, Andrew) (Entered: 03/08/2011) |
| 03/17/2011 | 108 | REPLY filed by Defendants Siemens Aktiengesellschaft, Siemens Medical Solutions USA, Inc., |

Counter Claimant Siemens Medical Solutions USA, Inc. to Brief (non-motion non-appeal), Brief (non-motion non-appeal) 105 (Attachments: # 1 Declaration Declaration of Sean M. McEldowney in Support of Siemens' Sur-Reply Brief, # 2 Exhibit Exhibit 20, # 3 Exhibit Exhibit 21, # 4 Exhibit Exhibit 22, # 5 Exhibit Exhibit 23a, # 6 Exhibit Exhibit 23b, # 7 Exhibit Exhibit 24, # 8 Exhibit Exhibit 25, # 9 Exhibit Exhibit 26, # 10 Exhibit Exhibit 27, # 11 Exhibit Exhibit 28, # 12 Exhibit Exhibit 29, # 13 Exhibit Exhibit 30a, # 14 Exhibit Exhibit 30b, # 15 Exhibit Exhibit 31, # 16 Exhibit Exhibit 32, # 17 Exhibit Exhibit 33a, # 18 Exhibit Exhibit 33b, # 19 Exhibit Exhibit 33c, # 20 Exhibit Exhibit 34, # 21 Exhibit Exhibit 35, # 22 Exhibit Exhibit 36, # 23 Exhibit Exhibit 37, # 24 Exhibit Exhibit 38, # 25 Exhibit Exhibit 39, # 26 Exhibit Exhibit 40, # 27 Exhibit Exhibit 41a, # 28 Exhibit Exhibit 41b, # 29 Exhibit Exhibit 41c)(McEldowney, Sean) (Entered: 03/17/2011)

| Date | No. | Entry |
|---|---|---|
| 03/24/2011 | 109 | MINUTES OF MARKMAN HEARING held before Judge Mariana R. Pfaelzer. Court and counsel discuss the case, patents and terms at issue. The Court takes the matter under submission and its order will follow. Court Reporter: Sheri Kleeger. (lom) (Entered: 03/28/2011) |
| 03/28/2011 | 110 | NOTICE of Supplemental Authority in Response to New Argument Raised By Defendants during Markman Hearing filed by Plaintiff NeuroGrafix. (Weiss, Andrew) (Entered: 03/28/2011) |
| 03/30/2011 | 111 | REPLY filed by Defendants Siemens Aktiengesellschaft, Siemens Medical Solutions USA, Inc., Counter Claimant Siemens Medical Solutions USA, Inc. to Brief (non-motion non-appeal), Brief (non-motion non-appeal) 103 *Plaintiff NeuroGrafix's Notice of Supplemental Authority in Response to New Argument Raised by Defendants During Markman Hearing* (McEldowney, Sean) (Entered: 03/30/2011) |
| 04/06/2011 | 112 | NOTICE of Manual Filing filed by Plaintiff NeuroGrafix of Infringement Contentions Filed Under Seal. (Giza, Alexander) (Entered: 04/06/2011) |
| 04/06/2011 | 113 | SEALED DOCUMENT- Under Seal Plaintiff Neurografix's Infringement Contentions. (Attachments: Part 2, Part 3, Part 4, Part 5)(mat) (Entered: 04/08/2011) |
| 05/05/2011 | 114 | CLAIM CONSTRUCTION ORDER by Judge Mariana R. Pfaelzer. The Court declines to address the indefiniteness issue regarding conspicuity at this time. The Court presumes that the parties will wish to file motions for summary judgment at a later point. Accordingly, the Court will set a status conference to discuss the next steps in the case. (lom) (Entered: 05/06/2011) |
| 05/19/2011 | 115 | MINUTES IN CHAMBERS by Judge Mariana R. Pfaelzer. The Court on its own motion sets a Telephonic Status Conference Call for Thursday, May, 26, 2011, at 1:30 p.m. The "call-in" information will be provided to counsel in by e-mail. (lom) (Entered: 05/20/2011) |
| 05/26/2011 | 116 | MINUTES OF IN CHAMBERS - TELEPHONIC CONFERENCE CALL (held &completed) before Judge Mariana R. Pfaelzer. Court and counsel discuss the status of the case. The Court orders the parties to meet and confer, file a briefing schedule on or before Friday, June 3, 2011. Court Reporter: Mark Schweitzer. (lom) (Entered: 06/03/2011) |
| 06/03/2011 | 117 | Parites' Proposed Schedule For Post-Markman Issues filed by Plaintiff NeuroGrafix (Weiss, Andrew) (Entered: 06/03/2011) |
| 06/10/2011 | 118 | MINUTES IN CHAMBERS by Judge Mariana R. Pfaelzer. The Court adopts the parties' proposed schedule for post-Markman issues submitted on Friday, June 3, 2011, 117 . Siemens will file its summary judgment brief regarding invalidity on Friday, July 15, 2011. NeuroGrafix will file its opposition to the summary judgment regarding invalidity on Monday, August 8, 2011. Siemens will file its opening brief regarding the claim term "conspicuity of 1.1" on Wednesday, August 24, 2011. Siemens will file its reply brief to NeuroGrafix's opposition to summary judgment on Wednesday, August 31, 2011. NeuroGrafix will file its responsive brief regarding claim construction on Monday, September 12, 2011. Siemens will file its reply brief regarding claim construction on Thursday, September 22, 2011 at 2:00 p.m. PDT. No surreplies will be allowed. The parties are to contact the Courtroom Clerk to set a hearing date. (lom) (Entered: 06/13/2011) |
| 07/15/2011 | 119 | NOTICE OF MOTION AND MOTION for Partial Summary Judgment as to Invalidity Regarding Claims 3-5, 36, 37, 39-44, 46, 47, 49, 50, 55, 56, 58, 59, 61, and 62 in U.S. Patent No. 5,560,360 in Light of Claim Construction Order filed by Defendants Siemens Aktiengesellschaft, Siemens Medical Solutions USA, Inc.. (Attachments: # 1 Memorandum Memorandum in Support of |

| | | |
|---|---|---|
| | | Siemens' Motion for Partial Summary Judgment of Invalidity Regarding Claims 3-5, 36, 37, 39-44, 46, 47, 49, 50, 55, 56, 58, 59, 61, and 62 in U.S. Patent No. 5,560,360 in Light of Claim Construction Order)(McEldowney, Sean) (Entered: 07/15/2011) |
| 07/15/2011 | [120](#) | DECLARATION of Sean M. McEldowney In Support Of MOTION for Partial Summary Judgment as to Invalidity Regarding Claims 3-5, 36, 37, 39-44, 46, 47, 49, 50, 55, 56, 58, 59, 61, and 62 in U.S. Patent No. 5,560,360 in Light of Claim Construction Order [119](#) filed by Defendants Siemens Aktiengesellschaft, Siemens Medical Solutions USA, Inc., Counter Claimant Siemens Medical Solutions USA, Inc.. (Attachments: # [1](#) Exhibit 1 - J.V. Hajnal, et al., MR Imaging of Anistropically Restricted Diffusion of Water in the Nervous System: Technical, Anatomic, and Pathologic Considerations, 15 J. Computer Assisted Tomography 1 (1991), # [2](#) Exhibit 2 - Letter from Weiss to McEldowney, dated May 18, 2011, # [3](#) Exhibit 3 - Email from Weiss to McEldowney, dated May 24, 2011, # [4](#) Exhibit 4 - U.S. Patent No. 5,560,360, # [5](#) Exhibit 5 - Excerpts of Tabers Cyclopedic Medical Dictionary (1993), # [6](#) Exhibit 6 - Excerpts from Plaintiff NeuroGrafixs Disclosure of Asserted Claims and Infringement Contentions, dated November 10, 2010, # [7](#) Exhibit 7 - Excerpts from Filler deposition, dated February 22, 2011, # [8](#) Exhibit 8 - Excerpts from the Filler expert report, dated January 24, 2011, # [9](#) Exhibit 9 - Letter from McEldowney to Weiss, dated May 12, 2011)(McEldowney, Sean) (Entered: 07/15/2011) |
| 07/15/2011 | [121](#) | STATEMENT of of Uncontroverted Facts and Conclusions of Law MOTION for Partial Summary Judgment as to Invalidity Regarding Claims 3-5, 36, 37, 39-44, 46, 47, 49, 50, 55, 56, 58, 59, 61, and 62 in U.S. Patent No. 5,560,360 in Light of Claim Construction Order [119](#) filed by Defendants Siemens Aktiengesellschaft, Siemens Medical Solutions USA, Inc., Counter Claimant Siemens Medical Solutions USA, Inc.. (McEldowney, Sean) (Entered: 07/15/2011) |
| 07/15/2011 | [122](#) | NOTICE OF LODGING filed re MOTION for Partial Summary Judgment as to Invalidity Regarding Claims 3-5, 36, 37, 39-44, 46, 47, 49, 50, 55, 56, 58, 59, 61, and 62 in U.S. Patent No. 5,560,360 in Light of Claim Construction Order [119](#) (Attachments: # [1](#) Proposed Order Granting Siemens Motion for Partial Summary Judgment of Invalidity Regarding Claims 3-5, 36, 37, 39-44, 46, 47, 49, 50, 55, 56, 58, 59, 61, and 62 in U.S. Patent No. 5,560,360 in Light of Claim Construction Order)(McEldowney, Sean) (Entered: 07/15/2011) |
| 07/18/2011 | [123](#) | NOTICE of Change of Attorney Information for attorney Fredricka Ung counsel for Plaintiff NeuroGrafix. Filed by Plaintiff NeuroGrafix (Ung, Fredricka) (Entered: 07/18/2011) |
| 08/01/2011 | [124](#) | MINUTE: IN CHAMBERS: The Court on its own motion sets the hearing on Siemens Motion for Siemens Motion for Partial Summary Judgment of Invalidity Regarding Claims 3-5, 36, 37, 39-44, 46, 47, 49, 50, 55, 56, 58, 59, 61, and 62in U.S. Patent No. 5,560,360 in Light of Claim Construction Order (fld 7/15/2011) [119](#) for Wednesday, October 5, 2011, at 11:00 a.m. by Judge Mariana R. Pfaelzer. (ir) (Entered: 08/03/2011) |
| 08/08/2011 | [125](#) | PLAINTIFFS' OPPOSITION TO SIEMENS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF INVALIDITY REGARDING CLAIMS 3-5, 36, 37, 39-44, 46, 47, 49, 50, 55, 56, 58, 59, 61, AND 62 IN U.S. PATENT NO. 5,560,360 IN LIGHT OF CLAIM CONSTRUCTION ORDER re: MOTION for Partial Summary Judgment as to Invalidity Regarding Claims 3-5, 36, 37, 39-44, 46, 47, 49, 50, 55, 56, 58, 59, 61, and 62 in U.S. Patent No. 5,560,360 in Light of Claim Construction Order [119](#) filed by Plaintiff NeuroGrafix. (Attachments: # [1](#) Declaration OF MICHAEL N. BRANT-ZAWADZKI, # [2](#) Declaration ANDREW D. WEISS, # [3](#) Exhibit A)(Weiss, Andrew) (Entered: 08/08/2011) |
| 08/08/2011 | [126](#) | STATEMENT of PLAINTIFFS NEUROGRAFIX AND WASHINGTON RESEARCH FOUNDATION'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS AND RESPONSE TO SIEMENS' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF SIEMENS' MOTION FOR PARTIAL SUMMARY JUDGMENT MOTION for Partial Summary Judgment as to Invalidity Regarding Claims 3-5, 36, 37, 39-44, 46, 47, 49, 50, 55, 56, 58, 59, 61, and 62 in U.S. Patent No. 5,560,360 in Light of Claim Construction Order [119](#) filed by Plaintiff NeuroGrafix. (Weiss, Andrew) (Entered: 08/08/2011) |
| 08/08/2011 | [127](#) | NOTICE of Manual Filing filed by Plaintiff NeuroGrafix of EXHIBIT A TO DECLARATION OF ANDREW D. WEISS (DOCKET NO. 125). (Weiss, Andrew) (Entered: 08/08/2011) |
| | | |

| | | |
|---|---|---|
| 08/08/2011 | [128] | NOTICE OF MOTION AND MOTION for Reconsideration re Order, [114] filed by PLAINTIFF NeuroGrafix. Motion set for hearing on 9/12/2011 at 11:00 AM before Judge Mariana R. Pfaelzer. (Attachments: # [1] Memorandum MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION, # [2] Declaration ANDREW D. WEISS, # [3] Exhibit A, # [4] Proposed Order)(Weiss, Andrew) (Entered: 08/08/2011) |
| 08/09/2011 | [129] | EXHIBIT A to MOTION for Partial Summary Judgment as to Invalidity Regarding Claims 3-5, 36, 37, 39-44, 46, 47, 49, 50, 55, 56, 58, 59, 61, and 62 in U.S. Patent No. 5,560,360 in Light of Claim Construction Order [119] *EXHIBIT A TO DECLARATION OF DR. BRANT-ZAWADZKI (DOCKET NO. 125)* filed by Plaintiff NeuroGrafix. (Weiss, Andrew) (Entered: 08/09/2011) |
| 08/09/2011 | [130] | EXHIBIT A to MOTION for Reconsideration re Order, [114] MOTION for Reconsideration re Order, [114] [128] *EXHIBIT A TO DECLARATION OF ANDREW D. WEISS (DOCKET NO. 125)* filed by Plaintiff NeuroGrafix. (Weiss, Andrew) (Entered: 08/09/2011) |
| 08/09/2011 | [131] | NOTICE OF ERRATA filed by Plaintiff NeuroGrafix. *PLAINTIFF NEUROGRAFIX'S NOTICE OF ERRATA TO PLAINTIFFS' OPPOSITION TO SIEMENS' MOTION FOR PARTIAL SUMMARY JUDGMENT (DOCKET NO. 125)* (Weiss, Andrew) (Entered: 08/09/2011) |
| 08/09/2011 | [132] | EXHIBIT Filed filed by Plaintiff NeuroGrafix. *EXHIBIT A TO DECLARTION OF ANDREW WEISS (DOCKET NO. 125)* as to Objection/Opposition (Motion related), Objection/Opposition (Motion related), Objection/Opposition (Motion related) [125] . (Weiss, Andrew) (Entered: 08/09/2011) |
| 08/09/2011 | [133] | Notice of Withdrawal of Notice of Manual Filing (G-92) [127] filed by Plaintiff NeuroGrafix. (Weiss, Andrew) (Entered: 08/09/2011) |
| 08/09/2011 | [134] | EXHIBIT Filed filed by Plaintiff NeuroGrafix. *EXHIBIT A TO MICHAEL N. BRANT-ZAWADZKI's DECLARATION (DOCKET NO. 125)* as to Objection/Opposition (Motion related), Objection/Opposition (Motion related), Objection/Opposition (Motion related) [125] . (Weiss, Andrew) (Entered: 08/09/2011) |
| 08/24/2011 | [135] | NOTICE OF MOTION AND MOTION for Partial Summary Judgment as to Invalidity Based on Indefiniteness of "Conspicuity" *In Claims 1, 3, 7, 11, 12, 18 and Their Asserted Dependent Claims* filed by Defendants Siemens Aktiengesellschaft, Siemens Medical Solutions USA, Inc.. Motion set for hearing on 10/5/2011 at 11:00 AM before Judge Mariana R. Pfaelzer. (Attachments: # [1] Memorandum Memo ISO Siemens' Motion for Partial SJ of Invalidity Based on Indefiniteness of "Conspicuity" in Claims 1, 3, 7, 11, 12, 18 and Their Asserted Dependent Claims)(McEldowney, Sean) (Entered: 08/24/2011) |
| 08/24/2011 | [136] | DECLARATION of S. McEldowney re MOTION for Partial Summary Judgment as to Invalidity Based on Indefiniteness of "Conspicuity" *In Claims 1, 3, 7, 11, 12, 18 and Their Asserted Dependent Claims* [135] filed by Defendants Siemens Aktiengesellschaft, Siemens Medical Solutions USA, Inc., Counter Claimant Siemens Medical Solutions USA, Inc.. (Attachments: # [1] Exhibit IND1, # [2] Exhibit IND2, # [3] Exhibit IND3, # [4] Exhibit IND4, # [5] Exhibit IND5, # [6] Exhibit IND6, # [7] Exhibit IND7, # [8] Exhibit IND8, # [9] Exhibit IND9, # [10] Exhibit IND10, # [11] Exhibit IND11, # [12] Exhibit IND12, # [13] Exhibit IND13, # [14] Exhibit IND14, # [15] Exhibit IND15, # [16] Exhibit IND16, # [17] Exhibit IND17)(McEldowney, Sean) (Entered: 08/24/2011) |
| 08/24/2011 | [137] | STATEMENT Uncontroverted Facts and Conclusions of Law ISO Siemens' Motion for Partial SJ of Invalidity Based on Indefiniteness of "Conspicuity" filed by Defendants Siemens Aktiengesellschaft, Siemens Medical Solutions USA, Inc., Counter Claimant Siemens Medical Solutions USA, Inc. re: MOTION for Partial Summary Judgment as to Invalidity Based on Indefiniteness of "Conspicuity" *In Claims 1, 3, 7, 11, 12, 18 and Their Asserted Dependent Claims* [135] , Declaration (non-motion), Declaration (non-motion), Declaration (non-motion) [136] . (McEldowney, Sean) (Entered: 08/24/2011) |
| 08/24/2011 | [138] | NOTICE OF LODGING filed re MOTION for Partial Summary Judgment as to Invalidity Based on Indefiniteness of "Conspicuity" *In Claims 1, 3, 7, 11, 12, 18 and Their Asserted Dependent Claims* [135] , Statement,, [137] , Declaration (non-motion), Declaration (non-motion), Declaration (non-motion) [136] (Attachments: # [1] Proposed Order Proposed Order Granting Siemens' Motion for Partial SJ of Invalidity Based on Indefiniteness of "Conspicuity")(McEldowney, Sean) (Entered: |

| 08/30/2011 | 139 | MINUTE ORDER IN CHAMBERS by Judge Mariana R. Pfaelzer. Plaintiff NeuroGrafix filed a Motion for Reconsideration, docket # 128 on August 8, 2011. The motion was not noticed for hearing in the document, but was noticed for hearing in the text on the Courts docket. For clarification purposes, the Court will hear this motion on Monday, September 12, 2011, at 11:00 a.m. (cs) (Entered: 08/30/2011) |
|---|---|---|
| 08/31/2011 | 140 | REPLY In Support MOTION for Partial Summary Judgment as to Invalidity Regarding Claims 3-5, 36, 37, 39-44, 46, 47, 49, 50, 55, 56, 58, 59, 61, and 62 in U.S. Patent No. 5,560,360 in Light of Claim Construction Order 119 filed by Defendants Siemens Aktiengesellschaft, Siemens Medical Solutions USA, Inc., Counter Claimant Siemens Medical Solutions USA, Inc.. (Attachments: # 1 Declaration Declaration of Sean M. McEldowney In Further Support of Siemens' Motion for Partial SJ of Invalidity, # 2 Exhibit 10, # 3 Exhibit 11, # 4 Exhibit 12, # 5 Exhibit 13, # 6 Exhibit 14, # 7 Exhibit 15)(McEldowney, Sean) (Entered: 08/31/2011) |
| 09/01/2011 | 141 | First STIPULATION for Hearing re MOTION for Reconsideration re Order, 114 MOTION for Reconsideration re Order, 114 128 filed by Defendants Siemens Aktiengesellschaft, Siemens Medical Solutions USA, Inc.. (Attachments: # 1 Proposed Order Granting Continuance on Hearing on Plaintiffs' Motion for Reconsideration)(McEldowney, Sean) (Entered: 09/01/2011) |
| 09/02/2011 | 142 | ORDER Granting Stipulation 141 by Judge Mariana R. Pfaelzer. It is hereby ORDERED as follows: 1. The hearing on Plaintiffs' Motion for Reconsideration will be combined with the hearing on the other pending motions 114 , 128 , 135 on October 5, 2011 at 11 a.m.; and 2. Defendants will file their opposition brief by Monday, September 12, 2011, andPlaintiffs will file their reply brief by Wednesday, September 21,2011. (lom) (Entered: 09/07/2011) |
| 09/12/2011 | 143 | MEMORANDUM in Opposition to MOTION for Reconsideration re Order, 114 MOTION for Reconsideration re Order, 114 128 filed by Defendants Siemens Aktiengesellschaft, Siemens Medical Solutions USA, Inc., Counter Claimant Siemens Medical Solutions USA, Inc.. (Attachments: # 1 Declaration of Sean M. McEldowney ISO Siemens' Memorandum In Opposition to Plaintiffs' Motion For Reconsideration of the Court's Claim Construction, # 2 Exhibit OMR1, # 3 Exhibit OMR2, # 4 Exhibit OMR3, # 5 Exhibit OMR4)(McEldowney, Sean) (Entered: 09/12/2011) |
| 09/12/2011 | 144 | OPPOSITION to MOTION for Partial Summary Judgment as to Invalidity Based on Indefiniteness of "Conspicuity" *In Claims 1, 3, 7, 11, 12, 18 and Their Asserted Dependent Claims* 135 filed by Plaintiffs NeuroGrafix, Washington Research Foundation. (Attachments: # 1 Affidavit of Andrew D. Weiss, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14)(Weiss, Andrew) (Entered: 09/12/2011) |
| 09/12/2011 | 145 | DECLARATION of Aaron G. Filler, M.D. In Opposition of MOTION for Partial Summary Judgment as to Invalidity Based on Indefiniteness of "Conspicuity" *In Claims 1, 3, 7, 11, 12, 18 and Their Asserted Dependent Claims* 135 filed by Plaintiffs NeuroGrafix, Washington Research Foundation. (Attachments: # 1 Exhibit 15)(Weiss, Andrew) (Entered: 09/12/2011) |
| 09/12/2011 | 146 | EXHIBIT Filed filed by Plaintiffs NeuroGrafix, Washington Research Foundation. *EXHIBIT 16* as to Declaration (Motion related), Declaration (Motion related) 145 . (Weiss, Andrew) (Entered: 09/12/2011) |
| 09/12/2011 | 147 | EXHIBIT Filed filed by Plaintiffs NeuroGrafix, Washington Research Foundation. *EXHIBIT 17 PART 1* as to Declaration (Motion related), Declaration (Motion related) 145 . (Weiss, Andrew) (Entered: 09/12/2011) |
| 09/12/2011 | 148 | EXHIBIT Filed filed by Plaintiffs NeuroGrafix, Washington Research Foundation. *EXHIBIT 17 PART 2* as to Declaration (Motion related), Declaration (Motion related) 145 . (Weiss, Andrew) (Entered: 09/12/2011) |
| 09/12/2011 | 149 | EXHIBIT Filed filed by Plaintiffs NeuroGrafix, Washington Research Foundation. *EXHIBIT 18* as to Declaration (Motion related), Declaration (Motion related) 145 . (Weiss, Andrew) (Entered: 09/12/2011) |

| 09/12/2011 | 150 | EXHIBIT Filed filed by Plaintiffs NeuroGrafix, Washington Research Foundation. *EXHIBIT 19* as to Declaration (Motion related), Declaration (Motion related) 145 . (Weiss, Andrew) (Entered: 09/12/2011) |
|---|---|---|
| 09/12/2011 | 151 | EXHIBIT Filed filed by Plaintiffs NeuroGrafix, Washington Research Foundation. *EXHIBIT 20* as to Declaration (Motion related), Declaration (Motion related) 145 . (Weiss, Andrew) (Entered: 09/12/2011) |
| 09/12/2011 | 152 | STATEMENT *OF GENUINE DISPUTES OF MATERIAL FACTS AND RESPONSE TO SIEMENS' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW* re: Response in Opposition to Motion,, 144 . (Weiss, Andrew) (Entered: 09/12/2011) |
| 09/14/2011 | 153 | NOTICE OF MOTION AND MOTION for Leave to file Surreply to Siemens Motion for Summary Judgement Regarding Hajnal (D.I. 119) filed by Plaintiffs NeuroGrafix. Motion set for hearing on 10/17/2011 at 11:00 AM before Judge Mariana R. Pfaelzer. (Attachments: # 1 Exhibit A (Surreply), # 2 Exhibit A (Decl. of Andrew D. Weiss), # 3 Exhibit A (Ex. B to Weiss Decl.), # 4 Exhibit A (Ex. C to Weiss Decl.), # 5 Exhibit A (Ex. D to Weiss Decl.), # 6 Proposed Order)(Weiss, Andrew) (Entered: 09/14/2011) |
| 09/15/2011 | 154 | MEMORANDUM in Opposition to MOTION for Leave to file Surreply to Siemens Motion for Summary Judgement Regarding Hajnal (D.I. 119) MOTION for Leave to file Surreply to Siemens Motion for Summary Judgement Regarding Hajnal (D.I. 119) 153 filed by Defendants Siemens Aktiengesellschaft, Siemens Medical Solutions USA, Inc., Counter Claimant Siemens Medical Solutions USA, Inc.. (McEldowney, Sean) (Entered: 09/15/2011) |
| 09/15/2011 | 155 | ORDER by Judge Mariana R. Pfaelzer: denying 153 Plaintiffs' Motion to File a Surreply to Respond to New Argument in Reply to Siemens Motions for Summary Judgment. IT IS ORDERED as follows: Plaintiffs NeuroGrafix and Washington Research Foundation may file a surreply to new argument in reply to Siemens Motion for Summary Judgment. Therefore, the surreply attached as Exhibit A to the Motion is deemed entered. The Court does not accept surreplies. (lom) (Entered: 09/16/2011) |
| 09/21/2011 | 156 | RESPONSE IN SUPPORT of MOTION for Reconsideration re Order, 114 MOTION for Reconsideration re Order, 114 128 filed by Plaintiff NeuroGrafix. (Attachments: # 1 Declaration Andrew D. Weiss, # 2 Exhibit 21, # 3 Exhibit 22, # 4 Exhibit 23)(Weiss, Andrew) (Entered: 09/21/2011) |
| 09/22/2011 | 157 | NOTICE OF MOTION AND MOTION to Strike Dr. Filler's Declaration and Exhibits Response in Opposition to Motion,, 144 filed by Defendants Siemens Aktiengesellschaft, Siemens Medical Solutions USA, Inc.. Motion set for hearing on 10/5/2011 at 11:00 AM before Judge Mariana R. Pfaelzer. (Attachments: # 1 Memorandum Memorandum to Strike, # 2 Declaration Declaration of S. McEldowney, # 3 Exhibit MS1)(McEldowney, Sean) (Entered: 09/22/2011) |
| 09/22/2011 | 158 | NOTICE OF LODGING filed re MOTION to Strike Dr. Filler's Declaration and Exhibits Response in Opposition to Motion,, 144 MOTION to Strike Dr. Filler's Declaration and Exhibits Response in Opposition to Motion,, 144 157 (Attachments: # 1 Proposed Order Granting Siemens' Motion to Strike Dr. Filler's Declaration and Exhibits)(McEldowney, Sean) (Entered: 09/22/2011) |
| 09/22/2011 | 159 | Joint STIPULATION to Expedite Briefing Schedule Regarding Siemens' Motion to Strike Dr. Filler's Declaration and Exhibits filed by Defendants Siemens Aktiengesellschaft, Siemens Medical Solutions USA, Inc.. (Attachments: # 1 Proposed Order Granting Expedited Briefing Schedule Regarding Siemens' Motion to Strike Dr. Filler's Declaration and Exhibits)(McEldowney, Sean) (Entered: 09/22/2011) |
| 09/22/2011 | 160 | REPLY In Support MOTION for Partial Summary Judgment as to Invalidity Based on Indefiniteness of "Conspicuity" *In Claims 1, 3, 7, 11, 12, 18 and Their Asserted Dependent Claims* 135 filed by Defendants Siemens Aktiengesellschaft, Siemens Medical Solutions USA, Inc., Counter Claimant Siemens Medical Solutions USA, Inc.. (Attachments: # 1 Declaration of S. McEldowney, # 2 Exhibit IND18, # 3 Exhibit IND19, # 4 Exhibit IND20, # 5 Exhibit IND21, # 6 Exhibit IND22, # 7 Exhibit IND23, # 8 Exhibit IND24)(McEldowney, Sean) (Entered: 09/22/2011) |
| 09/22/2011 | 161 | STATEMENT of Reply of Uncontroverted Facts MOTION for Partial Summary Judgment as to |

| | | |
|---|---|---|
| | | Invalidity Based on Indefiniteness of "Conspicuity" *In Claims 1, 3, 7, 11, 12, 18 and Their Asserted Dependent Claims* 159 filed by Defendants Siemens Aktiengesellschaft, Siemens Medical Solutions USA, Inc., Counter Claimant Siemens Medical Solutions USA, Inc.. (McEldowney, Sean) (Entered: 09/22/2011) |
| 09/22/2011 | 162 | ORDER Granting Stipulation 159 by Judge Mariana R. Pfaelzer. It is hereby Ordered as follows: 1. The hearing on Siemens' motion to strike will be combined with the already-scheduled October 5, 2011 hearing on Siemens' underlying motion for partial summary judgment; 2. Siemens agreed to (and has) filed the motion to strike 157 by 12 p.m. on September 22, 2011; 3. Plaintiffs will file their opposition to Siemens' motion to strike by September 28, 2011; and 4. Siemens will, if necessary, file a reply concerning the motion to strike by September 30, 2011. (lom) (Entered: 09/27/2011) |
| 09/28/2011 | 163 | OPPOSITION OPPOSITION re: MOTION to Strike Dr. Filler's Declaration and Exhibits Response in Opposition to Motion,, 144 MOTION to Strike Dr. Filler's Declaration and Exhibits Response in Opposition to Motion,, 144 157 filed by Plaintiff NeuroGrafix. (Attachments: # 1 Declaration Andrew D. Weiss, # 2 Exhibit 1)(Weiss, Andrew) (Entered: 09/28/2011) |
| 09/30/2011 | 164 | NOTICE of Change of Attorney Information for attorney Pamela K Fulmer counsel for Plaintiff NeuroGrafix. Pamela K. Fulmer will no longer receive service of documents from the Clerks Office for the reason indicated in the G-06 Notice.Pamela K. Fulmer is no longer attorney of record for the aforementioned party in this case for the reason indicated in the G-06 Notice. Filed by Plaintiff NeurogGrafix (Fulmer, Pamela) (Entered: 09/30/2011) |
| 09/30/2011 | 165 | NOTICE of Change of Attorney Information for attorney Arthur S Beeman counsel for Plaintiff NeuroGrafix. Arthur S. Beeman will no longer receive service of documents from the Clerks Office for the reason indicated in the G-06 Notice.Arthur S. Beeman is no longer attorney of record for the aforementioned party in this case for the reason indicated in the G-06 Notice. Filed by Plaintiff NeuroGrafix (Beeman, Arthur) (Entered: 09/30/2011) |
| 09/30/2011 | 166 | NOTICE of Change of Attorney Information for attorney Sean M McEldowney counsel for Defendants Siemens Aktiengesellschaft, Siemens Medical Solutions USA, Inc., Counter Claimant Siemens Medical Solutions USA, Inc..Brian N. Gross is no longer attorney of record for the aforementioned party in this case for the reason indicated in the G-06 Notice. Filed by Defendants\CC Plaintiff Sean M. McEldowney (McEldowney, Sean) (Entered: 09/30/2011) |
| 09/30/2011 | 167 | REPLY In Support of MOTION to Strike Dr. Filler's Declaration and Exhibits Response in Opposition to Motion,, 144 MOTION to Strike Dr. Filler's Declaration and Exhibits Response in Opposition to Motion,, 144 157 filed by Defendants Siemens Aktiengesellschaft, Siemens Medical Solutions USA, Inc., Counter Claimant Siemens Medical Solutions USA, Inc.. (McEldowney, Sean) (Entered: 09/30/2011) |
| 10/05/2011 | 169 | MINUTES OF HEARING ON MOTIONS (held and completed) 1. SIEMENS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF INVALIDITYREGARDING CLAIMS 3-5, 36, 37, 39-44, 46, 47, 49, 50, 55, 56, 58, 59, 61, AND 62 IN U.S. PATENT NO. 5,560,360 IN LIGHT OF CLAIM CONSTRUCTION ORDER (fld 7/15/2011) 119 ; 2. SIEMENS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF INVALIDITY BASED ON INDEFINITENESS OF CONSPICUITY IN CLAIMS 1, 3, 7, 11, 12, 18 AND THEIR ASSERTED DEPENDENT CLAIMS IN U.S. PATENT NO. 5,560,360 (fld 8/24/11) 135 ; 3. MOTION FOR RECONSIDERATION OF THE COURT'S MAY 5, 2011 CLAIM CONSTRUCTION ORDER (fld 8/8/11) 128 ; and 4. SIEMENS' MOTION TO STRIKE DR. FILLER'S DECLARATION AND EXHIBITS OFFERED AFTER DISCOVERY DEADLINES 157 held before Judge Mariana R. Pfaelzer. The Court takes the matter under submission and its order will follow. Court Reporter: Deborah Gackle. (lom) (Entered: 10/07/2011) |
| 10/06/2011 | 168 | APPLICATION for attorney Joseph F. Edell to Appear Pro Hac Vice(PHV Fee of $275 receipt number 0973-9331486 paid.) filed by Defendants\Counterclaim Plaintiff Siemens Aktiengesellschaft, Siemens Medical Solutions USA, Inc.. (Attachments: # 1 Exhibit Certificate of Good Standing, # 2 Proposed Order On Application of Non-Resident Attorney to Appear in a Specific Case)(Dauchot, Luke) (Entered: 10/06/2011) |
| | | |

| 10/07/2011 | 170 | ORDER by Judge Mariana R. Pfaelzer: granting 168 Application to Appear Pro Hac Vice by Attorney Joseph P. Eden on behalf of Defendant Siemens Medical Solutions USA, Inc., designating Luke L. Dauchot as local counsel. (lt) (Entered: 10/12/2011) |
| 11/08/2011 | 171 | MINUTES OF Telephonic Conference held before Judge Mariana R. Pfaelzer. The case is called and appearances are made. Court and counsel discuss the status of the case. Counsel will contact the court on or before November 18, 2011. Court Reporter: Rosalyn Adams. (cs) (Entered: 11/18/2011) |
| 11/22/2011 | 172 | Joint STIPULATION to Dismiss Case pursuant to Fed. R. Civ. P. 41(a)(1) in which the dismissal is with prejudice filed by Defendants Siemens Aktiengesellschaft, Siemens Medical Solutions USA, Inc..(McEldowney, Sean) (Entered: 11/22/2011) |
| 11/22/2011 | 173 | ORDER Granting Stipulation to Dismiss Case 172 by Judge Mariana R. Pfaelzer. IT IS HEREBY ORDERED that Case No. 10-CV-1990 MRP be and hereby is dismissed with prejudice, with each party to bear its own costs. (Made JS-6. Case Terminated.) (lom) (Entered: 11/29/2011) |
| 11/29/2011 | 174 | REPORT ON THE DETERMINATION OF AN ACTION Regarding a Patent or Trademark. (Closing) (Attachments: # 1 Order) (lom) (Entered: 11/29/2011) |
| 01/03/2012 | 175 | TRANSCRIPT for proceedings held on WEDNESDAY, OCTOBER 5, 2011. Court Reporter/Electronic Court Recorder: DEBORAH K. GACKLE, CSR, RPR, phone number (213) 620-1149. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 1/24/2012. Redacted Transcript Deadline set for 2/3/2012. Release of Transcript Restriction set for 4/2/2012. (mw) (Entered: 01/03/2012) |
| 01/03/2012 | 176 | NOTICE OF FILING TRANSCRIPT filed for proceedings WEDNESDAY, OCTOBER 5, 2011 (mw) (Entered: 01/03/2012) |

| **PACER Service Center** | | |
| **Transaction Receipt** | | |
| 09/28/2012 18:26:13 | | |
| **PACER Login:** | fh0004 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:10-cv-01990-MRP -RZ End date: 9/28/2012 |
| **Billable Pages:** | 27 | **Cost:** | 2.70 |

Exhibit M

$\int 5\text{-}6$

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEUROGRAFIX, a California corporation; WASHINGTON RESEARCH FOUNDATION, a not-for-profit Washington corporation, <br>         Plaintiffs, <br><br>   vs. <br><br> SIEMENS MEDICAL SOLUTIONS USA, INC., a Delaware corporation; and SIEMENS AKTIENGESELLSCHAFT, a German corporation, <br>         Defendants. | CASE NO. CV 10-1990 MRP(RZX) <br><br> [PROPOSED] ORDER DISMISSING CASE WITH PREJUDICE <br><br> **The Hon. Mariana R. Pfaelzer** <br> **United States District Court Judge** |
| SIEMENS MEDICAL SOLUTIONS USA, INC. <br> Counterclaim Plaintiff, <br><br> vs. <br><br> NEUROGRAFIX, and WASHINGTON RESEARCH FOUNDATION, <br> Counterclaim Defendants. | |

The Court has reviewed the stipulation of the parties regarding dismissal with prejudice of all claims and counterclaims in *NeuroGrafix et al. v. Siemens Medical Solutions USA, Inc. et al.*, Case No. 10-CV-1990 MRP. (D.I. 172.)

Pursuant to that stipulation and Rule 41(a) of the Federal Rules of Civil Procedure, **IT IS HEREBY ORDERED** that Case No. 10-CV-1990 MRP be and hereby is dismissed with prejudice, with each party to bear its own costs.

IT IS SO ORDERED.

Dated: *November 22, 2011*

*[signature]*
The Honorable Mariana R. Pfaelzer
United States District Judge

# Exhibit N



THE SOURCE FOR ADVANCED NEUROLOGIC VISUALIZATION

Home | News | About NeuroGrafix | What We Do | Contact NeuroGrafix

*Home* » *News* » *NeuroGrafix Statement on Siemens Litigation*

# NeuroGrafix Statement on Siemens Litigation

*Posted on Nov 22, 2011*

NeuroGrafix makes the following agreed announcement effective today November 22, 2011:

"The NeuroGrafix patent litigation against Siemens was dismissed in November 2011 pursuant to a confidential Settlement Agreement and Mutual Release. Pursuant to that agreement, Siemens obtained a license for itself and its customers."

Comments are closed.

## Latest News

▶ NeuroGrafix Statement on US Patent 5,560,360

▶ NeuroGrafix Statement on Siemens Litigation

▶ Thomson Reuters: Revenge of the Patent Holders

▶ University of California Regents Waives Sovereign Immunity in Response to Inverse Condemnation Suit

▶ Regents of the University of California Suit Announced

## Contact Us

2716 Ocean Park Blvd., Suite 3075
Santa Monica, CA 90405

310-664-3949

contact@neurografix.com

## News Archive

▶ November 2011

▶ May 2011

▶ October 2010

▶ May 2010

▶ March 2010

▶ January 2010

▶ June 2009

▶ May 2007

All content © NeuroGrafix

# Exhibit O

**RUSS, AUGUST & KABAT**
Marc A. Fenster, State Bar No. 181067
Alexander C.D. Giza, State Bar No. 212327
Andrew D. Weiss, State Bar No. 232974
Fredricka Ung, State Bar No. 253794
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Tel: (310) 826-7474
Fax: (310) 826-6991
Email: mfenster@raklaw.com;
Email: agiza@raklaw.com;
Email: aweiss@raklaw.com; and
Email: fung@raklaw.com

Attorneys for NEUROGRAFIX,
NEUROGRAPHY INSTITUTE MEDICAL
ASSOCIATES, INC., and
IMAGE-BASED SURGICENTER CORPORATION

**K&L GATES LLP**
Bradley W. Gunning (SBN: 251732)
10100 Santa Monica Blvd., 7th Floor
Los Angeles, California 90067
Tel: (310) 552-5000
Fax: (310) 552-5001
Email: brad.gunning@klgates.com

Attorneys for WASHINGTON RESEARCH
FOUNDATION

FILED
CLERK U.S. DISTRICT COURT

SEP 1 4 2011

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

CV11- 07591MMM(FMOx)

NEUROGRAFIX, a California corporation; NEUROGRAPHY INSTITUTE MEDICAL ASSOCIATES, INC., a California corporation; IMAGE-BASED SURGICENTER CORPORATION, a California corporation; WASHINGTON RESEARCH FOUNDATION, a not-for-profit Washington corporation,

vs.

THE REGENTS OF THE UNIVERSITY OF CALIFORNIA

Case No. _____

**COMPLAINT FOR PATENT INFRINGEMENT**

**JURY TRIAL DEMANDED**

Plaintiffs NeuroGrafix and Washington Research Foundation ("WRF") (collectively, "Plaintiffs") allege as follows:

1.  This case is an action for patent infringement of United States Patent No. 5,560,360 (the "'360 Patent") under the Patent Laws of the United States, as set forth in 35 U.S.C. §§271 and 280 through 285.

**PARTIES**

2.  Plaintiff NeuroGrafix is a California corporation with its principal place of business located at 2716 Ocean Park Boulevard, Suite 3075, Santa Monica, California.

3.  Plaintiff Neurography Institute Medical Associates, Inc. ("NIMA") is a California corporation with its principal place of business in Santa Monica, California.

4.  Plaintiff Image-Based Surgicenter Corporation ("IBSC") is a California corporation with its principal place of business in Santa Monica, California.

5.  Plaintiff WRF is a not-for-profit corporation incorporated and existing under the laws of the State of Washington.

6.  On information and belief, defendant The Regents of the University of California ("The Regents") is a public corporation and agency of the State of California.  The Regents is a 26-member board, established under Article IX, Section 9 of the California Constitution, which governs the University of California.

**JURISDICTION AND VENUE**

7.  This Court has federal subject matter jurisdiction over this action under 28 U.S.C. §§1331, 1332(a)(1), 1332(c)(1) and 1338(a).

8.  Venue is proper in this Court pursuant to 28 U.S.C. §§1391(a), 1391(c), and 1400(b), including without limitation because Defendant is

RUSS, AUGUST & KABAT

1

1 advertising, marketing, using, selling, and/or offering to sell products in this
2 Judicial District.

3       9.    On May 12, 2011, The Regents entered into a stipulation wherein The
4 Regents waived their sovereign immunity as to the patent infringement cause of
5 action contained in this case. The Stipulation is attached to this Complaint as
6 Exhibit A.

7 **FIRST CAUSE OF ACTION FOR PATENT INFRINGEMENT**

8      10.    Plaintiffs repeat and reallege the allegations contained in paragraphs 1
9 through 6 above, inclusive, as if fully repeated and restated herein.

10      11.    The University of Washington, a public institution of higher education
11 in the state of Washington, is the owner by assignment of the '360 Patent entitled
12 "Image Neurography and Diffusion Anisotropy Imaging." The '360 Patent issued
13 on October 1, 1999. A true and correct copy of the '360 Patent is attached as
14 Exhibit B.

15      12.    Aaron G. Filler, Jay S. Tsurda, Todd L. Richards, and Franklyn A.
16 Howe are listed as the inventors of the '360 Patent.

17      13.    WRF holds substantially all rights in the '360 Patent and has
18 exclusively licensed substantially all rights in the '360 Patent to NeuroGrafix in
19 December of 1998, retaining only certain potential reversion rights.

20      14.    The Regents received notice of the '360 Patent by as late as November
21 1996. In 1995, inventor Aaron Filler joined the University of California – Los
22 Angeles ("UCLA") as a Spine Fellow and continued his prior research and
23 development in the field of neural tract imaging. In July of 1996, Dr. Filler
24 became an Assistant Professor in Neurosurgery at UCLA. In October of 1996, the
25 United States Patent Office ("USPTO") granted the '360 Patent. After the '360
26 Patent issued, Dr. Filler used the technology of the '360 Patent while at UCLA, and
27 The Regents was aware of this fact.

28

RUSS, AUGUST & KABAT

RUSS, AUGUST & KABAT

15. While at UCLA, Dr. Filler continued research and development, carefully recording and publishing academic peer reviewed reports based on all imaging cases performed. However, Neil Martin – then the acting chairman of the Division of Neurosurgery at the University of California – took a firm position that the advances and developments in the '360 Patent did not merit further development by Dr. Filler. This led Dr. Filler to depart from the faculty UCLA and commence a private practice of medicine in May of 2001 to better assure the development of these technologies for the common good of patients throughout the world.

16. Just prior to his departure from UCLA, in March 2001, the Office of the President of the University of California required Dr. Filler to assign another invention to the Regents. This invention – later granted at United States Patent No. 6,560,477 for magnetic resonance imaging of joints – cites the '360 Patent on its cover page. The Regents therefore have been aware of the '360 Patent since March 2001.

17. Upon information and belief, after the departure of Dr. Filler, The Regents did not use the technology of the '360 Patent until January 2008.

18. Upon information and belief, The Regents have been and now are directly, jointly and/or indirectly infringing, by way of inducing infringement and/or contributing to the infringement of the '360 Patent in the State of California, in this judicial district, and elsewhere in the United States by, among other things, advertising, marketing, using, selling, and/or offering to sell products and services, including without limitation, the performance of and provision of equipment and methods for peripheral nerve MR Neurography and diffusion anisotropy based tractography. By making, using, importing, offering for sale, and/or selling such products, The Regents have injured the Plaintiffs and are thus liable to the Plaintiffs for infringement of the '360 Patent under 35 U.S.C. § 271. If The Regents are not deemed to directly infringe any of the claims of the '360 Patent,

3

1   those who The Regents induce to infringe and/or whose infringement to which The

2   Regents contribute are the end users of the above-referenced products and services.

3       19.   The Regents knowingly, willfully, and deliberately infringed and, on

4   information and belief, continue to infringe the '360 Patent in conscious disregard

5   of Plaintiffs' rights, making this case exceptional within the meaning of 35 U.S.C.

6   § 285 and justifying treble damages pursuant to 35 U.S.C. § 284.

7       20.   As a result of The Regents infringement of the '360 Patent, Plaintiffs

8   have suffered monetary damages in an amount not yet determined, and will

9   continue to suffer damages in the future unless The Regents' infringing activities

10   are enjoined by this Court.

11       21.   The Regents' wrongful acts have damaged and will continue to

12   damage Plaintiffs irreparably, and Plaintiffs have no adequate remedy at law for

13   those wrongs and injuries. In addition to their actual damages, Plaintiffs are

14   entitled to a preliminary and permanent injunction restraining and enjoining The

15   Regents and their agents, servants and employees, and all persons acting

16   thereunder, in concert with, or on their behalf, from infringing the '360 Patent.

17                        **PRAYER FOR RELIEF**

18   WHEREFORE, Plaintiffs respectfully request that this Court enter:

19   1.   A judgment in favor of Plaintiffs that The Regents have infringed,

20   directly and/or indirectly, by way of inducing and/or contributing to the

21   infringement of the '360 Patent;

22   2.   An injunction enjoining The Regents and their officers, directors,

23   agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents,

24   and all others acting in concert or privity with any of them from infringing,

25   inducing the infringement of, or contributing to the infringement of the '360 Patent;

26   3.   A judgment and order requiring The Regents to pay Plaintiffs their

27   damages, costs, expenses, and prejudgment and post-judgment interest for The

28   Regents' infringement of the '360 Patent as provided under 35 U.S.C. § 284;

RUSS, AUGUST & KABAT

4.    An award to Plaintiffs for enhanced damages, as provided under 35 U.S.C. § 284, resulting from the knowing, deliberate, and willful nature of The Regents' prohibited conduct;

5.    A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiffs their reasonable attorneys' fees; and

6.    Any and all other relief to which Plaintiffs may show themselves to be entitled.

**JURY TRIAL DEMANDED**

Plaintiffs hereby demand a trial by jury of all issues so triable.

Respectfully submitted,

Dated: September 14, 2011    **RUSS AUGUST & KABAT**

By: _____
        Andrew D. Weiss

Marc A. Fenster, State Bar No. 181067
Email: mfenster@raklaw.com
Alexander C.D. Giza, State Bar No. 212327
Email: agiza@raklaw.com
Andrew D. Weiss, State Bar No. 232974
Email: aweiss@raklaw.com
Fredricka Ung, State Bar No. 253794
Email: fung@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile:(310) 826-6991

Attorneys for Plaintiffs NEUROGRAFIX,
NEUROGRAPHY INSTITUTE MEDICAL
ASSOCIATES, INC., and
IMAGE-BASED SURGICENTER
CORPORATION

RUSS, AUGUST & KABAT

COMPLAINT

1   Dated: September 14, 2011

2

3                        **K&L GATES LLP**

4                        By:

5                             Bradley W. Gunning

6

7                        Bradley W. Gunning
                       10100 Santa Monica Blvd., 7th Floor

8                        Los Angeles, California 90067
                       Tel: (310) 552-5000
                       Fax: (310) 552-5001

9                        Email: brad.gunning@klgates.com

10                        Attorneys for WASHINGTON RESEARCH
                       FOUNDATION

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

RUSS, AUGUST & KABAT

# Exhibit P

CAROLYN CHANG (CSB NO. 217933)
cchang@fenwick.com
MEREDITH ERDMAN (CSB NO. 273126)
merdman@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, California 94041
Telephone:  (650) 988-8500
Facsimile:   (650) 938-5200

HEATHER MEWES (CSB NO. 203690)
hmewes@fenwick.com
JENNIFER J. JOHNSON (CSB NO. 252897)
jjjohnson@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th floor
San Francisco, California 94104
Telephone:  (415) 875-2300
Facsimile:   (415) 281-1350

Attorneys for Defendant
The REGENTS OF THE UNIVERSITY OF
CALIFORNIA

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| NEUROGRAFIX, a California corporation; NEUROGRAPHY INSTITUTE MEDICAL ASSOCIATES, INC., a California corporation; IMAGE-BASED SURGICENTER, a California corporation; WASHINGTON RESEARCH FOUNDATION, a not-for-profit Washington corporation, | Case No. CV 11-07591 MRP (RZx) **DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT FOR PATENT INFRINGEMENTAND COUNTERCLAIMS** |
| Plaintiffs, | **JURY TRIAL DEMANDED** |
| v. | The Hon. Mariana R. Pfaelzer United States District Court Judge |
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, | |
| Defendant. | |

**ANSWER**

Defendant The Regents of the University of California ("The Regents" or "Defendant"), by its undersigned counsel, hereby answers Plaintiffs' Complaint for Patent Infringement ("Complaint") as follows:

1.      Defendant admits that the Complaint purports to state a claim for an action for patent infringement of United States Patent No. 5,560,360 under the Patent Laws of the United States, as set forth in 35 U.S.C. §§ 271 and 280 through 285.  Defendant denies the remaining allegations in paragraph 1.

**PARTIES**

2.      Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 2, and therefore denies them.

3.       Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 3, and therefore denies them.

4.      Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 4, and therefore denies them.

5.      Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 5, and therefore denies them.

6.      Defendant admits that The Regents is a public corporation and agency of the State of California and that The Regents is a 26-member board, established under Article IX, Section 9 of the California Constitution.  Defendant further admits that the University of California is governed by The Regents.

**JURISDICTION AND VENUE**

7.      Defendant admits that the complaint purports to state a claim for patent infringement and that the court has federal subject matter jurisdiction over claims for patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a). Defendant denies the remaining allegations in paragraph 7.

8.      Defendant admits that venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b).  Defendant denies the remaining allegations in

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1    paragraph 8.

2        9.    Defendant admits that it entered into the stipulation with Plaintiffs

3    NeuroGrafix, Image-Based Surgicenter and Neurography Institute Medical

4    Associates on May 12, 2011 attached to the Complaint as Exhibit A, whereby The

5    Regents agreed to waive sovereign immunity with respect to a claim for

6    infringement of U.S. Patent No. 5,560,360 ("the '360 Patent") filed within 90 days

7    of dismissal of the case captioned in the stipulation.  Defendant denies the

8    remaining allegations in paragraph 9.

9        **FIRST CAUSE OF ACTION FOR PATENT INFRINGEMENT**

10       10.    Defendant incorporates by reference its responses to paragraphs 1-9 of

11   the Complaint as if fully set forth herein.

12       11.    Defendant admits that the '360 Patent lists The University of

13   Washington as the assignee and is titled "Image Neurography and Diffusion

14   Anisotropy Imaging."  Defendant is without sufficient knowledge or information to

15   form a belief as to the truth of the remaining allegations in paragraph 11, and

16   therefore denies them.

17       12.    Defendant admits the allegations in paragraph 12 of the Complaint.

18       13.    Defendant is without sufficient knowledge or information to form a

19   belief as to the truth of the allegations in paragraph 13, and therefore denies them.

20       14.    Defendant is without sufficient knowledge or information to form a

21   belief as to the truth of the allegations in paragraph 14, and therefore denies them.

22       15.    Defendant admits that Dr. Filler left the faculty at UCLA in 2001 and

23   that Neil Martin was appointed Chief of the Department of Neurosurgery at UCLA

24   in 2001.  Defendant is without sufficient knowledge or information to form a belief

25   as to the truth of the remaining allegations in paragraph 15, and therefore denies

26   them.

27       16.    Defendant is without sufficient knowledge or information to form a

28   belief as to the truth of the allegations in paragraph 16, and therefore denies them.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

2

17.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 17, and therefore denies them.

18.     Defendant denies each and every allegation in paragraph 18.

19.     Defendant denies each and every allegation in paragraph 19.

20.     Defendant denies each and every allegation in paragraph 20.

21.     Defendant denies each and every allegation in paragraph 21.

## PRAYER FOR RELIEF

22.     Defendant denies that Plaintiffs are entitled to the relief requested or to any relief whatsoever from Defendant, and specifically denies each and every allegation and prayer for relief contained in paragraphs (1) through (6) of Plaintiffs' prayer for relief.

## JURY TRIAL DEMAND

23.     Defendant admits that Plaintiffs demands a trial by jury of all issues so triable.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE
### (FAILURE TO STATE A CLAIM)

24.     The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE
### (NON-INFRINGEMENT)

25.     Defendant has not infringed, and currently does not infringe and is not liable for any infringement, whether direct or indirect, of any claim in the '360 Patent.

### THIRD DEFENSE
### (INVALIDITY)

26.     The '360 Patent is invalid for failure to meet one or more of the conditions for patentability specified in Title 35, U.S.C., or the rules, regulations,

3

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

and law related thereto, including without limitation, in 35 U.S.C. §§ 101, 102, 103 and 112, because the alleged invention lacks patentable subject matter; was used or known by others in this country or was patented or described in a publication before the date of the alleged invention; or was patented or described in a publication or was in public use or on sale for more than one year before the date of the patent applications; or was not invented by the named inventors; or was invented by another prior to the date of the alleged invention; or was obvious in view of the prior art; or is indefinite; or does not contain a proper written description; or does not disclose the best mode of the invention.

## FOURTH DEFENSE
### (LACHES)

27. The doctrine of laches bars Plaintiffs from obtaining all, or part, of the relief they seek because Plaintiffs (or their affiliates or predecessors) knew or should have known of Defendant's allegedly infringing activity, Plaintiffs (or their affiliates or predecessors) unreasonably delayed filing a claim against Defendant, and Defendant has been prejudiced thereby.

## FIFTH DEFENSE
### (EQUITABBLE ESTOPPEL)

28. The doctrine of equitable estoppel bars Plaintiffs from obtaining all of the relief they seek because Plaintiffs (or their affiliates or predecessors) knew or should have known of Defendant's allegedly infringing activity, Plaintiffs (or their affiliates or predecessors) mislead Defendant by its conduct to reasonably infer that Plaintiffs did not intend to enforce the '360 Patent against Defendant, and Defendants relied on such conduct and will be prejudiced if Plaintiffs are permitted to proceed with their claims.

## SIXTH DEFENSE
### (LIMITATION ON DAMAGES)

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

29.     Plaintiffs claim for damages is barred, in whole or in part, by 35 U.S.C. § 286, and by 35 U.S.C. § 287 and/or Plaintiffs' failure to plead notice thereunder.

### SEVENTH DEFENSE
### (WAIVER/ACQUIESCENCE/UNCLEAN HANDS)

30.     Plaintiffs' suit is barred or its claim for recovery is limited under the doctrines of waver, acquiescence, estoppels, implied license, and/or unclean hands.

### EIGHTH DEFENSE
### (LICENSE/PATENT EXHAUSTION)

31.     Plaintiffs' suit is barred or its claim for recovery is limited by license and/or patent exhaustion.

### NINTH DEFENSE
### (28 U.S.C. §1498)

32.     Plaintiffs' claims are barred by 28 U.S.C. § 1498 to the extent they relate to use or manufacture of the inventions of the '360 patent by or for the United States.

### TENTH DEFENSE
### (NO INJUNCTIVE RELIEF)

33.     Plaintiffs are not entitled to injunctive relief because the alleged injury is not immediate or irreparable, and Plaintiffs have an adequate remedy at law.

### ELEVENTH DEFENSE
### (WILLFULLNESS)

34.     Plaintiffs are barred from obtaining a finding of willfulness or receiving enhanced damages because they have failed to set forth facts alleging the type of conduct required by *In re Seagate Tech.,* 497 F.3d 1360 (Fed. Cir. 2007) which is a prerequisite for both a finding of willfulness and an award of enhanced

Fenwick & West LLP
Attorneys at Law
Mountain View

5

damages.

## TWELFTH DEFENSE
### (COSTS BARRED IN ACTION FOR INFRINGEMENT
### OF A PATENT CONTAINING AN INVALID CLAIM)

35.     Plaintiffs' claim for recovery of costs is barred for failure to comply with the requirements of § 35 U.S.C. 288.

## THIRTEENTH DEFENSE
### (COSTS BARRED IN ACTION FOR INFRINGEMENT
### OF A PATENT CONTAINING AN INVALID CLAIM)

36.     Plaintiffs do not have standing to sue for infringement of the '360 Patent.

## ADDITIONAL AFFIRMATIVE DEFENSES RESERVED

37.     Defendant reserves any and all additional affirmative defenses available to it under Title 35, U.S.C., or the rules, regulations, and law related thereto, the Federal Rules of Civil Procedure, the Rules of this Court, or otherwise in law or equity, now existing, or later arising, as may be discovered.

## COUNTERCLAIMS

Defendant/Counterclaimant The Regents, for its counterclaims assert Counterclaims against Plaintiffs/Counterdefendants NeuroGrafix, Image-Based Surgicenter ("IBSC"), Neurography Institute Medical Associates ("NIMA") and Washington Research Foundation ("WRF") (collectively, "Plaintiffs/Counterdefendants") as follows:

## PARTIES

1.     Defendant/Counterclaimant The Regents is a public corporation and agency of the State of California comprised of a 26-member board, established

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

under Article IX, Section 9 of the California Constitution.  The University of California is governed by The Regents.

2.      Upon information and belief, Plaintiff/Counterdefendant NeuroGrafix is a California corporation with its principal place of business in Santa Monica, California.

3.      Upon information and belief, Plaintiff/Counterdefendant NIMA is a California corporation with its principal place of business in Santa Monica, California.

4.      Upon information and belief, Plaintiff/Counterdefendant IBSC is a California corporation with its principal place of business in Santa Monica, California.

5.      Upon information and belief, Plaintiff/Counterdefendant WRF is a not-for profit corporation incorporated and existing under the laws of the State of Washington.

## JURISDICTION AND VENUE

6.  Defendant/Counterclaimant counterclaims against Plaintiffs/Counterdefendants pursuant to the patent laws of the United States, Title 35 of the United States Code, and laws authorizing actions for declaratory judgment in the courts of the United States, 28 U.S.C. §§ 2201 and 2202, and Federal Rule of Civil Procedure 13.

7.      This Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201(a), and 2202.

8.      This Court has personal jurisdiction over Plaintiffs/Counterdefendants by virtue, *inter alia,* of their filing of a complaint against Defendant in this Court.

9.      By virtue of the averments of Plaintiffs/Counterdefendants' complaint in this action and Defendant's answer thereto, an actual controversy exists between Plaintiffs/Counterdefendants and Defendant/Counterclaimant as to whether the '360 patent is invalid and/or not infringed by Defendant/Counterclaimant.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

## FIRST COUNTERCLAIM FOR RELIEF
### (Declaration of Non-Infringement of the '360 Patent)

10.  Defendant/Counterclaimant restates and incorporates by reference each of the averments of paragraphs 1 through 9 of its Counterclaims.

11.  Plaintiffs/Counterdefendants claim to be the owners of U.S. Patent No. 5,560,360 ("the '360 patent").

12.  Plaintiffs/Counterdefendants in this action allege infringement of the '360 patent by Defendant/Counterclaimant.

13.  Defendant/Counterclaimant is not infringing, has not infringed, and is not liable for any infringement of any valid claim of the '360 patent, and Plaintiffs/Counterdefendants are entitled to no relief for any claim in the Complaint for, *inter alia*, the reasons in paragraphs 1 through 36 of this Answer.

14.  Absent a declaration of non-infringement of the '360 patent, Plaintiffs/Counterdefendants will continue to assert the '360 patent against Defendant/Counterclaimant and will in this way cause damage to Defendant/Counterclaimant.

15.  Defendant/Counterclaimant seeks a declaration that it has not infringed and does not infringe the '360 patent and that it is not otherwise liable as an infringer.

## SECOND COUNTERCLAIM FOR RELIEF
### (Declaration of Invalidity of the '360 Patent)

16.  Defendant/Counterclaimant restates and incorporates by reference each of the averments of paragraphs 1 through 15 of its Counterclaims.

17.  Plaintiffs/Counterdefendants claim to be the owner of U.S. Patent No. 5,560,360.

18.  Plaintiffs/Counterdefendants in this action allege infringement of the '360 patent by Defendant/ Counterclaimant.

8

19.    The '360 patent is invalid for failure to meet one or more of the conditions for patentability specified in Title 35, U.S.C., or the rules, regulations, and law related thereto, including, without limitation, in 35 U.S.C. §§ 101, 102, 103, and 112, because the alleged invention lacks patentable subject matter; was used or known by others in this country or was patented or described in a publication before the date of the alleged invention; or was patented or described in a publication or was in public use or on sale for more than one year before the date of the patent applications; or was not invented by the named inventors; or was invented by another prior to the date of the alleged invention; or was obvious in view of the prior art; or is indefinite; or does not contain a proper written description; or does not disclose the best mode of the invention.

20.    Absent a declaration of invalidity of the '360 patent, Plaintiffs/Counterdefendants will continue to assert the '360 patent against Defendant/Counterclaimant and will in this way cause damage to Defendant/Counterclaimant.

21.    Defendant/Counterclaimant seeks a declaration that the claims of the '360 patent are invalid for failure to satisfy one or more of the conditions for patentability specified in Title 35, U.S.C., or the rules, regulations, and law related thereto, including, without limitation, in 35 U.S.C. §§ 101, 102, 103, and 112.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant/Counterclaimant prays for judgment with respect to Plaintiffs/Counterdefendants' Complaint, Defendant's Defenses and the above Counterclaims as follows:

a) that Plaintiffs/Counterdefendants' complaint be dismissed with prejudice and that the relief requested by Plaintiffs/Counterdefendants and any relief whatsoever in favor of Plaintiffs/Counterdefendants be denied;

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

9

b) for entry of judgment declaring that the claims of the '360 patent are not infringed by Defendant/Counterclaimant and that Defendant/Counterclaimant is not liable as an infringer;

c) for entry of judgment declaring that the claims of the '360 patent are invalid;

d) that the case be declared exceptional and that Defendant/Counterclaimant be awarded its attorneys' fees under 35 U.S.C. § 285 or as otherwise permitted by law;

e) all costs for suit under 28 U.S.C. §§ 54, 1920 or otherwise permitted by law; and

f) that Defendant/Counterclaimant has such other and further relief as the Court shall deem just and proper.

## JURY DEMAND

Defendant/Counterclaimant hereby requests a trial by jury of all issues so triable.

Dated:  January 18, 2012                    FENWICK & WEST LLP


                                            By:  /s/ Carolyn Chang
                                                 Carolyn Chang

                                            Attorneys for Defendant
                                            THE REGENTS OF THE
                                            UNIVERSITY OF CALIFORNIA

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

# Exhibit Q

JENNIFER A. SKLENAR (SBN 200434)
jennifer.sklenar@aporter.com
**ARNOLD & PORTER LLP**
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017
Telephone:   213-243-4000
Facsimile:    213-243-4199

*Attorneys for Proposed*
*Intervenor-Defendant/*
*Counter-Claimant*
*General Electric Company*

ORIGINAL

lodged prop order

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

FILED

2012 MAR 22 AM 10:

NEUROGRAFIX; NEUROGRAPHY
INSTITUTE MEDICAL ASSOCIATES, INC.;
IMAGE-BASED SURGICENTER
CORPORATION; and WASHINGTON
RESEARCH FOUNDATION,

        Plaintiffs,

        v.

THE REGENTS OF THE UNIVERSITY OF
CALIFORNIA,

        Defendant.

Case No. 2:11-cv-07591-MRP-RZ

**GENERAL ELECTRIC COMPANY'S
NOTICE OF MOTION TO INTERVENE
PURSUANT TO FED. R. CIV. P. 24 AND
MEMORANDUM IN SUPPORT**

Hearing Date: Monday, April 23, 2012
Time:             11:00 a.m.
Courtroom:    12
Judge:           Hon. Mariana R. Pfaelzer

GE Mot. To Intervene
Case No. 2:11-cv-07591-MRP-RZ

# **TABLE OF CONTENTS**

Page

I.   Preliminary Statement ................................................................................................. 1

II.  Statement Of Facts ..................................................................................................... 1

    A.   Plaintiffs' Allegations Implicate GE Products ................................................... 1

    B.   Plaintiffs Intend To Pursue Other GE Customers ............................................. 2

III. GE May Intervene As Of Right To Protect Its Interests In The Subject Matter Of This Action ........................................................................................................................ 2

IV.  Alternatively, GE Should Be Permitted To Intervene Because It Shares A Common Defense With UC ......................................................................................................... 4

V.   Conclusion ................................................................................................................. 4

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Ancora Techs., Inc. v. Toshiba Am. Info. Sys., Inc.,*
    No. CV 08-0626, 2008 WL 4326788 (C.D. Cal. Sept. 22, 2008) ................................. 3

*Arakaki v. Cavetano,*
    324 F.3d 1078 (9th Cir. 2003) ................................................. 2, 3

*Honeywell Int'l Inc. v. Audiovox Commc'ns Corp.,*
    No. Civ. A 04-1337, -1338, -1536, 2005 WL 2465898 (D. Del. May 18, 2005) ..................... 3, 4

*Reid v. General Motors Corp.,*
    240 F.R.D. 257 (E.D. Tex. 2006) ................................................. 5

*Stewart-Warner Corp. v. Westinghouse Elec. Corp.,*
    325 F.2d 822 (2d Cir. 1963) ................................................. 3

## RULES

Fed. R. Civ. P. 24(a) ................................................. 2

Fed. R. Civ. P. 24(b) ................................................. 4

1   PLEASE TAKE NOTICE that on April 23, 2012, or as soon thereafter as the matter may be
2   heard in Courtroom 12 of the above-titled Court, General Electric Company ("GE") will and hereby
3   does move the Court pursuant to Fed. R. Civ. P. 24 to intervene as a defendant and counter-claimant in
4   this matter. GE expects that its counter-claims would be for a declaration of non-infringement and
5   invalidity of the patent-in-suit.

6   **I.     PRELIMINARY STATEMENT**

7           In their recently-served infringement contentions, Plaintiffs NeuroGrafix, Neurography
8   Institute Medical Associates, Inc., Image-Based Surgicenter Corporation and Washington Research
9   Foundation (collectively, "Plaintiffs") accused Defendant, the Regents of the University of California
10  ("UC"), of infringing the patent-in-suit based, in part, upon UC's alleged use of seven GE magnetic
11  resonance ("MR") imaging products. As a manufacturer of the accused products and an indemnitor of
12  UC, GE should be permitted to intervene to protect its interests with respect to the products alleged to
13  infringe in this case. In addition, Plaintiffs have stated publicly that they intend to assert their patent
14  rights against purported "unlicensed infringers," and have specifically identified "users of MRI
15  equipment from GE" other than UC as their targets. Thus, GE also has a substantial interest beyond
16  the instant case in intervening to defend its products against Plaintiffs' claims.

17  **II.    STATEMENT OF FACTS**

18          **A.     Plaintiffs' Allegations Implicate GE Products**

19          Plaintiffs filed a lawsuit on October 15, 2010, asserting multiple state law claims against UC
20  relating to UC's alleged use of neurography. (Dkt. 1, Ex. A.) In exchange for Plaintiffs' dismissal of
21  its state law claims and its agreement not to pursue those or any other state law claims against UC, UC
22  waived its sovereign immunity as to a patent infringement cause of action in federal court. (Dkt. 1 ¶ 9
23  & Ex. A.)

24          Plaintiffs filed this action on September 14, 2011, alleging that UC infringes U.S. Patent No.
25  5,560,360, entitled "Image Neurography and Diffusion Anisotropy Imaging" (the "'360 patent"). (*Id.*
26  ¶¶ 1, 11). The complaint did not identify any accused products. (*See generally id.* ¶¶ 14-15, 17-18.)
27  On March 9, 2012, Plaintiffs served a Disclosure of Asserted Claims and Infringement Contentions,
28  identifying 20 asserted claims and identifying for the first time the specific accused devices. (Sklenar

-1-

1  Decl., Ex. 1 [Mar. 9 contentions] at 1-2, 3 (listing six GE products).)  Plaintiffs amended their

2  contentions three days later, accusing a total of seven GE products:  GE 1.5T SignaHDx, GE Signa

3  LX, GE 1.5T Signa, GE 1.5T Signa Echospeed, GE 1.5T EXCITE HD, GE 3T Signa HD, GE 3T

4  EXCITE, and related software.  (*Id.*, Ex. 2 [Mar. 12 contentions] at 2.)  UC has notified GE that it may

5  be required to defend and indemnify UC in this matter.

6        **B.    Plaintiffs Intend To Pursue Other GE Customers**

7        NeuroGrafix has publicly indicated that it intends to assert the '360 patent against other GE

8  customers, and warned GE customers that they must obtain a license from NeuroGrafix.  Its website

9  contains the following statement dated November 23, 2011:

10       At this time, ***NeuroGrafix advises & reminds users of MR Neurography, Diffusion
         Tensor Imaging (DTI, HARDI, and Q-Ball), or Diffusion Subtraction Neurography
11       that they may be infringing US Patent 5,560,360*** and its foreign equivalents if they are
         in the US, Japan, Europe, Canada or Australia ***if neither they nor their MRI
12       manufacturer has a license***.  Please contact NeuroGrafix by email with any inquiries.

13       ***There may be no license in place for users of MRI equipment from GE***, Philips,
14       Toshiba, or BrainLab.

15       Patent infringement litigation between NeuroGrafix and the Regents of the University
         of California is ongoing in U.S. Federal District Court.
16
         ***Aaron Filler, MD, PhD, the CEO of NeuroGrafix says: "NeuroGrafix intends to
17       continue to assert its patent rights against unlicensed infringers."***

18  (Sklenar Decl., Ex. 3 [Nov. 23, 2011 Press Release] (emphasis added).)

19  **III.   GE MAY INTERVENE AS OF RIGHT TO PROTECT ITS INTERESTS IN THE
20           SUBJECT MATTER OF THIS ACTION**

21       As the manufacturer of seven products accused of infringing the '360 patent, GE should be

22  permitted to intervene in this matter as of right.  Under Rule 24(a), intervention is appropriate where:

23       (1) the applicant [] timely move[s] to intervene; (2) the applicant [has] a significantly
         protectable interest relating to the property or transaction that is the subject of the
24       action; (3) the applicant [is] situated such that the disposition of the action may impair
         or impede the party's ability to protect that interest; and (4) the applicant's interest [is
25       not] adequately represented by existing parties.

26  *Arakaki v. Cavetano*, 324 F.3d 1078, 1083 (9th Cir. 2003) (citation omitted); *see also* Fed. R. Civ. P.

27  24(a).  Rule 24(a) "traditionally receives liberal construction in favor of applicants for intervention."

28  *Arakaki*, 324 F.3d at 1083 (citation omitted).

-2-

GE Mot. To Intervene
Case No. 2:11-cv-07591-MRP-RZ

1   GE meets each of Rule 24(a)'s requirements. *First*, GE's motion is timely. NeuroGrafix just
2   served infringement contentions on March 9 and March 12, 2012 that identified for the first time in this
3   action the specific accused products. (Part II.A, *supra*.) In addition, this case is still in its early stages.
4   A case management conference was held on February 28, 2011. (Dkt. 44.) A Markman hearing was
5   set for May 1, 2012 with simultaneous briefs due on April 20, 2012. (*Id.*) In addition, defendant's
6   invalidity contentions are due on April 9, 2012. (Feb. 28, 2012 Tr.)

7   *Second*, GE has a significant, protectable interest in the subject matter of this litigation as the
8   manufacturer of seven accused devices. As this Court found in *Ancora Techs., Inc. v. Toshiba Am.*
9   *Info. Sys., Inc.*, No. CV 08-0626, 2008 WL 4326788 (C.D. Cal. Sept. 22, 2008), a manufacturer "has
10  an obvious and direct interest in defending its [] customers in their use of Applicant's [] technology."
11  *Id.* at *1 (granting software manufacturer's unopposed motion to intervene in infringement case against
12  its customers who were accused of infringement based upon their use of Applicant's software and
13  technology); *see also Honeywell Int'l Inc. v. Audiovox Commc'ns Corp.*, No. Civ. A 04-1337, -1338, -
14  1536, 2005 WL 2465898, *2-4 (D. Del. May 18, 2005) (granting manufacturers' motions to intervene
15  under Rule 24(a) based upon "compelling interest" where customers' liability depended upon whether
16  manufacturers' components infringed); *see also Stewart-Warner Corp. v. Westinghouse Elec. Corp.*,
17  325 F.2d 822, 825 (2d Cir. 1963) ("[t]here is no doubt of the propriety of [the] intervention as the
18  manufacturer and vendor ... of equipment alleged by [plaintiff] to be an infringement...").

19  *Third*, if GE is not permitted to intervene, its ability to protect its interests will be impaired. As
20  described above, GE's products are directly at issue. *See Honeywell*, 2005 WL 2465898 at *4
21  (manufacturer "can rightly claim that its interests will be impaired or affected, as a practical matter, by
22  the disposition of the action, unless it is involved in the case directly and able to make its positions
23  known"). All of GE's customers potentially face litigation with Plaintiffs over the '360 patent, as does
24  GE itself. (Sklenar Decl., Ex. 3.) This raises the very real possibility that multiple '360 infringement
25  suits will be pending in various forums throughout the country that concern GE's products, leading to
26  increased discovery burdens for GE (which undoubtedly will be requested to provide technical
27  information and to identify deponents with knowledge regarding the accused products) and
28  inconsistent outcomes across the various cases as a result of different courts and different juries

-3-

GE Mot. To Intervene
Case No. 2:11-cv-07591-MRP-RZ

deciding similar issues. Moreover, in the event that GE must indemnify its customers in the event that they are found to infringe (or in the event that they settle with Plaintiffs to avoid litigation), Plaintiffs may receive a windfall – one recovery from GE's customers and then another against GE itself.

*Fourth*, it is unlikely that UC can adequately represent GE's interests in this matter in the absence of GE. GE "is uniquely situated to understand and defend its own product[s]." *Honeywell*, 2005 WL 2465898 at \*4 (manufacturer's interest would not be adequately represented by customers). In addition, UC has no relationship with GE's other customers, and thus has no incentive to consider their interests – or GE's – in litigating this case (or settling with Plaintiffs).

For all of these reasons, GE should be permitted to intervene as of right in order to protect its interests.

## IV. ALTERNATIVELY, GE SHOULD BE PERMITTED TO INTERVENE BECAUSE IT SHARES A COMMON DEFENSE WITH UC

Even if GE may not intervene as of right, this Court should exercise its discretionary authority under Rule 24(b) and permit intervention based upon GE's "claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). As the manufacturer of products accused in this matter, GE's anticipated defenses and counterclaims of non-infringement and invalidity would be based upon the same questions of law and fact as Plaintiffs' claims. Accordingly, permissive intervention is appropriate. *Reid v. General Motors Corp.*, 240 F.R.D. 257, 260 (E.D. Tex. 2006) (granting manufacturer's motion to intervene under Rule 24(b) in lawsuit against its customers where plaintiff contended that manufacturer's software is a substantial part of the allegedly infringing system).

## V. CONCLUSION

For the reasons set forth above, GE requests that this Court grant its motion to intervene in this matter as of right under Rule 24(a), or alternatively, that this Court permit GE to intervene pursuant to Rule 24(b).

1  Dated:  March 22, 2012                    Respectfully submitted,

2                                     By:  _____

3                                          Jennifer A. Sklenar (SBN 200434)
                                           **ARNOLD & PORTER LLP**
4                                          44th Floor
                                           777 South Figueroa Street
5                                          Los Angeles, CA  90017
                                           Telephone:  (213) 243-4000
6                                          Facsimile:   (213) 243-4199
                                           Email:        jennifer.sklenar@aporter.com
7
8                                          OF COUNSEL:

9                                          Matthew M. Wolf
                                           **ARNOLD & PORTER LLP**
10                                         555 Twelfth Street, N.W.
                                           Washington, DC  20004
11                                         Telephone:  (202) 942-5000
                                           Facsimile:   (202) 942-5999
12                                         Email:        matthew.wolf@aporter.com

13                                         *Attorneys for Proposed Intervenor-Defendant/*
                                           *Counter-Claimant General Electric Company*
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## CERTIFICATE OF SERVICE

2

    I hereby certify that, on March 22, 2012, a copy of General Electric Company's Motion To

3

Intervene and all supporting documents were filed manually with the Clerk of Court. Copies of the

4

documents have been served on the following counsel of record via electronic and regular U.S. mail:

5

        Adam Hoffman (ahoffman@raklaw.com)
        Alexander C.D. Giza (agiza@raklaw.com)

6

        Andrew D. Weiss (aweiss@raklaw.com)
        Fredricka Ung (fung@raklaw.com)

7

        Marc A. Fenster (mfenster@raklaw.com)
        **Russ, August and Kabat**

8

        12424 Wilshire Blvd., 12th Floor
        Los Angeles, CA 90025

9

        Heather N. Mewes (hmewes@fenwick.com)

10

        Jennifer Jane Johnson (jjjohnson@fenwick.com)
        **Fenwick & West LLP**

11

        555 California Street
        San Francisco, CA 94041

12

        Jeffrey V. Lasker (jlasker@fenwick.com)

13

        Meredith L. Erdman (merdman@fenwick.com)
        **Fenwick & West LLP**

14

        801 California Street
        Mountain View, CA 94041

15

        Carolyn C. Chang (cchang@fenwick.com)

16

        **Fenwick & West LLP**
        275 Battery Street, 16th Floor

17

        San Francisco, CA 94111

18

19

20

        Jennifer A. Sklenar

21

22

23

24

25

26

27

28

# Exhibit R

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:11-cv-07591-MRP-RZ | Date | April 3, 2012 |
| Title | NeuroGrafix et al v. Regents of the University of California | | |

Present: The Honorable    Mariana R. Pfaelzer, Senior U.S. District Judge

| | |
|---|---|
| Courtroom Clerk: | Cynthia Salyer |
| Court Reporter: | None. |
| Attorneys Present for Plaintiffs: | None. |
| Attorneys Present for Defendants: | None. |

**Proceedings:**        **IN CHAMBERS**

On Thursday, March 22, 2012, General Electric Company ("GE") filed a motion to intervene pursuant to Fed. R. Civ. P. 24.  ECF No. 48.  Plaintiffs oppose that motion.  The Court has received Plaintiffs' opposition and determines that the matter is appropriate for disposition without further briefing.

According to GE, Plaintiffs have accused Defendant Regents of the University of California ("the Regents") of infringing Plaintiffs' U.S. Patent No. 5,560,360 ("the '360 patent") by their use of GE's magnetic resonance ("MR") imaging products.  Thus, GE may be required to defend and indemnify the Regents. GE therefore has substantial interest in the outcome of this action.  Having read and considered GE's motion and Plaintiffs' opposition, and concluding that no oral argument would aid the Court in a decision, the Court **GRANTS** the motion to intervene.  The scope of GE's intervention shall be limited to the patent claims asserted by Plaintiffs against the Regents.  Fed. R. Civ. P. 24, 1966 Advisory Committee Notes ("An intervention . . . may be subject to appropriate conditions or restrictions responsive among other things to the requirement of efficient conduct of the proceedings.").

At the time GE filed its motion to intervene, the Regents filed an *ex parte* application to reschedule case deadlines.  ECF No. 51.  Given GE's intervention in this case, a brief extension is appropriate.  The application is **GRANTED** and the parties will adhere to the proposed schedule in the Regent's request.  Further extensions will not be granted.

IT IS SO ORDERED.

|  | : | 00 |
|---|---|---|

Initials of Deputy
Clerk

Exhibit S

# UNITED STATES DISTRICT COURT for the CENTRAL DISTRICT OF CALIFORNIA (Western Division - Los Angeles)
## CIVIL DOCKET FOR CASE #: 2:11-cv-07591-MRP-RZ

NeuroGrafix et al v. The Regents of the University of California
Assigned to: Judge Mariana R. Pfaelzer
Referred to: Magistrate Judge Ralph Zarefsky
Related Case: 2:10-cv-01990-MRP -RZ
Cause: 35:271 Patent Infringement

Date Filed: 09/14/2011
Jury Demand: Both
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

## Plaintiff

**NeuroGrafix**
*a California corporation*

represented by **Adam S Hoffman**
Russ August and Kabat
12424 Wilshire Boulevard 12th Floor
Los Angeles, CA 90025
310-826-7474
Fax: 310-826-6991
Email: ahoffman@raklaw.com
*ATTORNEY TO BE NOTICED*

**Alexander C D Giza**
Russ August & Kabat
12424 Wilshire Blvd Suite 1200
Los Angeles, CA 90025
310-826-7474
Fax: 310-826-6991
Email: agiza@raklaw.com
*ATTORNEY TO BE NOTICED*

**Andrew David Weiss**
Russ August & Kabat
12424 Wilshire Boulevard Suite 1200
Los Angeles, CA 90025
310.826-7474
Fax: 310.826.6991
Email: aweiss@raklaw.com
*ATTORNEY TO BE NOTICED*

**Fredricka Ung**
Russ August & Kabat
12424 Wilshire Boulevard 12th Floor
Los Angeles, CA 90025
310-826-7474
Fax: 310-826-6991
Email: fung@raklaw.com
*ATTORNEY TO BE NOTICED*

**Marc A Fenster**
Russ August and Kabat
12424 Wilshire Boulevard 12th Floor
Los Angeles, CA 90025
310-826-7474
Fax: 310-826-6991
Email: mfenster@raklaw.com

**Plaintiff**

**Neurography Institute Medical Associates Inc**     represented by **Adam S Hoffman**
                                                    (See above for address)
*a California corporation*                          *ATTORNEY TO BE NOTICED*

                                                    **Alexander C D Giza**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Andrew David Weiss**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Fredricka Ung**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Marc A Fenster**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Image-Based Surgicenter Corporation**     represented by **Adam S Hoffman**
*a California corporation*                              (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Alexander C D Giza**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Andrew David Weiss**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Fredricka Ung**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Marc A Fenster**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Washington Research Foundation**     represented by **Bradley William Gunning**
*a not-for-profit Washington corporation*            K & L Gates LLP
                                                     10100 Santa Monica Boulevard 7th Floor
                                                     Los Angeles, CA 90067
                                                     310-552-5000
                                                     Fax: 310-552-5001
                                                     Email: brad.gunning@klgates.com
                                                     *TERMINATED: 06/15/2012*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Marc A Fenster**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

V.

**Intervenor Plaintiff**

| | | |
|---|---|---|
| **General Electric Company** | represented by | **Ali R Sharifahmadian**<br>Arnold and Porter LLP<br>555 Twelfth Street NW<br>Washington, DC 20004-1206<br>202-942-5000<br>Fax: 202-942-5999<br>Email: ali.sharifahmadian@aporter.com<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED* |

**Brian Martinez**
Arnold and Porter LLP
777 South Figueroa Street 44th Floor
Los Angeles, CA 90017
213-243-4000
Fax: 213-243-4199
Email: brian.martinez@aporter.com
*ATTORNEY TO BE NOTICED*

**Jennifer Anne Sklenar**
Arnold and Porter LLP
777 South Figueroa Street 44th Floor
Los Angeles, CA 90017
213-243-4000
Fax: 213-243-4199
Email: jennifer.sklenar@aporter.com
*ATTORNEY TO BE NOTICED*

**Marc A Cohn**
Arnold and Porter LLP
555 Twelfth Street NW
Washington, DC 20004
202-243-4000
Fax: 202-243-4199
Email: Marc.Cohn@aporter.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Matthew M Wolf**
Arnold and Porter LLP
555 Twelfth Street NW
Washington, DC 20004-1206
202-942-5462
Fax: 202-942-5999
Email: matthew.wolf@aporter.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael Elliot Ginsberg**
Arnold and Porter LLP
555 Twelfth Street NW
Washington, DC 20004-1206
202-942-5000
Fax: 202-942-5999

Email: michael.ginsberg@aporter.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Regents of the University of California**                    represented by   **Heather N Mewes**
*The*                                                                          Fenwick & West LLP
                                                                               555 California St
                                                                               San Francisco, CA 94041
                                                                               415-975-2300
                                                                               Fax: 415-281-1350
                                                                               *TERMINATED: 06/07/2012*
                                                                               *ATTORNEY TO BE NOTICED*

                                                                               **Jeffrey Virnelson Lasker**
                                                                               Fenwick and West
                                                                               801 California Street
                                                                               Mountain View, CA 94041
                                                                               650-988-8500
                                                                               Email: jlasker@fenwick.com
                                                                               *ATTORNEY TO BE NOTICED*

                                                                               **Jennifer Jane Johnson**
                                                                               Fenwick & West LLP
                                                                               555 California Street 12th Floor
                                                                               San Francisco, CA 94104
                                                                               415-875-2300
                                                                               Fax: 415-281-1350
                                                                               Email: jjjohnson@fenwick.com
                                                                               *ATTORNEY TO BE NOTICED*

                                                                               **Jennifer Anne Sklenar**
                                                                               (See above for address)
                                                                               *ATTORNEY TO BE NOTICED*

                                                                               **Meredith L Erdman**
                                                                               Fenwick & West LLP
                                                                               801 California Street
                                                                               Mountain View, CA 94041
                                                                               650-988-8500
                                                                               Fax: 650-938-5200
                                                                               Email: merdman@fenwick.com
                                                                               *ATTORNEY TO BE NOTICED*

                                                                               **Michael A Molano**
                                                                               Mayer Brown Rowe and Maw
                                                                               Two Palo Alto Square
                                                                               3000 El Camino Real Suite 300
                                                                               Palo Alto, CA 94306-2112
                                                                               650-331-2040
                                                                               Fax: 650-331-2060
                                                                               Email: mmolano@mayerbrown.com
                                                                               *ATTORNEY TO BE NOTICED*

                                                                               **Carolyn C Chang**
                                                                               Fenwick and West LLP

801 California Street
Mountain View, CA 94041
650 988-8500
Fax: 650 938-5200
Email: cchang@fenwick.com
*ATTORNEY TO BE NOTICED*

V.

**Intervenor Defendant**

**Neurography Institute Medical Associates Inc**         represented by   **Alexander C D Giza**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Andrew David Weiss**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Fredricka Ung**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Marc A Fenster**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**NeuroGrafix**                                         represented by   **Alexander C D Giza**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Andrew David Weiss**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Fredricka Ung**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Marc A Fenster**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**Image-Based Surgicenter Corporation**                 represented by   **Alexander C D Giza**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Andrew David Weiss**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Fredricka Ung**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Marc A Fenster**
(See above for address)

**Intervenor Defendant**

**Washington Research Foundation**          represented by **Bradley William Gunning**
(See above for address)
*TERMINATED: 06/15/2012*
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Neurography Institute Medical Associates Inc**    represented by **Adam S Hoffman**
(See above for address)
*ATTORNEY TO BE NOTICED*

*a California corporation*

**Alexander C D Giza**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Andrew David Weiss**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Fredricka Ung**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Marc A Fenster**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**NeuroGrafix**                             represented by **Adam S Hoffman**
*a California corporation*                  (See above for address)
*ATTORNEY TO BE NOTICED*

**Alexander C D Giza**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Andrew David Weiss**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Fredricka Ung**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Marc A Fenster**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Image-Based Surgicenter Corporation**     represented by **Adam S Hoffman**
*a California corporation*                  (See above for address)
*ATTORNEY TO BE NOTICED*

**Alexander C D Giza**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Andrew David Weiss**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Fredricka Ung**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Marc A Fenster**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Counter Claimant**</u>

**Washington Research Foundation**              represented by   **Bradley William Gunning**
*a not-for-profit Washington corporation*                         (See above for address)
                                                                  *TERMINATED: 06/15/2012*
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Marc A Fenster**
                                                                  (See above for address)
                                                                  *ATTORNEY TO BE NOTICED*

V.

<u>**Counter Defendant**</u>

**General Electric Company**                     represented by   **Ali R Sharifahmadian**
                                                                  (See above for address)
                                                                  *PRO HAC VICE*
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Brian Martinez**
                                                                  (See above for address)
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Jennifer Anne Sklenar**
                                                                  (See above for address)
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Marc A Cohn**
                                                                  (See above for address)
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Matthew M Wolf**
                                                                  (See above for address)
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Michael Elliot Ginsberg**
                                                                  (See above for address)
                                                                  *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/14/2011 | 1 | COMPLAINT against Defendant The Regents of the University of California. Case assigned to Judge Margaret M. Morrow for all further proceedings. Discovery referred to Magistrate Judge Fernando M. Olguin. (Filing fee $ 350 Paid.) Jury Demanded., filed by Plaintiffs Neurography Institute Medical Associates Inc, NeuroGrafix, Image-Based Surgicenter Corporation, Washington |

| | | |
|---|---|---|
| | | Research Foundation. [Summons not issued on 9/14/2011 (et) (Additional attachment(s) added on 9/15/2011: # 1 Part 2, # 2 Ntc of Asgmt, # 3 CivIF Cover Sheet) (mg) (Additional attachment(s) added on 9/19/2011: # 4 summons issued) (bp). (Entered: 09/15/2011) |
| 09/14/2011 | 2 | CERTIFICATION AND NOTICE of Interested Parties filed by Plaintiffs Image-Based Surgicenter Corporation, NeuroGrafix, Neurography Institute Medical Associates Inc, identifying Other Affiliate Washington Research Foundation, Other Affiliate Providence Investment Company Limited for NeuroGrafix. (et) (mg). (Entered: 09/15/2011) |
| 09/14/2011 | 3 | CERTIFICATION AND NOTICE of Interested Parties filed by Plaintiff Washington Research Foundation, identifying Other Affiliate University of Washington for Washington Research Foundation. (et) (mg). (Entered: 09/15/2011) |
| 09/14/2011 | 4 | REPORT ON THE FILING OF AN ACTION Regarding a Patent or a Trademark (Initial Notification) filed by Image-Based Surgicenter Corporation, NeuroGrafix, Neurography Institute Medical Associates Inc, Washington Research Foundation. (et) (Entered: 09/15/2011) |
| 09/14/2011 | 5 | NOTICE TO PARTIES OF ADR PROGRAM filed. (et) (Entered: 09/15/2011) |
| 09/14/2011 | 6 | NOTICE of Related Case(s) filed by Plaintiffs Image-Based Surgicenter Corporation, NeuroGrafix, Neurography Institute Medical Associates Inc. Related case: CV 10-1990 MRP. (RZx) (mg) Modified on 9/15/2011 (mg). (Entered: 09/15/2011) |
| 09/14/2011 | 7 | CORPORATE DISCLOSURE STATEMENT filed by Plaintiffs Image-Based Surgicenter Corporation, NeuroGrafix, Neurography Institute Medical Associates Inc. (et) (mg). (Entered: 09/15/2011) |
| 09/14/2011 | 8 | CORPORATE DISCLOSURE STATEMENT filed by Plaintiff Washington Research Foundation identifying Other Affiliate University of Washington for Washington Research Foundation. (et) (mg). (Entered: 09/15/2011) |
| 09/15/2011 | | 21 DAY Summons Issued re Complaint - (Discovery), 1 as to Defendant Regents of the University of California. (bp) (Entered: 09/19/2011) |
| 09/20/2011 | 9 | ORDER RE TRANSFER PURSUANT TO GENERAL ORDER 08-05 -Related Case- filed. Related Case No: CV 10-01990 MRP(RZx). Case transferred from Judge Margaret M. Morrow and Magistrate Judge Fernando M. Olguin to Judge Mariana R. Pfaelzer and Magistrate Judge Ralph Zarefsky for all further proceedings. The case number will now reflect the initials of the transferee Judge CV 11-07591 MRP(RZx).Signed by Judge Mariana R. Pfaelzer (rn) (Entered: 09/20/2011) |
| 09/23/2011 | 10 | PROOF OF SERVICE Executed by Plaintiff NeuroGrafix, upon Defendant Regents of the University of California served on 9/16/2011, answer due 10/7/2011. Service of the Summons and Complaint were executed upon Rahni Singh, Authorized Agent in compliance with Federal Rules of Civil Procedure by personal service. Original Summons NOT returned. (Weiss, Andrew) (Entered: 09/23/2011) |
| 10/04/2011 | 11 | First STIPULATION Extending Time to Answer the complaint as to Regents of the University of California answer now due 10/28/2011, re Complaint - (Discovery), Complaint - (Discovery), Complaint - (Discovery) 1 filed by Defendant Regents of the University of California.(Chang, Carolyn) (Entered: 10/04/2011) |
| 10/25/2011 | 12 | Second STIPULATION Extending Time to Answer the complaint as to Regents of the University of California answer now due 11/4/2011, re Complaint - (Discovery), Complaint - (Discovery), Complaint - (Discovery) 1 filed by Defendant The Regents Of The University of California Regents of the University of California.(Chang, Carolyn) (Entered: 10/25/2011) |
| 10/28/2011 | 13 | NOTICE of Appearance filed by attorney Jennifer Jane Johnson on behalf of Defendant Regents of the University of California (Johnson, Jennifer) (Entered: 10/28/2011) |
| 11/03/2011 | 14 | Third STIPULATION for Extension of Time to File Answer to November 11, 2011 re Complaint - (Discovery), Complaint - (Discovery), Complaint - (Discovery) 1 filed by Defendant The Regents of the University of California Regents of the University of California. (Attachments: # 1 Proposed Order)(Chang, Carolyn) (Entered: 11/03/2011) |

| 11/04/2011 | 15 | ORDER by Judge Mariana R. Pfaelzer The Joint Stipulation between Plaintiffs and Defendant, hereby orders that: Defendant shall have an extension of 7 days from November 4, 2011 to file its response to Plaintiffs Complaint. Defendant must file its response by November 11, 2011. (cs) (Entered: 11/08/2011) |
|---|---|---|
| 11/14/2011 | 16 | NOTICE OF MOTION AND MOTION to Dismiss for Lack of Jurisdiction filed by Defendant Regents of the University of California. (Attachments: # 1 Proposed Order)(Chang, Carolyn) (Entered: 11/14/2011) |
| 11/14/2011 | 17 | NOTICE of Manual Filing filed by Defendant Regents of the University of California of Memorandum In Support of Motion to Dismiss; Declararation of Carolyn Chang; Application to File Under Seal and Proposed Order. (Chang, Carolyn) (Entered: 11/14/2011) |
| 11/15/2011 | 18 | NOTICE of Appearance filed by attorney Heather N Mewes on behalf of Defendant Regents of the University of California (Mewes, Heather) (Entered: 11/15/2011) |
| 11/15/2011 | 20 | SEALED DOCUMENT- Application to File Under Seal. (mat) (Entered: 11/29/2011) |
| 11/15/2011 | 21 | SEALED DOCUMENT- Declaration of Carolyn Chang in Support of Defendant The Regents of The University of California's MOTION TO DISMISS PLAINTIFFS NEUROGRAFIX, NEUROGRAPHY INSTITUTEMEDICAL ASSOCIATES, INC. AND IMAGE-BASED SURGICENTER UNDER RULE 12(B)(1) FOR LACK OF STANDING.(mat) (Entered: 11/29/2011) |
| 11/15/2011 | 22 | SEALED DOCUMENT- Defendant's Memorandum of Points and Authorities in Support of its MOTION TO DISMISS PLAINTIFFS NEUROGRAFIX, NEUROGRAPHY INSTITUTE MEDICAL ASSOCIATES, INC. AND IMAGE-BASED SURGICENTER UNDER RULE 12(B)(1) FOR LACK OF STANDING. (mat) (Entered: 11/29/2011) |
| 11/15/2011 | 23 | SEALED DOCUMENT- Order Granting Application to File Under Seal. (mat) (Entered: 11/29/2011) |
| 11/21/2011 | 19 | MINUTES RE RESETTING DEFENDANT'S MOTION TO DISMISS 16 AND BRIEFINGSCHEDULE by Judge Mariana R. Pfaelzer. The Court on its on motion advances the Motion to Dismiss currently scheduled for Monday, January 2, 2012 at 11:00 a.m.(which is a court holiday) to Thursday, December 22, 2011 at 11:00 a.m. The Clerk having conferred with both parties have agreed upon a revised briefing schedule as follows: Opposition will be due on December 9, 2011 and Replies will be due on December 19, 2011. (lom) (Entered: 11/23/2011) |
| 12/06/2011 | 24 | NOTICE of Appearance filed by attorney Adam Hoffman on behalf of Plaintiff NeuroGrafix (Hoffman, Adam) (Entered: 12/06/2011) |
| 12/09/2011 | 25 | NOTICE of Manual Filing filed by Plaintiff NeuroGrafix of Application To File Under Seal; Proposed Order Granting Application To File Under Seal; OPPOSITION TO DEFENDANTS MOTION TO DISMISS PLAINTIFFS NEUROGRAFIX, NEUROGRAPHY INSTITUTE MEDICAL ASSOCIATES, INC. AND IMAGE-BASED SURGICENTER UNDER RULE 12(B) (1) FOR LACK OF STANDING. (Fenster, Marc) (Entered: 12/09/2011) |
| 12/09/2011 | 26 | DECLARATION of Fredricka Ung In Support of Opposition MOTION to Dismiss for Lack of Jurisdiction 16 *DECLARATION OF FREDRICKA UNG IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS MOTION TO DISMISS PLAINTIFFS NEUROGRAFIX, NEUROGRAPHY INSTITUTE MEDICAL ASSOCIATES, INC. AND IMAGE-BASED SURGICENTER UNDER RULE 12(B)(1) FOR LACK OF STANDING* filed by Plaintiff NeuroGrafix. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Ung, Fredricka) (Entered: 12/09/2011) |
| 12/09/2011 | 27 | APPLICATION to file under seal: Plaintiffs' Opposition to Defendant's Motion to Dismiss Plaintiffs NeuroGrafix, Neurography Institute Medical Associates, Inc. and Image-Based Surgicenter Under Rule 12(b)(1) for Lack of Standing filed by Plaintiffs Image-Based Surgicenter Corporation, NeuroGrafix, Neurography Institute Medical Associates Inc. Lodged [Prop] Order. (lom) (Entered: 12/13/2011) |
| 12/12/2011 | 28 | ORDER by Judge Mariana R. Pfaelzer: granting 27 Plaintiff's Application to file under seal: |

| | | Plaintiffs' Opposition to Defendant's Motion to Dismiss Plaintiffs NeuroGrafix, Neurography Institute Medical Associates, Inc. and Image-Based Surgicenter Under Rule 12(b)(1) for Lack of Standing. (lom) (Entered: 12/19/2011) |
|---|---|---|
| 12/12/2011 | 30 | SEALED DOCUMENT- Opposition to Defendant's Motion to Dismiss Plaintiffs Neurografix, Neurography Institute Medical Associates, Inc. and Image-Based Surgicenter Under Rule 12(B)(1) for Lack of Standing. (mat) (Entered: 12/19/2011) |
| 12/19/2011 | 29 | NOTICE of Manual Filing filed by Defendant Regents of the University of California of Defendant's Reply Memo ISO Motion to Dismiss; Application to File Under Seal; [Proposed] Order. (Chang, Carolyn) (Entered: 12/19/2011) |
| 12/21/2011 | 31 | MINUTE ORDER IN CHAMBERS by Judge Mariana R. Pfaelzer. The Court on its own motion advances the Motion to Dismiss currently scheduled for Thursday, December 22, 2011 at 11:00 a.m. to Thursday December 22, 2011 at 10:00 a.m. 19 (cs) (Entered: 12/21/2011) |
| 12/21/2011 | 32 | MINUTES IN CHAMBERS: RESETTING DEFENDANT'S MOTION TO DISMISS AND BRIEFING SCHEDULE by Judge Mariana R. Pfaelzer. The Court on its own motion advances the Motion to Dismiss 16 currently scheduled for Thursday, December 22, 2011 at 11:00 a.m. to Thursday December 22, 2011 at 10:00 a.m. (lom) (Entered: 12/21/2011) |
| 12/21/2011 | 33 | SEALED DOCUMENT- APPLICATION to File Under Seal. (mat) (Entered: 12/29/2011) |
| 12/21/2011 | 34 | SEALED DOCUMENT- ORDER Granting Application to File Under Seal. (mat) (Entered: 12/29/2011) |
| 12/21/2011 | 35 | SEALED DOCUMENT- Defendant's Reply MEMORANDUM of Points and Authorities in Support of its Motion to Dismiss Plaintiffs Neurografix, Neurography Institute Medical Associates, Inc. and Image-Based Surgicenter Under Rule 12(b)(1) for Lack of Standing. (mat) (Entered: 12/29/2011) |
| 12/22/2011 | 36 | MINUTES OF HEARING (held and completed) ON: DEFENDANT'S MOTION TO DISMISS PLAINTIFFS NEUROGRAFIX, NEUROGRAPHY INSTITUTE MEDICAL ASSOCIATES, INC., AND IMAGE-BASED SURGICENTER UNDER RULE 12 (B)(1) FOR LACK OF STANDING (fld 11/14/2011) 16 before Judge Mariana R. Pfaelzer. Court and counsel discuss the status of the case and the pending motion. The Court takes the motion under submission and its order will follow. Court Reporter: Wil Wilcox. (lom) (Entered: 01/03/2012) |
| 01/04/2012 | 37 | MINUTES ORDER by Judge Mariana R. Pfaelzer. DENYING 16 Motion to Dismiss for Lack of Jurisdiction - See Order for further details. (cs) (Entered: 01/04/2012) |
| 01/18/2012 | 38 | ANSWER to Complaint - (Discovery), Complaint - (Discovery), Complaint - (Discovery) 1 with JURY DEMAND filed by Defendant Regents of the University of California.(Chang, Carolyn) (Entered: 01/18/2012) |
| 01/19/2012 | 39 | CORPORATE DISCLOSURE STATEMENT *and Certificate of Interested Parties* filed by Defendant Regents of the University of California (Chang, Carolyn) (Entered: 01/19/2012) |
| 01/20/2012 | 40 | MINUTE ORDER IN CHAMBERS setting Case Management Conference for 2/27/2012 11:00 AM before Judge Mariana R. Pfaelzer. See Order for further details and dates. (cs) (Entered: 01/20/2012) |
| 02/10/2012 | | IN CHAMBERS MINUTE ORDER by Judge Mariana R. Pfaelzer. The Court on its motion continues the Case Management Conference Set for Monday, February 27, 2012 at 11:00 a.m. to Tuesday, February 28, 2012 at 1:30 p.m. 40 THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY.(cs) TEXT ONLY ENTRY (Entered: 02/10/2012) |
| 02/14/2012 | 41 | RESPONSE filed by Plaintiff NeuroGrafixto Answer to Complaint (Discovery) 38 *PLAINTIFFS ANSWER TO THE COUNTERCLAIMS OF THE REGENTS OF THE UNIVERSITY OF CALIFORNIA* (Fenster, Marc) (Entered: 02/14/2012) |
| 02/21/2012 | 42 | STATUS REPORT *PARTIES' JOINT INITIAL CASE MANAGEMENT CONFERENCE STATEMENT AND RULE 26(F) REPORT* filed by Plaintiff NeuroGrafix. (Fenster, Marc) (Entered: 02/21/2012) |

| 02/24/2012 | 43 | NOTICE of Appearance filed by attorney Jeffrey Virnelson Lasker on behalf of Defendant Regents of the University of California (Lasker, Jeffrey) (Entered: 02/24/2012) |
|---|---|---|
| 02/28/2012 | 44 | MINUTES OF THE CASE MANAGEMENT CONFERENCE held before Judge Mariana R. Pfaelzer. The case is called and appearances are made. Court and counsel discuss limiting the claims, the dates as agreed as to the claim construction are acceptable. The Court Orders the parties to meet and confer to resolve the claims. The parties will not exceed ten claims. The Markman Hearing is set for Monday, April 30, 2012 at 1:30 p.m. The parties will file simultaneous briefs on or before April 20, 2012.Court Reporter: Bridget Montero. (cs) (Entered: 02/29/2012) |
| 02/29/2012 | | IN CHAMBERS MINUTE ORDER. The Markman hearing set for Monday, April 30, 2012 at 1:30 p.m. has been rescheduled to Tuesday, May 1, 2012 at 01:30 PM before Judge Mariana R. Pfaelzer. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY.(cs) TEXT ONLY ENTRY (Entered: 02/29/2012) |
| 03/01/2012 | 45 | TRANSCRIPT ORDER for date of proceedings 2/28/2012 to 2/28/2012 re: Scheduling Conference, Set/Reset Deadlines/Hearings,,,, 44 , as to Defendant Regents of the University of California Court Reporter Bridget Montero. Court will contact Meredith Erdman at merdman@fenwick.com with any questions regarding this order. Transcript portion requested: Other: Case Management Conference Proceeding. Category: Expedited. Transcript preparation will not begin until payment has been satisfied with the court reporter/recorder. (Erdman, Meredith) (Entered: 03/01/2012) |
| 03/14/2012 | 46 | TRANSCRIPT for proceedings held on 2-28-12 1:31 p.m.. Court Reporter/Electronic Court Recorder: Bridget Montero, phone number www.bridgetmontero.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter, www.bridgetmontero.com, or PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 4/4/2012. Redacted Transcript Deadline set for 4/14/2012. Release of Transcript Restriction set for 6/12/2012. (Montero, Bridget) (Entered: 03/14/2012) |
| 03/15/2012 | 47 | NOTICE OF FILING TRANSCRIPT filed for proceedings 2/28/12 1:31pm (ml) (Entered: 03/15/2012) |
| 03/22/2012 | 48 | MOTION to Intervene filed by Movant Pursuant to Fed.R.Civ.P. 24 and Memorandum in support General Electric Company. Motion set for hearing on 4/23/2012 at 11:00 AM before Judge Mariana R. Pfaelzer. Lodged [Prop] Order. (lom) (Entered: 03/23/2012) |
| 03/22/2012 | 49 | DECLARATION of Jennifer A. Sklenar in support MOTION to Intervene 48 filed by Movant General Electric Company. (lom) (Entered: 03/23/2012) |
| 03/22/2012 | 50 | CORPORATE DISCLOSURE STATEMENT AND NOTICE OF INTERESTED PARTIES filed by Movant General Electric Company. (lom) (Entered: 03/26/2012) |
| 03/29/2012 | 51 | EX PARTE APPLICATION to Reschedule Case Deadlines /Extension of Case Deadlines filed by Defendant Regents of the University of California. (Attachments: # 1 Proposed Order)(Chang, Carolyn) (Entered: 03/29/2012) |
| 03/29/2012 | 52 | MEMORANDUM of Points and Authorities in Support filed by Defendant Regents of the University of California. Re: EX PARTE APPLICATION to Reschedule Case Deadlines /Extension of Case Deadlines 51 (Chang, Carolyn) (Entered: 03/29/2012) |
| 03/29/2012 | 53 | DECLARATION of Carolyn Chang re Memorandum of Points and Authorities in Support (non-motion) 52 , EX PARTE APPLICATION to Reschedule Case Deadlines /Extension of Case Deadlines 51 filed by Defendant Regents of the University of California. (Chang, Carolyn) (Entered: 03/29/2012) |
| 03/30/2012 | 54 | OPPOSITION to EX PARTE APPLICATION to Reschedule Case Deadlines /Extension of Case Deadlines 51 PLAINTIFFS NEUROGRAFIX, NEUROGRAPHY INSTITUTE MEDICAL ASSOCIATES, INC. AND IMAGE-BASED SURGICENTER CORPORATIONS OPPOSITION TO THE REGENTS OF THE UNIVERSITY OF CALIFORNIAS EX PARTE APPLICATION FOR AN EXTENSION OF CASE DEADLINES filed by Plaintiff NeuroGrafix. (Attachments: # 1 Declaration Fredricka Ung, # 2 Exhibit 1)(Ung, Fredricka) (Entered: 03/30/2012) |

| 04/02/2012 | 55 | OPPOSITION to MOTION to Intervene 48 *PLAINTIFFS NEUROGRAFIX, NEUROGRAPHY INSTITUTE MEDICAL ASSOCIATES, INC, AND IMAGE-BASED SURGICENTER CORPORATION OPPOSITION TO GENERAL ELECTRIC COMPANYS MOTION TO INTERVENE PURSUANT TO FED. R. CIV. P. 24* filed by Plaintiff NeuroGrafix. (Attachments: # 1 Declaration Fredricka Ung, # 2 Exhibit 1)(Ung, Fredricka) (Entered: 04/02/2012) |
|---|---|---|
| 04/02/2012 | 56 | STATEMENT Non-Opposition to General Electric Company's Motion to Intervene filed by Defendant Regents of the University of California re: MOTION to Intervene 48 . (Chang, Carolyn) (Entered: 04/02/2012) |
| 04/02/2012 | 57 | REPLY In Support Of EX PARTE APPLICATION to Reschedule Case Deadlines */Extension of Case Deadlines* 51 filed by Defendant Regents of the University of California. (Chang, Carolyn) (Entered: 04/02/2012) |
| 04/03/2012 | 58 | IN CHAMBER MINUTE ORDER by Judge Mariana R. Pfaelzer. On Thursday, March 22, 2012, General Electric Company (GE) filed a motion to intervene pursuant to Fed.R.Civ.P. 24. ECF No. 48. Plaintiffs oppose that motion. The Court has received Plaintiffs opposition and determines that the matter is appropriate for disposition without further briefing. Having read and considered GEs motion and Plaintiffs opposition, and concluding that no oral argument would aid the Court in a decision, the Court GRANTS the motion to intervene. At the time GE filed its motion to intervene, the Regents filed an ex parte application to reschedule case deadlines. ECF No. 51. Given GEs intervention in this case, a brief extension is appropriate. The application is GRANTED and the parties will adhere to the proposed schedule in the Regents request. Further extensions will not be granted. See Order for further details. (cs) (Entered: 04/03/2012) |
| 04/04/2012 | 59 | TRANSCRIPT for proceedings held on THURSDAY, DECEMBER 22, 2011; 10:04 A.M. Court Reporter: Wil S. Wilcox, phone number 213-290-2849. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 4/25/2012. Redacted Transcript Deadline set for 5/5/2012. Release of Transcript Restriction set for 7/3/2012. (Wilcox, Wil) (Entered: 04/04/2012) |
| 04/04/2012 | 60 | NOTICE OF FILING TRANSCRIPT filed for proceedings THURSDAY, DECEMBER 22, 2011; 10:04 A.M. (Wilcox, Wil) (Entered: 04/04/2012) |
| 04/26/2012 | 61 | INTERVENOR COMPLAINT; Demand for Jury Trial against Intervenor-Defendants Image-Based Surgicenter Corporation, NeuroGrafix, Neurography Institute Medical Associates Inc, Washington Research Foundation filed by Intervenor-Plaintiff General Electric Company. (lom) (lom). (Entered: 04/30/2012) |
| 04/30/2012 | 62 | DISCLOSURE of Defendants' Invalidity Contentions filed by Intervenor Plaintiff General Electric Company, Defendant Regents of the University of California (Attachments: # 1 Exhibit A-1, # 2 Exhibit A-2, # 3 Exhibit A-3, # 4 Exhibit A-4, # 5 Exhibit A-5, # 6 Exhibit A-6, # 7 Exhibit A-7, # 8 Exhibit A-8, # 9 Exhibit A-9, # 10 Exhibit A-10, # 11 Exhibit A-11, # 12 Exhibit A-12, # 13 Exhibit A-13, # 14 Exhibit A-14, # 15 Exhibit A-15, # 16 Exhibit A-16, # 17 Exhibit A-17)(Lasker, Jeffrey) (Entered: 04/30/2012) |
| 05/02/2012 | 63 | Joint STIPULATION for Hearing re Claim Construction Hearing filed by Plaintiff NeuroGrafix. (Attachments: # 1 Proposed Order GRANTING JOINT STIPULATION REGARDING CLAIM CONSTRUCTION HEARING)(Ung, Fredricka) (Entered: 05/02/2012) |
| 05/02/2012 | 64 | EXPARTE APPLICATION for Extension of Time to File Claim Construction Briefs filed by Defendant Regents of the University of California. (Attachments: # 1 Proposed Order)(Lasker, Jeffrey) (Entered: 05/02/2012) |
| 05/02/2012 | 65 | MEMORANDUM in Support of EXPARTE APPLICATION for Extension of Time to File Claim Construction Briefs 64 *and (General Electric Company)* filed by Defendant Regents of the University of California. (Lasker, Jeffrey) (Entered: 05/02/2012) |
| 05/02/2012 | 66 | DECLARATION of Jeffrey V. Lasker in support of EXPARTE APPLICATION for Extension of Time to File Claim Construction Briefs 64 *(and General Electric Company)* filed by Defendant |

| | | |
|---|---|---|
| | | Regents of the University of California. (Lasker, Jeffrey) (Entered: 05/02/2012) |
| 05/04/2012 | 67 | ORDER that the deadline for the simultaneous claim construction briefing is extended to May 14, 2012. by Judge Mariana R. Pfaelzer, (cs) (Entered: 05/04/2012) |
| 05/04/2012 | 68 | ORDER by Judge Mariana R. Pfaelzer The claim construction hearing currently scheduled for May 22, 2012 at 1:30 p.m. is moved to May 31, 2012 at 1:30 p.m. (cs) (Entered: 05/04/2012) |
| 05/11/2012 | 69 | NOTICE of Appearance filed by attorney Brian Martinez on behalf of Intervenor Plaintiff General Electric Company (Martinez, Brian) (Entered: 05/11/2012) |
| 05/11/2012 | 70 | APPLICATION for attorney Mathew M. Wolf to Appear Pro Hac Vice(PHV Fee of $325 receipt number 0973-10360330 paid.) filed by Intervenor General Electric Company. (Attachments: # 1 Exhibit A - Certificate of Good Standing, # 2 Proposed Order)(Sklenar, Jennifer) (Entered: 05/11/2012) |
| 05/11/2012 | 71 | APPLICATION for attorney Ali Sharifahmadian to Appear Pro Hac Vice(PHV Fee of $325 receipt number 0973-10360419 paid.) filed by Intervenor General Electric Company. (Attachments: # 1 Exhibit A - Certificate of Good Standing, # 2 Exhibit B - Certificate of Good Standing, # 3 Proposed Order)(Sklenar, Jennifer) (Entered: 05/11/2012) |
| 05/11/2012 | 72 | APPLICATION for attorney Michael Ginsberg to Appear Pro Hac Vice(PHV Fee of $325 receipt number 0973-10360484 paid.) filed by Intervenor General Electric Company. (Attachments: # 1 Exhibit A - Certificate of Good Standing, # 2 Proposed Order)(Sklenar, Jennifer) (Entered: 05/11/2012) |
| 05/11/2012 | 73 | EX PARTE APPLICATION to Exceed Page Limitation PLAINTIFFS EX PARTE APPLICATION TO EXTEND THE PAGE LIMIT OF PLAINTIFFS CLAIM CONSTRUCTION BRIEFS TO 30 PAGES filed by Plaintiff NeuroGrafix. (Attachments: # 1 Memorandum, # 2 Declaration of Fredricka Ung, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Proposed Order GRANTING PLAINTIFFS EX PARTE APPLICATION TO EXTEND THE PAGE LIMIT OF PLAINTIFFS CLAIM CONSTRUCTION BRIEFS TO 30 PAGES)(Ung, Fredricka) (Entered: 05/11/2012) |
| 05/14/2012 | 74 | BRIEF filed by Plaintiff NeuroGrafix. *PLAINTIFFS' CLAIM CONSTRUCTION BRIEF* (Attachments: # 1 Declaration Andrew D. Weiss, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11)(Weiss, Andrew) (Entered: 05/14/2012) |
| 05/14/2012 | 75 | BRIEF filed by Intervenor-Plaintiff and Defendant General Electric Company, Regents of the University of California. *for Claim Construction* (Sklenar, Jennifer) (Entered: 05/14/2012) |
| 05/14/2012 | 76 | DECLARATION of Jennifer A. Sklenar re Brief (non-motion non-appeal) 75 *in support of Claim Construction Brief* filed by Intervenor Plaintiff General Electric Company, Defendant Regents of the University of California. (Attachments: # 1 Exhibit A part 1, # 2 Exhibit A part 2, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I)(Sklenar, Jennifer) (Entered: 05/14/2012) |
| 05/15/2012 | 77 | Notice of Withdrawal of Ex Parte Application to Exceed Page Limitation, 73 filed by Plaintiff NeuroGrafix. (Ung, Fredricka) (Entered: 05/15/2012) |
| 05/17/2012 | 78 | APPLICATION for attorney Marc A. Cohn to Appear Pro Hac Vice(PHV Fee of $325 receipt number 0973-10389339 paid.) filed by Intervenor-Plaintiff General Electric Company. (Attachments: # 1 Exhibit A - Certificate of Good Standing, # 2 Proposed Order)(Sklenar, Jennifer) (Entered: 05/17/2012) |
| 05/17/2012 | 79 | ORDER by Judge Mariana R. Pfaelzer: granting 70 Application to Appear Pro Hac Vice by Attorney Matthew M Wolf on behalf of Intervenor Plaintiff General Electric Company, designating Jennifer Sklenar as local counsel. (lom) (Entered: 05/21/2012) |
| 05/17/2012 | 80 | ORDER by Judge Mariana R. Pfaelzer: granting 71 Application to Appear Pro Hac Vice by Attorney Ali R. Sharifahmadian on behalf of Intervenor Plaintiff General Electric Company, designating Jennifer Sklenar as local counsel. (lom) (Entered: 05/21/2012) |

| 05/17/2012 | 81 | ORDER by Judge Mariana R. Pfaelzer: granting 72 Application to Appear Pro Hac Vice by Attorney Michael Elliot Ginsberg on behalf of Intervenor Plaintiff General Electric Company, designating Jennifer Sklenar as local counsel. (lom) (Entered: 05/21/2012) |
| --- | --- | --- |
| 05/21/2012 | 82 | *NEUROGRAFIX, NEUROGRAPHY INSTITUTE MEDICAL ASSOCIATES, INC., IMAGE-BASED SURGICENTER CORPORATION, AND WASHINGTON RESEARCH FOUNDATION'S ANSWER AND COUNTERCLAIMS TO GENERAL ELECTRIC COMPANYS INTERVENOR COMPLAINT* ANSWER to Intervenor Complaint, 61 filed by Plaintiff NeuroGrafix.(Ung, Fredricka) Modified on 6/14/2012 (lom). (Document is STRICKEN, see Minute Order 92 .) (Entered: 05/21/2012) |
| 05/24/2012 | 84 | ORDER by Judge Mariana R. Pfaelzer: granting 78 Application to Appear Pro Hac Vice by Attorney Marc A. Cohn on behalf of Intervenor General Electric Company, designating Jwennifer Sklenar as local counsel. (lt) (Entered: 05/31/2012) |
| 05/30/2012 | 83 | NOTICE of Association of Counsel associating attorney Michael Molano on behalf of Defendant Regents of the University of California. Filed by Defendant Regents of the University of California (Molano, Michael) (Entered: 05/30/2012) |
| 05/31/2012 | 86 | MINUTES OF Markman Hearing held before Judge Mariana R. Pfaelzer. The case is called and appearances are made. Court and counsel discuss the terms and claims at issue. The Court takes the matter under submission its order will follow. Court Reporter: Pat Cuneo. (cs) (Entered: 06/01/2012) |
| 06/01/2012 | 85 | TRANSCRIPT ORDER for date of proceedings 5/31/2012 to 5/31/2012 as to Plaintiffs Image-Based Surgicenter Corporation, NeuroGrafix, Neurography Institute Medical Associates Inc, Washington Research Foundation Court Reporter Patricia Cuneo. Court will contact Jenny Wong at jwong@raklaw.com with any questions regarding this order. Transcript portion requested: Other: Claim Construction Hearing 5/31/2012. Category: Expedited. Transcript preparation will not begin until payment has been satisfied with the court reporter/recorder. (Ung, Fredricka) (Entered: 06/01/2012) |
| 06/04/2012 | 87 | JOINT STIPULATION REGARDING THE PARTIES AGREED CONSTRUCTIONS FOR CERTAIN CLAIM TERMS AND MODIFICATIONS TO THEIR PROPOSED CONSTRUCTIONS AS TO OTHER CLAIM TERMS filed by Plaintiff NeuroGrafix (Fenster, Marc) (Entered: 06/04/2012) |
| 06/07/2012 | 88 | NOTICE of Change of Attorney Information for attorney Heather N Mewes counsel for Defendant Regents of the University of California.Heather N. Mewes is no longer attorney of record for the aforementioned party in this case for the reason indicated in the G-06 Notice. Filed by Defendant The Regents of the University of California (Mewes, Heather) (Entered: 06/07/2012) |
| 06/11/2012 | 89 | REQUEST to Substitute attorney Marc A. Fenster in place of attorney Bradley W. Gunning filed by PLAINTIFF NeuroGrafix. (Attachments: # 1 Proposed Order ON REQUEST FOR APPROVAL OF SUBSTITUTION OF ATTORNEY)(Fenster, Marc) (Entered: 06/11/2012) |
| 06/13/2012 | 90 | CLAIM CONSTRUCTION ORDER by Judge Mariana R. Pfaelzer. The Court adopts the constructions set forth in this opinion for the disputed terms of the 360 Patent. These constructions shall govern all proceedings in this case. See order for details. (cs) (Entered: 06/13/2012) |
| 06/14/2012 | 91 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Answer to Intervenor Complaint, 82 . The following error(s) was found: L.R. 3-2* Filing of Initiating Documents. Complaints and other initiating documents (Counterclaims) in civil cases shall be filed and served in the traditional manner on paper rather than electronically. Please manually filed document no. 82. Also, no counterclaim parties were added to the case. In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. You need not take any action in response to this notice unless and until the court directs you to do so. (lom) (Entered: 06/14/2012) |
| 06/14/2012 | 92 | MINUTES IN CHAMBER by Judge Mariana R. Pfaelzer. The Court Orders document 82 stricken. Plaintiffs are ordered to manually file their Answer and Counterclaim in compliance with the Local Rule 3-2. (lom) (Entered: 06/14/2012) |
| | | |

| | | |
|---|---|---|
| 06/14/2012 | 94 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Answer to Intervenor Complaint AND COUNTERCLAIM 82 . The following error(s) was found: L.R. 3-2 Filing of Initiating Documents. Complaints and other initiating documents (Counterclaims) in civil cases shall be filed and served in the traditional manner on paper rather than electronically. Please manually filed document no. 82. Also, no counterclaim parties were added to the case. In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. You need not take any action in response to this notice unless and until the court directs you to do so. (lom) (Entered: 06/18/2012) |
| 06/15/2012 | 93 | ANSWER to Intervenor Complaint, 61 *NEUROGRAFIX, NEUROGRAPHY INSTITUTE MEDICAL ASSOCIATES, INC., IMAGE-BASED SURGICENTER CORPORATION, AND WASHINGTON RESEARCH FOUNDATION'S ANSWER TO GENERAL ELECTRIC COMPANYS INTERVENOR COMPLAINT* filed by Plaintiff NeuroGrafix.(Weiss, Andrew) (Entered: 06/15/2012) |
| 06/15/2012 | 95 | COUNTERCLAIM against Counter Defendant General Electric Company; Demand for Jury Trial filed by Counterclaimants Neurography Institute Medical Associates Inc, NeuroGrafix, Image-Based Surgicenter Corporation, Washington Research Foundation. (lom) (lom). (Entered: 06/19/2012) |
| 06/15/2012 | 96 | ORDER by Judge Mariana R. Pfaelzer: granting 89 Request to Substitute Attorney Marc A Fenster for Washington Research Foundation, as attorney of record in place and stead of Bradley W. Gunning for Plaintiff Washington Research Foundation. (lom) (Entered: 06/20/2012) |
| 06/25/2012 | 97 | IN CHAMBER MINUTE ORDER Scheduling a Status Conference for Tuesday, July 10, 2012 at 1:30 PM before Judge Mariana R. Pfaelzer. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (cs) TEXT ONLY ENTRY (Entered: 06/25/2012) |
| 06/27/2012 | 98 | TRANSCRIPT for proceedings held on 5/31/2012 1:30 p.m. Court Reporter: PAT CUNEO, CSR 1600, website: www.patcuneo.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 7/18/2012. Redacted Transcript Deadline set for 7/28/2012. Release of Transcript Restriction set for 9/25/2012. (Cuneo, Patricia) (Entered: 06/27/2012) |
| 06/27/2012 | 99 | NOTICE OF FILING TRANSCRIPT filed for proceedings 5/31/2012 1:30 p.m. re Transcript 98 THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY.(Cuneo, Patricia) TEXT ONLY ENTRY (Entered: 06/27/2012) |
| 07/02/2012 | 100 | *General Electric Company's* ANSWER *To Plaintiffs' Counterclaims* filed by Counter-Defendant General Electric Company.(Sklenar, Jennifer) (Entered: 07/02/2012) |
| 07/10/2012 | 108 | MINUTES OF Status Conference held before Judge Mariana R. Pfaelzer. The case is called and appearances are made. Court and counsel clarify the scope of (1) NeuroGrafixs infringement suit against UC and (2) GEs declaratory suit. The Court orders the parties to submit a proposed schedule including a trial date on or before July 16, 2012. Court Reporter: Wil Wilcox. (cs) (Entered: 08/02/2012) |
| 07/13/2012 | 101 | TRANSCRIPT for proceedings held on TUESDAY, JULY 10, 2012; 1:45 P.M. Court Reporter: Wil S. Wilcox, phone number 213-290-2849. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 8/3/2012. Redacted Transcript Deadline set for 8/13/2012. Release of Transcript Restriction set for 10/11/2012. (Wilcox, Wil) (Entered: 07/13/2012) |
| 07/13/2012 | 102 | NOTICE OF FILING TRANSCRIPT filed for proceedings TUESDAY, JULY 10, 2012; 1:45 P.M. re Transcript 101 THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (Wilcox, Wil) TEXT ONLY ENTRY. (Entered: 07/13/2012) |
| 07/16/2012 | 103 | Joint STIPULATION for Order re Parties' Agreed Proposed Case Schedule filed by Plaintiff NeuroGrafix, Neurography Institute Medical Associates Inc, Washington Research Foundation. (Attachments: # 1 Proposed Order)(Fenster, Marc) (Entered: 07/16/2012) |
| | | |

| 07/17/2012 | [104](#) | ORDER ORDER RE JOINT STIPULATION REGARDING THE PARTIES AGREED PROPOSED CASE SCHEDULE by Judge Mariana R. Pfaelzer, re Stipulation for Order [103](#) (pj) (Entered: 07/18/2012) |
|---|---|---|
| 07/23/2012 | [105](#) | NOTICE OF MOTION AND MOTION for Reconsideration filed by Plaintiff NeuroGrafix. Motion set for hearing on 8/27/2012 at 11:00 AM before Judge Mariana R. Pfaelzer. (Attachments: # [1](#) Proposed Order GRANTING PLAINTIFFS NEUROGRAFIX, NEUROGRAPHY INSTITUTE MEDICAL ASSOCIATES, INC., IMAGE-BASED SURGICENTER CORPORATION, AND WASHINGTON RESEARCH FOUNDATIONS MOTION FOR RECONSIDERATION OF THE COURTS CONSTRUCTION OF PROCESSING AND PROCESSED)(Fenster, Marc) (Entered: 07/23/2012) |
| 07/23/2012 | [106](#) | DECLARATION of Fredricka Ung In Support Of MOTION for Reconsideration [105](#) filed by Plaintiff NeuroGrafix. (Attachments: # [1](#) Exhibit 1, # [2](#) Exhibit 2)(Ung, Fredricka) (Entered: 07/23/2012) |
| 07/31/2012 | [107](#) | MINUTES (IN CHAMBERS): ORDER by Judge Mariana R. Pfaelzer: DENYING [105](#) Neurografix's Motion for Reconsideration (pj) (Entered: 08/01/2012) |
| 08/15/2012 | [109](#) | NOTICE OF MOTION AND MOTION for Summary Judgment as to Non-Infringement and Invalidity filed by Intervenor-Plaintiff/Defendant General Electric Company, Regents of the University of California. Motion set for hearing on 12/17/2012 at 11:00 AM before Judge Mariana R. Pfaelzer. (Attachments: # [1](#) Proposed Judgment)(Sklenar, Jennifer) (Entered: 08/15/2012) |
| 08/15/2012 | [110](#) | MEMORANDUM in Support of MOTION for Summary Judgment as to Non-Infringement and Invalidity [109](#) filed by Intervenor Plaintiff General Electric Company, Defendant Regents of the University of California. (Sklenar, Jennifer) (Entered: 08/15/2012) |
| 08/15/2012 | [111](#) | STATEMENT of Uncontroverted Facts and Conclusions of Law MOTION for Summary Judgment as to Non-Infringement and Invalidity [109](#) filed by Intervenor Plaintiff General Electric Company, Defendant Regents of the University of California. (Sklenar, Jennifer) (Entered: 08/15/2012) |
| 08/15/2012 | [112](#) | DECLARATION of Jennifer A. Sklenar in support of MOTION for Summary Judgment as to Non-Infringement and Invalidity [109](#) filed by Intervenor Plaintiff General Electric Company, Defendant Regents of the University of California. (Attachments: # [1](#) Exhibit A Transcript Aaron Filler Excerpts, # [2](#) Exhibit B US 5560360, # [3](#) Exhibit C Basser Recognition, # [4](#) Exhibit D Pltfs 1st Supplemental Infringement Contentions, # [5](#) Exhibit E Pltfs 1st Supplemental Infringement Contentions [Claim Chart], # [6](#) Exhibit F 2012-05-01 Markman hearing transcript, # [7](#) Exhibit G Claim Construction Order, # [8](#) Exhibit H Basser ISMRM 1992 Abstracts, # [9](#) Exhibit I US 5539310, # [10](#) Exhibit J MPEP 608_01p August 1993)(Sklenar, Jennifer) (Entered: 08/15/2012) |
| 08/15/2012 | [113](#) | DECLARATION of Dr. Michael Moseley in support of MOTION for Summary Judgment as to Non-Infringement and Invalidity [109](#) filed by Intervenor Plaintiff General Electric Company, Defendant Regents of the University of California. (Sklenar, Jennifer) (Entered: 08/15/2012) |
| 08/15/2012 | [114](#) | DECLARATION of Jason Polzin in support of MOTION for Summary Judgment as to Non-Infringement and Invalidity [109](#) filed by Intervenor Plaintiff General Electric Company, Defendant Regents of the University of California. (Attachments: # [1](#) Exhibit A, # [2](#) Exhibit B, # [3](#) Exhibit C, # [4](#) Exhibit D)(Sklenar, Jennifer) Modified on 8/16/2012 (cs). (Entered: 08/15/2012) |
| 08/15/2012 | [115](#) | DECLARATION of J. Pablo Villablanca, M.D. in support of MOTION for Summary Judgment as to Non-Infringement and Invalidity [109](#) filed by Intervenor Plaintiff General Electric Company, Defendant Regents of the University of California. (Sklenar, Jennifer) (Entered: 08/15/2012) |
| 08/15/2012 | [116](#) | DECLARATION of Mark Hamamura, Ph.D. in support of MOTION for Summary Judgment as to Non-Infringement and Invalidity [109](#) filed by Intervenor Plaintiff General Electric Company, Defendant Regents of the University of California. (Sklenar, Jennifer) (Entered: 08/15/2012) |
| 08/15/2012 | [117](#) | DECLARATION of Jennifer Berry in support of MOTION for Summary Judgment as to Non-Infringement and Invalidity [109](#) filed by Intervenor Plaintiff General Electric Company, Defendant Regents of the University of California. (Sklenar, Jennifer) (Entered: 08/15/2012) |
| 08/15/2012 | [118](#) | DECLARATION of J. Gregory Davis in support of MOTION for Summary Judgment as to Non- |

| | | Infringement and Invalidity [109] filed by Intervenor Plaintiff General Electric Company, Defendant Regents of the University of California. (Sklenar, Jennifer) (Entered: 08/15/2012) |
|---|---|---|
| 08/15/2012 | [119] | DECLARATION of Robert Gould, Sc.D. in support of MOTION for Summary Judgment as to Non-Infringement and Invalidity [109] filed by Defendant Regents of the University of California. (Sklenar, Jennifer) (Entered: 08/15/2012) |
| 08/15/2012 | [120] | DECLARATION of Dharmendra Patel in support of MOTION for Summary Judgment as to Non-Infringement and Invalidity [109] filed by Intervenor Plaintiff General Electric Company, Defendant Regents of the University of California. (Sklenar, Jennifer) (Entered: 08/15/2012) |
| 08/15/2012 | [121] | DECLARATION of Arthur W. Toga, Ph.D. in support of MOTION for Summary Judgment as to Non-Infringement and Invalidity [109] filed by Intervenor Plaintiff General Electric Company, Defendant Regents of the University of California. (Sklenar, Jennifer) (Entered: 08/15/2012) |
| 08/15/2012 | [122] | DECLARATION of Ronald Holthuizen in support of MOTION for Summary Judgment as to Non-Infringement and Invalidity [109] filed by Intervenor Plaintiff General Electric Company, Defendant Regents of the University of California. (Sklenar, Jennifer) (Entered: 08/15/2012) |
| 09/19/2012 | [123] | NOTICE OF MOTION AND MOTION for Protective Order for Confidentiality filed by Plaintiff Image-Based Surgicenter Corporation, NeuroGrafix, Neurography Institute Medical Associates Inc, Washington Research Foundation. (Fenster, Marc) (Entered: 09/19/2012) |
| 09/19/2012 | [124] | Joint STIPULATION for Protective Order filed by Plaintiff Image-Based Surgicenter Corporation, NeuroGrafix, Neurography Institute Medical Associates Inc, Washington Research Foundation. (Attachments: # [1] Exhibit A, # [2] Exhibit B, # [3] Proposed Order)(Fenster, Marc) (Entered: 09/19/2012) |
| 09/24/2012 | 125 | IN CHAMBER MINUTE ORDER. The Court sets a Status Conference on Monday, October 1, 2012 at 1:30 p.m. regarding the MOTION for Protective Order [123] and Stipulation for Protective Order [124] . The Status Conference is scheduled for Monday, October 1, 2012 at 1:30 PM before Judge Mariana R. Pfaelzer. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY.(cs) TEXT ONLY ENTRY (Entered: 09/24/2012) |
| 09/28/2012 | [126] | SUPPLEMENT *MEMORANDUM IN SUPPORT OF THEIR MOTION FOR ENTRY OF PROTECTIVE ORDER REGARDING CONFIDENTIALITY* filed by Plaintiffs Image-Based Surgicenter Corporation, NeuroGrafix, Neurography Institute Medical Associates Inc, Washington Research Foundation. (Weiss, Andrew) (Entered: 09/28/2012) |

**PACER Service Center**

**Transaction Receipt**

09/28/2012 18:45:28

| PACER Login: | fh0004 | Client Code: | |
|---|---|---|---|
| Description: | Docket Report | Search Criteria: | 2:11-cv-07591-MRP-RZ End date: 9/28/2012 |
| Billable Pages: | 19 | Cost: | 1.90 |

# Exhibit T

Jennifer A. Sklenar (SBN 200434)
jennifer.sklenar@aporter.com
**Arnold & Porter LLP**
777 South Figueroa Street, 44th Floor
Los Angeles, CA  90017-5744
Telephone:  213-243-4000
Facsimile:   213-243-4199

Attorneys for
GENERAL ELECTRIC COMPANY AND
THE REGENTS OF THE UNIVERSITY OF CALIFORNIA

Carolyn Chang (SBN 217933)
cchang@fenwick.com
**Fenwick & West LLP**
Silicon Valley Center
801 California Street
Mountain View, California 94041
Telephone:  650-988-8500
Facsimile:   650-938-5200

Attorneys for
THE REGENTS OF THE UNIVERSITY OF CALIFORNIA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| NEUROGRAFIX; NEUROGRAPHY INSTITUTE MEDICAL ASSOCIATES, INC.; IMAGE-BASED SURGICENTER CORPORATION; and WASHINGTON RESEARCH FOUNDATION,<br><br>Plaintiffs,<br><br>v.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA,<br><br>Defendant. | Case No. 2:11-cv-07591-MRP-RZ<br><br>**GENERAL ELECTRIC COMPANY'S AND THE REGENTS OF THE UNIVERSITY OF CALIFORNIA'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY**<br><br>Hearing Date:  December 17, 2012<br>Time:               11:00 a.m.<br>Courtroom:     12<br>Judge:            Hon. Mariana Pfaelzer |

1     GENERAL ELECTRIC COMPANY,

2     INTERVENOR-PLAINTIFF,

3     V.

4     NEUROGRAFIX; NEUROGRAPHY
        INSTITUTE MEDICAL ASSOCIATES,
5     INC.; IMAGE-BASED SURGICENTER
        CORPORATION; AND WASHINGTON
6     RESEARCH FOUNDATION,

7           DEFENDANTS.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE

TO ALL PARTIES AND THEIR COUNSEL OF RECORD: Please take notice that Defendant The Regents of the University of California (the "Regents") and Intervenor-Plaintiff General Electric Company ("GE") hereby move for summary judgment that asserted claims 36, 37, 39-44, 46, 47, 49-54, and 63-66 of U.S. Patent No. 5,560,360 ("the '360 patent") are not infringed by the Regents nor GE and that the asserted claims of the '360 patent are invalid. This motion is based on this Notice; the accompanying Memorandum of Points and Authorities; the Declarations of Jennifer A. Sklenar, Jason Polzin, Dr. Michael Mosley, Ronald Holthuizen, Jennifer Berry, J. Gregory Davis, Robert Gould, Mark Hamamura, Dharmendra Patel, Arthur Toga, and J. Pablo Villablanca, including exhibits thereto; the Court's Claim Construction Order, Docket No. 90; the Court's Claim Construction Order in *NeuroGrafix et al. v. Siemens Medical Solutions USA, Inc. et al.*, 10-cv-1990 MRP (RZx), the pleadings and papers on file in this action; and such additional evidence and authority as may be offered at or before the time of oral argument on this Motion.

## RELIEF REQUESTED

By this motion, GE and The Regents seek summary judgment: (1) that both the Regents and GE have not infringed any asserted claim of the '360 patent; (2) that claims 36 and 51, and their dependents, are invalid under 35 U.S.C. § 112 for lack of written description and lack of enablement.

| | |
|---|---|
| 1 | August 15, 2012 |

Respectfully submitted,

By:  *s/ Jennifer A. Sklenar*
Jennifer A. Sklenar (SBN 200434)
Email: jennifer.sklenar@aporter.com
Brian Martinez (SBN 274 210)
Email:  brian.martinez@aporter.com
**ARNOLD & PORTER LLP**
44th Floor
777 South Figueroa Street
Los Angeles, CA  90017-5744
Telephone:  (213) 243-4000
Facsimile:   (213) 243-4199

Matthew M. Wolf (*pro hac vice*)
Email: matthew.wolf@aporter.com
Ali R. Sharifahmadian (*pro hac vice*)
Email: ali.sharifahmadian@aporter.com
Marc A. Cohn (*pro hac vice*)
Email: marc.cohn@aporter.com
Michael E. Ginsberg (*pro hac vice*)
Email: michael.ginsberg@aporter.com
**ARNOLD & PORTER LLP**
555 Twelfth Street, N.W.
Washington, DC  20004-1206
Telephone:  (202) 942-5000
Facsimile:   (202) 942-5999

Attorneys for
GENERAL ELECTRIC COMPANY AND
THE REGENTS OF THE UNIVERSITY OF
CALIFORNIA

Carolyn Chang (SBN 217933)
cchang@fenwick.com
Meredith Erdman (SBN 273126)
merdman@fenwick.com
**Fenwick & West LLP**
Silicon Valley Center
801 California Street
Mountain View, California 94041
Telephone:  (650) 988-8500
Facsimile:   (650) 938-5200

2

1   Jeffrey V. Lasker (SBN 246029)
    jlasker@fenwick.com
2   Jennifer J. Johnson (SBN 252897)
    jjjohnson@fenwick.com
3   **Fenwick & West LLP**
    555 California Street, Suite 1200
4   San Francisco, CA 94104
    Telephone: (415) 875-2300
5   Facsimile: (415) 281-1350
6
7   Attorneys for
8   THE REGENTS OF THE UNIVERSITY OF
    CALIFORNIA
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Notice of Motion for Summary Judgment
Case No. 2:11-cv-07591-MRP-RZ

# Exhibit U



1  JENNIFER A. SKLENAR (SBN 200434)
   jennifer.sklenar@aporter.com
2  BRIAN MARTINEZ (SBN 274210)
   brian.martinez@aporter.com
3  **ARNOLD & PORTER LLP**
   777 South Figueroa Street, 44th Floor
4  Los Angeles, CA 90017
5  Telephone:    213-243-4000
   Facsimile:    213-243-4199
6

7  *Attorneys for Plaintiff*
   *General Electric Company*

8                  UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10                       WESTERN DIVISION

11

12 GENERAL ELECTRIC COMPANY,          Case No. CV12- 04586 SJO (JCx)

13         Plaintiff,                  **GENERAL ELECTRIC COMPANY'S**
                                       **COMPLAINT FOR DECLARATORY**
14                                     **JUDGMENT**

15         v.                          **DEMAND FOR JURY TRIAL**

16 NEUROGRAFIX; NEUROGRAPHY
   INSTITUTE MEDICAL ASSOCIATES, INC.;
17 IMAGE-BASED SURGICENTER
   CORPORATION; and WASHINGTON
18 RESEARCH FOUNDATION,

19         Defendants.

20

21

22

23

24

25

26

27

28

GE's Complaint

## RELATED CASE

1. This case is related to case 2:11-cv-07591-MRP-RZ ("Related Case"), in which Defendants, NeuroGrafix, Neurography Institute Medical Associates, Inc., Image-Based Surgicenter Corporation and Washington Research Foundation (collectively, "Defendants"), have asserted infringement of U.S. Patent No. 5,560,360 ("the '360 patent") by The Regents of the University of California ("The Regents"), in part, based upon The Regents' use of MRI products sold by General Electric Company ("GE").

2. Having been granted leave to intervene in the Related Case, GE, by and through its attorneys, brought an intervenor complaint for declaratory judgment of non-infringement and invalidity against the Defendants. Since GE intervened in the Related Case and filed its intervenor complaint, Defendants have taken the position that GE's role in the case is limited to defending Defendants' claims against The Regents as they relate to GE's products. While GE disagrees with Defendants' position, out of an abundance of caution GE brings this complaint for declaratory judgment of non-infringement and invalidity against Defendants, and in support thereof alleges as follows:

## THE PARTIES

3. Plaintiff GE is a corporation that is organized and existing under the laws of the State of New York, with its principal place of business at 3135 Easton Turnpike, Fairfield, CT 06828.

4. Upon information and belief, Defendant NeuroGrafix is a California corporation with its principal place of business located at 2716 Ocean Park Boulevard, Suite 3075, Santa Monica, California.

5. Upon information and belief, Defendant Neurography Institute Medical Associates, Inc., is a California corporation with its principal place of business in Santa Monica, California.

6. Upon information and belief, Defendant Image-Based Surgicenter Corporation is a California corporation with its principal place of business in Santa Monica, California.

7. Upon information and belief, Defendant Washington Research Foundation is a not-for-profit corporation that is incorporated and existing under the laws of the State of Washington.

## JURISDICTION AND VENUE

GE's Complaint

8.     This action arises under the patent laws of the United States of America, 35 U.S.C. § 1 *et seq.* This Court has federal subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1338(a), 2201 and 2202.

9.     This Court has personal jurisdiction over the Defendants, and venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), (c), and by virtue of the Defendants having availed themselves of this forum when they filed their complaint against The Regents of the University of California in the Related Case.

## FACTUAL ALLEGATIONS

10.     Defendants contend that the University of Washington is the owner by assignment of the '360 patent, entitled "Image Neurography and Diffusion Anisotropy Imaging." (Related Case Dkt. 1, Ex. B.)

11.     Defendants contend that Washington Research Foundation holds substantially all rights in the '360 patent and that it exclusively licensed substantially all rights in the '360 patent to NeuroGrafix in December, 1998, retaining only certain potential reversion rights.

12.     Defendants have a history of asserting the '360 patent, having already sued Siemens Medical Solutions USA, Inc. and Siemens Aktiengesellschaft in the United States District Court for the Central District of California (Case No. 10-1990-MRP(RZX)), and having asserted infringement claims against The Regents of the University of California in the Related Case.

13.     Defendants have publicly indicated that they intend to assert the '360 patent against other GE customers. NeuroGrafix's website contains the following "NeuroGrafix Statement on U.S. Patent 5,560,360," which is dated November 23, 2011:

> At this time, NeuroGrafix advises & reminds users of MR Neurography, Diffusion Tensor Imaging (DTI, HARDI, and Q-Ball), or Diffusion Subtraction Neurography that they may be infringing US Patent 5,560,360 and its foreign equivalents if they are in the US, Japan, Europe, Canada or Australia if neither they nor their MRI manufacturer has a license. Please contact NeuroGrafix by email with any inquiries.

> There may be no license in place for users of MRI equipment from GE, Philips, Toshiba, or BrainLab.

> Patent infringement litigation between NeuroGrafix and the Regents of the University of California is ongoing in U.S. Federal District Court.

GE's Complaint

Aaron Filler, MD, PhD, the CEO of NeuroGrafix says: "NeuroGrafix intends to continue to assert its patent rights against unlicensed infringers."

14.　Defendants contend that certain "magnetic resonance hardware and software products capable of diffusion anisotropy imaging ('DAI'), diffusion tensor imaging ('DTI') and/or DTI tractography" infringe claims of the '360 patent including, but not necessarily limited to, the GE 1.5T SignaHDx, GE Signa LX, GE 1.5T Signa, GE 1.5T Signa Echospeed, GE 1.5T EXCITE HD, GE 3T Signa HD, and GE 3T EXCITE magnetic resonance imaging systems, including unidentified "software," "associated workstations" and "upgrade packages required … to perform DAI, DTI and/or DTI tractography" (the "Accused Products").

15.　Specifically, Defendants have alleged that The Regents use of the Accused Products infringe certain claims of the '360 patent. Defendants have identified the claims alleged to be infringed as claims 36, 37, 39-44, 46, 47, 49-54, 63-66 (the "Asserted Claims").

16.　In addition, in response to GE's intervenor complaint, Defendants have asserted a counterclaim against GE for inducing The Regents alleged infringement and have reserved the right to assert claims of direct and indirect infringement against GE beyond the scope of NeuroGrafix's current claims against The Regents. (Related Case Dkt. 82 at 4 n.1.)

17.　GE sells MRI products that Defendants have alleged, either by their public statements or in the Related Case, infringe the '360 patent (the "GE Products").

18.　In light of the Defendants' public statements, as well as their litigation history, GE reasonably believes that Defendants may sue GE or its customers for patent infringement based upon the GE Products. Thus, the parties have a definite and concrete controversy.

19.　GE believes that it has a right to make, use, import, offer to sell and/or sell the GE Products free of any valid patent rights of the Defendants. GE also believes that the '360 patent is invalid.

## FIRST CAUSE OF ACTION:  DECLARATION OF NON-INFRINGEMENT

20.　GE repeats the allegations of the above paragraphs as if fully set forth herein.

21.　Defendants have asserted the '360 patent against The Regents, a GE customer, in the Related Case, alleging that the Accused Products and The Regents' use of the Accused Products

GE's Complaint

1  infringes the '360 patent. Specifically, Defendants have asserted claims 36, 37, 39-44, 46, 47, 49-54,
2  63-66 ("Asserted Claims") against The Regents.

3      22.    Defendants have made public statements alleging that GE and/or its customers infringe
4  the '360 patent by their making, using, selling, offering to sell and/or importing the GE Products.

5      23.    The GE Products do not infringe any claim of the '360 patent, and use of the GE
6  Products does not indirectly infringe any claim of the '360 patent, pursuant to 35 U.S.C. § 271.

7      24.    There is an actual, substantial and continuing justiciable controversy between GE and
8  the Defendants having adverse legal interests of sufficient immediacy and reality to warrant the
9  issuance of a declaratory judgment regarding non-infringement of the '360 patent.

10     25.    GE is entitled to a judicial declaration that the GE Products do not infringe any claim of
11 the '360 patent, and that use of the GE Products does not indirectly infringe any claims of the '360
12 patent.

13                    **SECOND CAUSE OF ACTION:  DECLARATION OF INVALIDITY**

14     26.    GE repeats the allegations of the above paragraphs as if fully set forth herein.

15     27.    The claims of the '360 patent are invalid for failure to comply with one or more
16 requirements of Title 35, United States Code, including, 35 U.S.C. §§ 101, 102, 103 and 112.

17     28.    There is an actual, substantial and continuing justiciable controversy between GE and
18 the Defendants having adverse legal interests of sufficient immediacy and reality to warrant the
19 issuance of a declaratory judgment regarding the validity of the '360 patent.

20     29.    GE is entitled to a judicial declaration that the claims of the '360 patent are invalid.

21                              **DEMAND FOR JURY TRIAL**

22     30.    GE demands a trial by jury on all issues so triable.

23                              **PRAYER FOR RELIEF**

24     WHEREFORE, GE respectfully seeks the following relief from this Court:

25     (a)    A declaration and entry of judgment in favor of GE and against Defendants that the GE
26 Products do not infringe any claims of the '360 patent;

27

28

-4-

GE's Complaint

1       (b)    A declaration and entry of judgment in favor of GE and against Defendants that GE and

2   GE's customers, including The Regents, are not liable for direct, contributory or induced infringement

3   of any claim of the '360 patent as to the GE Products;

4       (c)    A declaration and entry of judgment in favor of GE and against Defendants that the

5   claims of the '360 patent are invalid under 35 U.S.C. §§ 101, 102, 103 and/or 112;

6       (d)    Defendants and their officers, agents, employees, representatives, counsel and all

7   persons in active concert or participation with any of them, directly or indirectly, be enjoined from

8   threatening or charging infringement of, or instituting any action for infringement of the '360 patent,

9   based upon the GE Products;

10      (e)    Its costs and disbursements in connection with this litigation, as permitted pursuant to

11  35 U.S.C. § 284;

12      (f)    A determination that this is an exceptional case within the meaning of 35 U.S.C. § 285,

13  and an award to GE of its reasonable attorney's fees; and

14      (g)    Such other relief, in law and in equity, that this Court deems appropriate.

-5-

GE's Complaint

Dated: May 25, 2012

Respectfully submitted,

By: _____

Brian Martinez (SBN 274210)
brian.martinez@aporter.com
Jennifer A. Sklenar (SBN 200434)
jennifer.sklenar@aporter.com
**ARNOLD & PORTER LLP**
44th Floor
777 South Figueroa Street
Los Angeles, CA 90017
Telephone: (213) 243-4000
Facsimile: (213) 243-4199

OF COUNSEL:

Matthew M. Wolf
matthew.wolf@aporter.com
**ARNOLD & PORTER LLP**
555 Twelfth Street, N.W.
Washington, DC 20004
Telephone: (202) 942-5000
Facsimile: (202) 942-5999

*Attorneys for Plaintiff General Electric Company*

GE's Complaint

-6-

Name & Address:
Jennifer A. Sklenar (SBN 200434)
ARNOLD & PORTER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017
Telephone: (213) 243-4000

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | CASE NUMBER |
|---|---|
| GENERAL ELECTRIC COMPANY, <br><br> PLAINTIFF(S) <br><br> v. <br><br> NEUROGRAFIX; NEUROGRAPHY INSTITUTE MEDICAL ASSOCIATES, INC.; IMAGE-BASED SURGICENTER CORPORATION; WASHINGTON RESEARCH FOUNDATION <br><br> DEFENDANT(S). | CV12-04566 SJO (JCGx) <br><br> **SUMMONS** |

TO:     DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, _Jennifer Sklenar_____, whose address is _ARNOLD & PORTER LLP,  777 S. Figueroa St., 44th Floor, Los Angeles, CA 90017_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: May _26_, 2012

By: _____
                                    Deputy Clerk

                                    *(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐)<br><br>GENERAL ELECTRIC COMPANY | DEFENDANTS<br>NEUROGRAFIX; NEUROGRAPHY INSTITUTE MEDICAL ASSOCIATES, INC.; IMAGE-BASED SURGICENTER CORPORATION; and WASHINGTON RESEARCH FOUNDATION |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Arnold & Porter LLP - Jennifer A. Sklenar (Bar No. 200434)<br>777 South Figueroa Street, 44th Floor, Los Angeles, CA 90017-5744<br>Telephone: 213-243-4000 | Attorneys (If Known)<br>Marc A. Fenster<br>Russ August & Kabat<br>12424 Wilshire Boulevard, 12th Floor<br>Los Angeles, CA 90025 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Declaratory Judgment

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☑ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | | ☐ 442 Employment | | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | IMMIGRATION | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | ☐ 690 Other | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV12-04536

FOR OFFICE USE ONLY: Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)      CIVIL COVER SHEET      Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No  ☑ Yes
If yes, list case number(s): 2:11-CV-07591  *M R P (RZX)*

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☑ A. Arise from the same or closely related transactions, happenings, or events; or
   ☑ B. Call for determination of the same or substantially related or similar questions of law and fact; or
   ☑ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
   ☑ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Connecticut |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County Washington |  |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
   Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County |  |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): ___*B. Monz9*___  Date 5/25/12

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969 (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# Exhibit V

Link: 20

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| GENERAL ELECTRIC COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> NEUROGRAFIX; NEUROGRAPHY INSTITUTE MEDICAL ASSOCIATES, INC.; IMAGE-BASED SURGICENTER CORPORATION; and WASHINGTON RESEARCH FOUNDATION, <br><br> Defendants. | Case No. 2:12-cv-04586-MRP-RZ <br><br> **Order Denying NeuroGrafix's Motion to Dismiss GE's Complaint for Declaratory Judgment as to Claims 1-53 and 55-63 for Lack of Subject Matter Jurisdiction** |

## I.    Introduction

General Electric Company ("GE") makes MRI machines and software. Its customers include universities and hospitals. It insures these customers against patent infringement liability with indemnification agreements. NeuroGrafix is a

medical technology company. It is the exclusive licensee of substantially all rights in United States Patent No. 5,560,360 (filed Mar. 8, 1993) ("the '360 patent"), entitled "Image Neurography and Diffusion Anisotropy Imaging." The '360 patent describes techniques of generating nerve images using MRI equipment.

GE has filed this declaratory suit against NeuroGrafix. GE seeks declarations of invalidity and non-infringement for the '360 patent. It also seeks a declaration that its customers do not infringe. NeuroGrafix has moved to dismiss this complaint for lack of subject matter jurisdiction, arguing that no justiciable controversy exists for Claims 1-53 and 55-63 of the '360 patent.

Based on NeuroGrafix's course of conduct, including its public communications and history of enforcing the '360 patent, the Court finds that a justiciable controversy exists with respect to all claims of the '360 patent. NeuroGrafix's dismissal motion is denied.

## II. Legal Principles of Declaratory Judgment Jurisdiction

This Court can only hear cases or controversies. U.S. CONST. art. III, § 2. The Declaratory Judgment Act authorizes this Court to issue judicial declarations as a remedy, 28 U.S.C. § 2201 (a) (2006), but only where a justiciable controversy exists. A justiciable controversy exists where alleged facts, under ***all circumstances***, show a substantial controversy between parties having adverse legal interests of sufficient immediacy and reality. *See MedImmune, Inc. v.*

*Genentech, Inc.*, 549 U.S. 118, 127 (2007) (emphasis added) ("all-circumstances standard"). The declaratory plaintiff bears the burden of proving that a justiciable controversy existed when the action was filed and has continued since. *Benitec Austl., Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1344 (Fed. Cir. 2007).

The declaratory plaintiff must show an injury-in-fact fairly traceable to the defendant. *Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1338 (Fed. Cir. 2008). In patent cases, the alleged injury-in-fact in most justiciable controversies is a restraint on the free exploitation of non-infringing goods or an imminent threat of such restraint. *Id.* at 1339 (citations omitted). To prove this injury, the declaratory plaintiff is neither required to nor precluded from showing a reasonable apprehension of suit. *See MedImmune*, 549 U.S. at 118 (no requirement of reasonable-apprehension-of-suit for declaratory jurisdiction); *Prasco*, 557 F.3d at 1336 (proving reasonable-apprehension-of-suit is one of many ways to establish declaratory jurisdiction).[1]

The Federal Circuit has applied *MedImmune*'s all-circumstances standard in a limited number of cases. *See Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, 563 F.3d 1358 (Fed. Cir. 2009) (jurisdiction exists); *Micron Tech. v. MOSAID Techs.*, 518 F.3d 897 (Fed. Cir. 2008) (same); *Prasco*, 557 F.3d at 1329 (no jurisdiction). No bright line rule governs. *MedImmune*, 549 U.S. at 127. "The analysis must be

---

[1] Before *MedImmune*, patentee-defendants won jurisdictional challenges when declaratory plaintiffs failed to meet the requirement of proving a reasonable apprehension of suit. *MedImmune* struck down this requirement, effectively converting it into an option for declaratory plaintiffs alleging an injury in fact.

1  calibrated to the particular facts of each case." *Prasco*, 557 F.3d at 1336 (citation
2  omitted).

### III.  Discussion

All of the circumstances surrounding this case have created a justiciable
controversy between GE and NeuroGrafix. The controversy exists as to each claim
of the '360 patent. GE and NeuroGrafix have adverse legal interests. This Court
therefore has declaratory judgment jurisdiction in this matter. NeuroGrafix's
dismissal motion is denied.

### A. All of the Circumstances Create a Substantial Controversy in This Case

NeuroGrafix's implementation of its patent enforcement strategy has created a
sufficiently real, immediate, and substantial controversy with GE. The
circumstances particular to this case include: (1) NeuroGrafix's threatening
statements, (2) NeuroGrafix's aggressive patent enforcement history, (3) GE's
mounting indemnification and indirect-infringement liabilities, and (4) the
inadequacy of NeuroGrafix's covenant. All these circumstances create a
sufficiently real and immediate dispute between GE and NeuroGrafix, parties
having adverse legal interests. The Federal Circuit has identified justiciable
controversies under similar circumstances. Declaratory judgment jurisdiction is
proper.

//

4

### 1. NeuroGrafix's Threatening Statements

NeuroGrafix's threatening statements contribute to the creation of an immediate, real, and substantial dispute with GE. A patentee's public statements confirming its intent to continue an aggressive litigation strategy can contribute to the creation of a justiciable controversy. *See Micron Tech. v. MOSAID Techs.*, 518 F.3d 897, 901 (Fed. Cir. 2008).

In *Micron*, MOSAID, the patentee, sent a warning letter to Micron, a leading chip manufacturer, strongly suggesting that Micron should license its technology. *Id.* at 899. Three similar letters followed over the next two years. *Id.* When the licensing strategy failed, MOSAID embarked on a serial patent litigation campaign against leaders of the chip manufacturing industry. *Id.* Each time it obtained a settlement from a chip maker, MOSAID issued a statement reiterating its intent to pursue its aggressive licensing strategy. *Id.*

In its 2005 annual report, MOSAID stated,

> MOSAID believes that all companies which manufacture DRAM products . . . use MOSAID's patented circuit technology. With approximately half the DRAM industry now under license, it is clear that our remaining strategy is to license the remaining DRAM manufacturers. We will apply our strong IP portfolio and our significantly improved financial position in the ***aggressive*** pursuit of this objective.

*Id.* (citation omitted) (emphasis added).

In a conference call with analysts, MOSAID promised to be "unrelenting in the assertion of [its] patent portfolio." *Id.* at 900. The Federal Circuit assigned significant weight to these threatening statements when deciding that a real, substantial, and imminent dispute existed between MOSAID and Micron, one of the not-yet-sued chip makers. *Id.*

Like MOSAID, NeuroGrafix first engaged in licensing discussions with GE. General Electric Company's Opposition to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction [hereinafter GE's Opp.], *Gen. Elec. Co. v. NeuroGrafix*, No. 12-cv-04586-MRP (C.D. Cal. filed Aug. 8, 2012) (ECF No. 23). When licensing failed, NeuroGrafix switched its strategy to litigation, publishing this statement on its website on November 23, 2011:

> At this time, NeuroGrafix advises & reminds users of MR Neurography, Diffusion Tensor Imaging (DTI, HARDI, and Q-Ball), or Diffusion Subtraction Neurography that they may be infringing US Patent 5,560,360 . . . if neither they nor their manufacturer has a license. Please contact NeuroGrafix by email with any inquiries. There may be no license in place for users of MRI equipment from GE, Philips, Toshiba, or BrainLab. Patent infringement litigation between NeuroGrafix and the Regents of the University of California is ongoing in U.S. Federal District Court. Aaron Filler, MD, PhD, the CEO of NeuroGrafix says: "NeuroGrafix intends to continue to assert its patent rights against unlicensed infringers."

GE's Opp. at 3.

The resemblance to MOSAID's annual report statement is striking: (1) both statements identify respective infringing technologies (DRAM and neural

6

imaging); (2) both target unlicensed entities; and (3) both end with a warning shot saying each means business. In one respect, NeuroGrafix's statement goes even further than MOSAID's. While MOSAID did not identify its targets by name, NeuroGrafix has publicly identified GE as an unlicensed supplier.

Two distinctions between this case and *Micron* are noteworthy. *First*, MOSAID's litigation targets were only chip makers, not their customers. This distinction is of no consequence given GE's mounting liabilities relating from its indemnification agreements. *See infra* p. 11. *Second*, the Federal Circuit noted that just one day after Micron filed its declaratory action in California, MOSAID turned around and sued Micron in Texas. *Id.* at 901. This post-filing event is irrelevant for the question of whether a justiciable controversy existed when Micron filed its declaratory action, but it can show that the controversy continued after the filing. *See Gaf Bldg. Mats. Corp. v. Elk Corp. of Dallas*, 90 F.3d 479, 483 (Fed. Cir. 1996) ("[L]ater events may not create jurisdiction where none existed at the time of filing."); *Benitec*, 495 F.3d at 1344 ("The burden is on the party claiming declaratory judgment jurisdiction to establish that such jurisdiction existed at the time the claim for declaratory relief and that it has continued since.").

While NeuroGrafix has not responded to GE's declaratory suit by suing GE in some other jurisdiction, it *has* targeted a string of GE's customers in various jurisdictions, thus keeping the controversy alive. *See infra* Table 2.

7

## 2. NeuroGrafix's Aggressive Patent Enforcement History

NeuroGrafix's patent enforcement record *before* GE's declaratory filing date contributed to the creation of a justiciable controversy. Its record *after* the filing date confirms its continued existence.

"[P]rior litigation is a circumstance to be considered" under the *MedImmune* all-circumstances test. *Innovative Therapies, Inc. v. Kinetic Concepts*, 599 F.3d 1377, 1382 (Fed. Cir. 2010); *see also Prasco*, 537 F.3d at 1341 ("Prior litigious conduct is one circumstance to be considered in assessing whether the totality of circumstances creates an actual controversy.").

### Table 1. NeuroGrafix's litigious conduct *before* GE filed DJ suit

| Date | Party | GE Claims As Customer? | Identified patent claims in complaint | Resolution |
|------|-------|------------------------|---------------------------------------|------------|
| May '08 | Oak Tree Medical Corporation 08-cv-02923 (C.D. Cal.) | No | None | "June 2009 – NeuroGrafix announces $900,000 settlement in patent infringement action against Oak Tree Imaging of Pasadena." (posted on Jun. 1, 2009) |
| Mar. '10 | Siemens Medical Solutions USA, Inc. 10-cv-01990 (C.D. Cal.) | No | None | "The NeuroGrafix patent litigation against Siemens was dismissed in November 2011 pursuant to a confidential Settlement Agreement and Mutual Release. Pursuant to that agreement, Siemens obtained a license for itself and its customers." (posted on Nov. 22, 2011) |

8

| Sep. '11 | The Regents of the University of California 11-cv-07591 (C.D. Cal.) | Yes | None | Pending |
|---|---|---|---|---|

Table 1 shows NeuroGrafix's record of enforcing the '360 patent *before* GE filed this declaratory judgment action on May 25, 2012. *See supra* Table 1.

In May, 2008, NeuroGrafix sued Oak Tree Medical Corporation, a medical imaging clinic. *NeuroGrafix v. Oak Tree Med. Corp.*, No. 08-cv-02923 (C.D. Cal. May 5, 2008). The case settled. OAK TREE IMAGING SETTLEMENT ANNOUNCED, http://www.neurografix.com/2009/06/ (last visited Aug. 10, 2012). NeuroGrafix broadcasted the settlement results on its website. *Id.* Next, in March 2010, it sued Siemens, an MRI equipment manufacturer. *NeuroGrafix et al. v. Siemens Med. Solutions USA, Inc. et al.*, No. 10-cv-01990 (C.D. Cal. Mar. 18, 2010). Then, on November 23, 2011, NeuroGrafix published a list of *remaining* unlicensed MRI manufacturers. NEUROGRAFIX STATEMENT ON US PATENT 5,560,360, http://www.neurografix.com/news/neurografix-statement-on-us-patent-5560360/ (last visited Aug. 10, 2012). The list was short: GE, Brainlab, Toshiba, and Philips. *Id.* Notably missing was Siemens. *Id.* But a reader of that list would immediately see why Siemens was absent. Just one day earlier, on November 22, 2011, NeuroGrafix broadcasted that Siemens had settled.[2] NEUROGRAFIX STATEMENT ON

---

[2] NeuroGrafix did not post the results of the Siemens settlement because of a confidentiality agreement.

SIEMENS LITIGATION, http://www.neurografix.com/news/neurografix-statement-on-siemens-litigation/ (last visited Aug. 10, 2012).

Both before and after NeuroGrafix warned GE and its customers on its website, GE watched NeuroGrafix embark on a sue-settle-warn-repeat cycle. NeuroGrafix has targeted MRI makers and their customers alike. This is analogous to Micron's predicament of having to watch, from the sidelines, as MOSAID sued chip-maker after chip-maker. *Micron*, 518 F.3d at 901 ("[A]fter receiving several threats itself, Micron watched MOSAID sue each of the other leading DRAM manufacturers.").

NeuroGrafix's litigious conduct leading up to May 25, 2012, i.e., the filing date of GE's declaratory suit, thus contributed to the creation of a justiciable controversy with GE, much like MOSAID's litigious conduct did in *Micron*.

NeuroGrafix's patent enforcement campaign has intensified since, confirming the controversy's continued existence.

**Table 2. NeuroGrafix's patent enforcement record *after* GE filed declaratory action**

| Date | Party | GE Claims As Customer? | Identified patent claims in complaint | Resolution |
|------|-------|------------------------|---------------------------------------|------------|
| Jun. '12 | Philips Electronics et al. 12-cv-11065 (D. Mass.) | No | At least claims 1, 36, 51, 54 | Pending |
| Jul. '12 | Beth Israel Deaconess Medical Center, Inc. 12-cv-11274 (D. | Yes | At least claim 36 | Pending |

| | | | | | |
|---|---|---|---|---|---|
| | | Mass.) | | | |
| 2 | Jul. '12 | The Brigham and Women's Hospital, Inc. 12-cv-11275 (D. Mass.) | Yes | At least claim 36 | Pending |
| | Jul. '12 | Trustees of Boston University 12-cv-11276 | No | At least claim 36 | Pending |
| | Jul. '12 | Trustees of Tufts College 12-cv-11277 (D. Mass.) | No | At least claim 36 | Pending |
| | Jul. '12 | The Johns Hopkins University 12-cv-02181 (D. Md.) | Yes | At least claims 1 and 36 | Pending |
| | Aug. '12 | The University of Chicago Medical Center 12-cv-06068 (N.D. Ill.) | No | At least claim 36 | Pending |
| | Aug. '12 | Brainlab, Inc. 12-cv-06075 (N.D. Ill.) | No | At least claim 36 | Pending |

Table 2 shows that NeuroGrafix has intensified its patent enforcement

campaign, adding at least three more identified GE customers to its roster of patent

infringement defendants – in the *last month alone*. While this Court cannot

consider these lawsuits to determine if an actual controversy existed *at the time* GE

filed this action, it *can* consider these suits to establish its continued existence.

//

//

11

### 3. GE's mounting indemnification and indirect-infringement liabilities

In its capacity as a targeted supplier, GE's mounting indemnification and indirect-infringement liabilities furnish a significant consideration in weighing whether a justiciable controversy exists.

Indemnification and indirect-infringement liabilities are important considerations under *MedImmune*'s "all circumstances" test. *See ABB Inc. v. Cooper Indus., LLC*, 635 F.3d 1346 (Fed. Cir. 2011). In *ABB*, the patentee, Cooper, licensed its technology to ABB ("the Cooper-ABB license"). 635 F.3d at 1346. ABB, in turn, contracted with a third party, Dow Chemicals, to manufacture the patented material. *Id.* at 1347. ABB also indemnified Dow against claims of infringement by Cooper. *Id.* Finding that Dow's activity violated the Cooper-ABB license, Cooper wrote threatening letters to both ABB and Dow. *Id.* It warned ABB of breach-of-contract liability, and Dow of patent-infringement liability. *Id.* Specifically, Cooper wrote to Dow, "We wish to formally put Dow on notice that Cooper will vigorously defend its rights should Dow attempt to make products covered by one or more of Cooper's patents." *Id.* (citation omitted).

ABB filed a declaratory judgment action against Cooper, seeking a declaration of non-infringement. *Id.* The lower court dismissed ABB's complaint for lack of subject matter jurisdiction. *Id.* The Federal Circuit reversed this dismissal on appeal, holding that all the circumstances supported the determination of a

12

1    justiciable controversy between ABB and Cooper. *Id.* at 1346. In *ABB*, the Federal

2    Circuit assigned primary weight to the role of Cooper's threatening statements in

3
4    creating a substantial, immediate, and real controversy surrounding infringement.

5    *Id.* at 1349 (considering parallels between Cooper's threatening statements and

6
7    those in *Micron Tech., Inc. v. Mosaid Techs., Inc.*, 518 F.3d 897, 899-901 (Fed.

8    Cir. 2008)). In its jurisdictional analysis, the Court considered ABB's "***interest*** in

9
10   determining whether it would be liable for ***indemnification***, which turned on

11   whether Dow would be liable for infringement." *Id.*

12       *ABB* is analogous. In *ABB*, Cooper sued Dow, an ABB customer, thereby

13
14   triggering indemnification considerations. 635 F.3d at 1347. Here, NeuroGrafix

15   sued UC, a GE customer, thereby triggering indemnification considerations. GE's

16   Opp. at 6. ABB then filed a declaratory action against Cooper, just like GE did

17
18   against NeuroGrafix. The Federal Circuit found that ABB had a legal interest in

19   determining its indemnification liabilities; GE has a legal interest in the same.

20
21   Cooper's threatening statements in *ABB*, the primary basis for the Federal Circuit's

22   finding of jurisdiction, are analogous to NeuroGrafix's threatening statements on

23
24   its website. 635 F.3d at 1345.

25       Each time NeuroGrafix sues a GE customer for patent infringement, GE faces

26   the imminent, substantial, and real threat of contractual (indemnification) liability.

27
28   *Before* GE filed this declaratory action, NeuroGrafix had sued UC (a GE

13

customer), thereby implicating GE's indemnification interests. The UC lawsuit therefore contributed to the creation of a justiciable controversy with GE. *Since then*, NeuroGrafix has sued at least at least three more GE customers, thereby continuing to implicate GE's contractual indemnification liabilities with each lawsuit, effectively keeping the justiciable controversy alive.

The Court is not persuaded by GE's broad interpretation of this statement in *Arris* for its argument on the indemnification issue:

> **We have recognized** that, where a patent holder accuses customers of direct infringement based on the sale or use of a supplier's equipment, the supplier has standing to commence a declaratory judgment action if . . . the supplier is obligated to indemnify its customers from infringement liability.

639 F.3d at 1368 (citing *ABB, Inc.*, 635 F.3d at 1346) (emphasis added); *see* GE Opp. at 1.

For two reasons, the above statement is not a *per se* rule (as GE characterizes it) vesting standing in all suppliers *whenever* an *indemnified* customer is sued. *First*, the Federal Circuit declared in *Arris* that it was "not reach[ing] the indemnification issue." 639 F.3d at 1375. *Second*, the Federal Circuit cited *ABB*, where jurisdiction obtained based **primarily** on the patentee's threatening communications. 635 F.3d at 1346. The supplier's indemnification liability played a decidedly lesser role in that decision. *Id.* (mentioning indemnification liability only when discussing presence of adverse legal "interests" between patentee and supplier and focusing

14

on threatening statements). Consistent with *MedImmune*, the Federal Circuit reviewed *all* the circumstances in *ABB*, placing greater reliance on the patentee's threatening communications and accounting for additional considerations including the supplier's indirect infringement and indemnification liability.

The Court is likewise not persuaded by NeuroGrafix's argument that "[a] suit filed against a different party, even if [the declaratory plaintiff] could potentially be required to indemnify that party, is not a suit that [the declaratory plaintiff] itself faces." *Id.* (quoting *Intellectual Prop. Dev. v. TCI Cablevision of California, Inc.*, 248 F.3d 1333 (Fed. Cir. 2001)). This is less of an argument and more of an out-of-context soundbyte. In *Intellectual Property*, the Federal Circuit made the quoted statement *in the context* of applying the now-defunct **part one** of its two-part declaratory judgment jurisdiction test. *Intellectual Property*, 248 F.3d at 1341 ("[P]art one of the declaratory justiciability test for patent rights requires action by the patent owner that creates 'reasonable apprehension' on part of the declaratory plaintiff that it will face an infringement suit."). The Supreme Court, in *MedImmune*, **struck down part one** of the Federal Circuit's two-part test. 549 U.S. at 132 n.11.

**4. The inadequacy and ambiguity of NeuroGrafix's covenant not to sue**

NeuroGrafix's covenant is both inadequate and ambiguous, thus failing to moot the actual controversy in this case. It is ambiguous because reasonable minds could

1    disagree about whether the covenant allows NeuroGrafix to sue GE for future sales

2    of previously-manufactured products. It is inadequate because given NeuroGrafix's

3
4    course of conduct in this case, its failure to cover GE's customers leaves GE still

5    exposed to very substantial and real indemnification liability.

6
7        "Whether a covenant not to sue will divest the trial court of jurisdiction depends

8    on what is covered by the covenant." *Revolution Eyewear v. Aspex Eyewear, Inc.*,

9    556 F.3d 1294, 1297 (Fed. Cir. 2009). The *Revolution Eyewear* non-suit covenant

10
11   did not cover the plaintiff's future sales of previously-sold products. *Id.* at 1298.

12   This lapse in coverage rendered the covenant non-divesting, i.e., the court retained

13
14   jurisdiction. *Id.* The Federal Circuit contrasted this covenant with a divesting

15   covenant from a previous case. *Id.* at 1298 (distinguishing instant covenant from

16
17   the covenant in *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054

18   (Fed. Cir. 1995)). The *Super Sack* covenant covered future production and sales of

19   the same products that were the subject of the infringement suit. 57 F.3d at 1057.

20
21       *Super Sack* predates *MedImmune*, rendering its analysis[3] suspect. *Compare*

22   *Super Sack*, 57 F.3d at 1054 (decided by the Federal Circuit in 1995) *with*

23
24   *MedImmune*, 549 U.S. 118 (decided by Supreme Court in 2007). Tellingly, *Super*

25   *Sack*'s analysis of the covenant not to sue culminated in a conclusion that the

26

27   _____
     [3] Neither the Supreme Court in *MedImmune* nor the Federal Circuit in subsequent cases has overruled *Super Sack*.
28   Thus, while its analysis is suspect, its holding is not. *See Dow Jones & Co., Inc. v. Ablaise Ltd.*, 606 F.3d 1338,
     1348 (Fed. Cir. 2010) (describing the Federal Circuit's covenant-not-to-sue jurisprudence as "established by *Super
     Sack* and continuing, post-*MedImmune*, through *Revolution Eyewear*.").

declaratory plaintiff failed to meet the *requirement* of a reasonable apprehension of suit, thereby eliminating jurisdiction. 57 F.3d at 1054. The Supreme Court in *MedImmune* struck down this "requirement" as inconsistent with precedent and replaced it with a totality-of-circumstances standard. 549 U.S. at 132 n.11. Now, other circumstances in a particular case could *undo* a *Super Sack*-type covenant's jurisdiction-divesting effects. In other words, where a *Super Sack*-type covenant might well negate the immediacy and reality of a controversy, other circumstances in a particular case might serve to reinvigorate the dispute.

Finally, "a patentee's grant of a covenant not to sue a supplier for infringement *can* eliminate the supplier's standing to bring a declaratory judgment action." *Arris*, 639 F.3d at 1380 (emphasis added). But a covenant's failure to cover a supplier's customers may render it non-divesting, resulting in a finding of jurisdiction. *See Monolithic Power Sys., Inc. v. O2 Micro Int'l*, 2008 WL 3266647 (N.D. Cal. Aug. 6, 2008) (denying dismissal motion and finding jurisdiction where covenant did not cover customers). This is particularly so where the patentee has a history of suing the declaratory plaintiff's customers. *See Bendix Commercial Vehicle Sys. LLC v. Haldex Brake Prods. Corp.*, 2010 WL 3221972 (N.D. Ohio Aug. 13, 2010) (highlighting how a suit against customers is more than a theoretical possibility where the patentee has a history of suing customers).

17

*Revolution Eyewear* requires this Court to analyze what a covenant covers. 556 F.3d at 1297 ("Whether a covenant not to sue will divest the trial court of jurisdiction depends on what is covered by the covenant.") The covenant in this case is: "NeuroGrafix has no intentions of suing and will not sue GE for infringement of these claims based on GE's manufacture, importation, use, sale and/or offer for sale of GE's past and current products." NeuroGrafix's Mot. to Dismiss at 3.

NeuroGrafix's covenant is somewhat *ambiguous* because reasonable minds could reach different conclusions about whether the covenant covers future sales of existing products – rendering it analogous to the *Revolution Eyewear* covenant and distinguishable from the *Super Sack* covenant. 556 F.3d at 1297. On its face, the covenant also fails to insure GE against the risk of indirect infringement liability. NeuroGrafix has clarified, in its reply brief, that the covenant *does* include GE's potential indirect infringement liability. Defendant's Reply in Support of Defendant's Motion to Dismiss, ECF No. 27 at 4. But even so, the covenant is ambiguous about indirect infringement liability stemming from future sales of previously-sold products. This ambiguity regarding the covenant's coverage renders it analogous to the deficient *Revolution Eyewear* covenant and distinguishable from the sufficient *Super Sack* covenant.

18

Aside from being *ambiguous*, the covenant is also *inadequate* **in this case** for failing to cover GE's customers. In making this observation, the Court does not purport to lay down a general rule applicable to all covenants not to sue in supplier cases such as this. But against the backdrop of *all the circumstances in this particular case*, including (1) NeuroGrafix's statement putting GE and its customers on notice; and (2) NeuroGrafix's aggressive serial litigation against GE's customers, the covenant's failure to cover customers renders it inadequate to divest this Court of jurisdiction.

As a logical matter, the scope of the covenant not to sue is relevant to the *reasonableness* of a declaratory plaintiff's claimed apprehension of suit. Pre-*MedImmune*, defendant-patentees could have secured dismissals by merely issuing a covenant not to sue, thus frustrating the declaratory plaintiff's ability to meet the Federal Circuit's reasonable-apprehension-of-suit *requirement*. *MedImmune* struck down this *requirement*. 549 U.S. at 132 n.11. Now, a covenant not to sue is just *one piece of the puzzle*. Pre-*MedImmune*, covenants may have trumped *all other pieces of the puzzle*. *MedImmune* took away that veto power. The controversy-creating effects of these *other* pieces could, taken together *in this case*, trump the controversy-mitigating effects of the covenant – thereby rendering it inadequate.

Here, NeuroGrafix's own conduct has canceled out its proffered covenant's controversy-mitigating effects. And where, as here, an ambiguous and inadequate

19

covenant stands next to threatening statements backed up by subsequent serial litigation, all circumstances point to the creation and continued existence of a justiciable controversy.

**B. A Justiciable Controversy Exists as to all Claims of the '360 Patent**

In patent cases, the existence of a case or controversy must be evaluated on a claim-by-claim basis. *Streck, Inc. v. Research & Diagnostic Sys.*, 665 F.3d 1269, 1281 (Fed. Cir. 2012). NeuroGrafix's website statement fails to list specific claims. Its subsequent complaints in various district courts are likewise directed to the entire '360 patent. And where specific claim numbers are listed, they are accompanied by hedges like "at least" – leaving the door open for more claims to enter later stages of the litigation. *See supra* Table 2. GE indemnification agreements leave it exposed to all claims of the '360 patent. NeuroGrafix's covenant is restricted to a subset of claims ("covenanted claims"), but is both inadequate (no coverage for customers) and ambiguous (reasonable minds could differ on whether future sales of existing products are covered).

Thus, a justiciable controversy exists as to *all* claims of the '360 patent because the factors giving rise to the controversy, i.e., threats, lawsuits, scope of indemnification, apply to the entire '360 patent.

//

//

20

## C. GE and NeuroGrafix Have Adverse Legal Interests

GE and NeuroGrafix are parties having adverse legal interests stemming from GE's indemnification agreement with UC.

For declaratory judgment jurisdiction to arise, *MedImmune* requires a substantial controversy between ***parties having adverse legal interests*** of sufficient immediacy and reality. 549 U.S. at 127 (emphasis added). "The concept of adverse legal interests requires that there be a dispute as to a legal right . . . ." *Creative Compounds, LLC v. Starmark Labs.*, 651 F.3d 1303, 1316 (Fed. Cir. 2011). "[A]n economic interest ***alone*** . . . cannot form the basis of an 'actual controversy' . . . ." *Id.* (citation omitted) (emphasis added). "[T]he purpose of the Declaratory Judgment Act was to enable a person who is at ***legal risk*** because of an unresolved dispute to obtain judicial resolution of that dispute without having to await the commencement of a legal action by the patentee, to 'clear the air.'" *BP Chems. Ltd. v. Union Carbide Corp.*, 4 F.3d 975, 977 (Fed. Cir. 1993) (emphasis added).

*Creative Compounds*, a post-*MedImmune* case, featured a cast of actors similar to this case – a patentee, a supplier, and a customer. 651 F.3d at 1316. The patentee, Creative, had never accused the supplier, Starmark, of infringing its patent. *Id.* Creative *had*, however, sent letters to Starmark's *customers* alleging patent infringement. *Id.* Starmark did not have an indemnity agreement with its customers. *Id.* The Federal Circuit held that "[i]n the **absence of an indemnity**

21

1 **agreement** between Starmark and one of these 'customers,' Starmark has, at most,

2 only an economic interest in clarifying its customers' rights under Creative's

3
4 patents." *Id.* (emphasis added). The implication of this statement is that the

5 **presence of an indemnity agreement** triggers a supplier's legal interests in

6
7 clarifying its customers' rights.

8 Another post-*MedImmune* Federal Circuit case confirms this implication. *See*

9 *ABB Inc. v. Copper Indus., LLC*, 635 F.3d 1345, 1349 (Fed. Cir. 2011). In *ABB*,

10
11 the Federal Circuit rested its jurisdictional finding primarily on the patentee's

12 warning letters to the supplier and its indemnified customer. *Id.* When identifying

13
14 the parties' adverse legal interests, the Federal Circuit stated, "[The supplier] **had**

15 **an interest** in determining whether it would incur liability . . . for

16 **indemnification**, which turned on whether [its customer] would be liable for

17
18 infringement." *ABB*, 635 F.3d at 1349.

19 Thus, at least two post-*MedImmune* Federal Circuit cases have held that a

20
21 supplier of indemnified customers has a legal interest in "clarifying its customer's

22 rights" (*Creative Compounds*) or "determining whether it would incur liability . . .

23
24 for indemnification" (*ABB*). 651 F.3d at 1316; 635 F.3d at 1349.

25 Pre-*MedImmune* cases on this point remain relevant because *MedImmune* only

26 rejected the Federal Circuit's reasonable-apprehension-of-suit requirement, an

27
28 issue independent from whether the adverse interests between the parties are *legal*

22

versus *purely economic*. One such pre-*MedImmune* Federal Circuit case featured a supplier, its non-indemnified customer, and a patentee. *Microchip Tech. Inc. v. Chamberlain Grp., Inc.*, 441 F.3d 936 (Fed. Cir. 2006). In *Microchip*, the patentee had never accused the declaratory plaintiff of patent infringement. *Id.* at 943. The Federal Circuit stated that "while [the supplier's] customers may or may not have had an 'adverse legal interest' or have been at 'legal risk,' they were not parties to [the supplier's declaratory] action." *Id.* Noting that the declaratory plaintiff failed to meet its burden to show an adverse legal interest, the Federal Circuit stated, "Nor has [the supplier] established a **legal relationship** between it and a customer that had a legal interest adverse to [the patentee], **such as the existence of an indemnity agreement between [the supplier] and its customer**." *Id.* (emphasis added).

*Microchip*, *ABB*, and *Creative Compounds*, all binding[4] authority for this issue, collectively hold that the following two parties have adverse *legal* interests: (1) suppliers who indemnify their customers; and (2) patentees who threaten those customers for patent infringement. Covenants not to sue which do not cover customers are irrelevant to this analysis because they do not offer any indemnification-related relief to the supplier, leaving it exposed to liability based on indemnification.

---

[4] At least one district court has also held, post-*MedImmune*, that suppliers and patentees have adverse legal interests where the patentee threatens an indemnified customer. *See WS Packaging Grp. v. Global Commerce Grp., LLC*, 2007 WL 205559 (E.D. Wisc. Jan. 24, 2007).

NeuroGrafix has sued UC for using GE's MRI machines. UC and NeuroGrafix have adverse legal interests. GE has indemnified UC. Under *Microchip*, *ABB*, and *Creative Compounds*, this Court recognizes GE's legal interests in (a) clarifying UC's rights under the '360 patent and (b) determining whether it would incur liability for indemnification, which turns on whether UC would be liable for infringement. GE and NeuroGrafix do not have *purely economic* adverse interests because GE has successfully established a legal relationship with UC. *Microchip*, 441 F.3d at 943 (indemnity agreement constitutes legal relationship between supplier and customer, triggering supplier's legal interest in clarifying the customer's rights with respect to the asserted patent).

NeuroGrafix argues that its covenant not to sue "eliminates any adverse legal interest between a declaratory judgment plaintiff and defendant." NeuroGrafix's Reply at 3. For support, NeuroGrafix relies on three Federal Circuit cases. *Id.* at 4.

*First*, NeuroGrafix cites *Super Sack. Id.* (citation omitted). For reasons previously discussed, the Court does not find this citation persuasive. *See supra* p. 17-18. *Second*, NeuroGrafix cites *Intellectual Property Development*, 248 F.3d at 1342. Again, for reasons previously discussed, this is less of an argument and more of an out-of-context Federal Circuit soundbyte. *See supra* p. 16.

*Third*, NeuroGrafix cites *Dow Jones & Company, Inc. v. Ablaise Ltd.*, 606 F.3d 1338 (Fed. Cir. 2010). In *Dow Jones*, the declaratory plaintiff protested that a

24

1  controversy lingered despite the patentee's covenant not to sue because of the

2  covenant's failure to cover Dow's parent company, News Corp. *Id.* The Federal

3

4  Circuit noted that News Corp. was insulated from liability absent a piercing of the

5  corporate veil. Based on this insulation, the Court found that the covenant's failure

6

7  to cover News Corp. made no difference, and therefore no controversy remained in

8  existence.

9  *Dow Jones* is distinguishable. The parent-subsidiary relationship in *Dow Jones*

10

11  is not analogous to the supplier-customer relationship here. *There*, a corporate veil

12  shielded the parent, News Corp., thus *insulating* it from Dow Jones's infringement

13

14  liability. *Here*, an indemnification agreement exercised the opposite effect on the

15  supplier, GE, *exposing* rather than *insulating* it from UC's patent infringement

16  liability.

17

18  For the above reasons, GE and NeuroGrafix are parties having adverse legal

19  interests.

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28

25

# IV.   CONCLUSION

Given NeuroGrafix's course of conduct and GE's mounting indemnification liabilities, the Court finds that a substantial, real, and immediate controversy exists between parties having adverse legal interests as to all claims of the '360 patent. NeuroGrafix's motion to dismiss is thus **DENIED**.

IT IS SO ORDERED.

DATED: August 16, 2012

Hon. Mariana R. Pfaelzer
United States District Judge

# Exhibit W

Link: 36

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| GENERAL ELECTRIC COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>NEUROGRAFIX; NEUROGRAPHY INSTITUTE MEDICAL ASSOCIATES, INC.; IMAGE-BASED SURGICENTER CORPORATION; WASHINGTON RESEARCH FOUNDATION,<br><br>    Defendant. | Case No. 2:12-cv-04586-MRP<br><br>**Order Denying NeuroGrafix's Motion to Reconsider the Court's Finding that Declaratory Judgment Jurisdiction Exists as to Covenanted Claims 1-53 and 55-63** |

## I.    Introduction

The declaratory judgment plaintiff, General Electric Company ("GE"), designs and manufactures medical resonance imaging ("MRI") machines and makes associated software. GE sells these MRI products to universities and hospitals. Pursuant to indemnification agreements, GE is obligated to compensate customers if they incur patent infringement liability resulting from their use of GE's products.

The declaratory judgment defendant, NeuroGrafix, is the exclusive licensee of a medical imaging patent – U.S. Patent No. 5,560,360 (filed Mar. 8, 1993) ("the '360 patent"), entitled "Image Neurography and Diffusion Anisotropy." In the last year alone, NeuroGrafix has sued four GE customers for infringing the '360 patent. But it has never directly sued GE. In fact, for a subset of claims in the '360 patent, NeuroGrafix has issued a covenant *not* to sue GE for direct or indirect infringement for past, present, or future sales of its past or present MRI products. The covenant does not, however, cover GE's customers. Although NeuroGrafix's covenant removes indirect infringement liability from the equation, the specter of indemnification liability continues to loom over GE in light of NeuroGrafix's serial litigation against GE's customers.

GE filed this lawsuit against NeuroGrafix, seeking judicial declarations that the '360 patent is invalid and not infringed by GE or its customers. NeuroGrafix previously moved the Court to dismiss GE's complaint for lack of subject matter jurisdiction. The Court denied this motion because: (1) all the circumstances in this case created a substantial controversy between GE and NeuroGrafix; and (2) GE and NeuroGrafix have adverse legal interests.

Here, NeuroGrafix moves the Court to reconsider its jurisdictional finding. The Court has reconsidered its prior decision and again finds that declaratory judgment jurisdiction exists in this case.

## II.    The Court's Previous Jurisdictional Finding

For declaratory judgment jurisdiction to exist, (1) all the circumstances in a case must create a substantial controversy (2) between parties having adverse legal interests. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007).

In finding a substantial controversy between GE and NeuroGrafix, the Court previously assessed the following circumstances: (1) NeuroGrafix's threatening statements on its website warning GE's customers that GE's products infringe the '360 patent; (2) NeuroGrafix's pre-filing[1] patent enforcement record; (3) NeuroGrafix's post-filing patent enforcement record; (4) NeuroGrafix's covenant not to sue failed to cover customers, implicating GE's indemnification liabilities; and (5) the covenant was somewhat ambiguous about whether it covered GE's future sales of previously sold products, implicating GE's indirect infringement liabilities. ECF No. 31. The Court found that these circumstances, taken together, created a substantial controversy between NeuroGrafix and GE. *Id.*

The Court also found that GE and NeuroGrafix have adverse legal interests stemming from GE's mounting indemnification liabilities to its customers. The Court relied on guidance from various Federal Circuit cases identifying a supplier's interest in clarifying its indemnification liabilities, which turned on

---

[1] "Pre-filing" refers to the time before GE filed its declaratory judgment suit. The Court cannot consider post-filing events to determine the existence of a substantial controversy in the first instance. Post-filing events can, however, factor into the Court's evaluation of the *continued existence* of the controversy. *Benitec Austl., Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1344 (Fed. Cir. 2007).

invalidity and noninfringement of the patentee's patent, as an eligible "adverse legal interest" in the context of declaratory judgment jurisdiction.

Based on these findings, the Court denied NeuroGrafix's motion to dismiss GE's complaint for lack of subject matter jurisdiction.

### III. NeuroGrafix's Reconsideration Motion

NeuroGrafix makes two primary arguments in its reconsideration motion. Defendant's Motion for Reconsideration, ECF No. 36 [hereinafter "Mot."]. *First*, NeuroGrafix argues that the covenant it offers GE is not ambiguous and covers GE's future sales of previously sold products. Mot. at 1. There is, therefore, no actual controversy between the parties. *Second*, NeuroGrafix also advances what the Court calls the cause-of-action theory. Mot. at 10-11. This theory predicates declaratory judgment jurisdiction on the existence and identification of a cause of action or hypothetical complaint that the declaratory judgment defendant ("DJ defendant") could have brought against the declaratory judgment plaintiff ("DJ plaintiff"). Because NeuroGrafix can no longer, in light of its covenant not to sue, bring any cause of action or hypothetical complaint against GE, it is argued that the parties lack adverse legal interests under the cause-of-action theory. *Id.*

### IV. Discussion

The Court has reconsidered its previous jurisdictional finding. Though the analysis is slightly altered due to NeuroGrafix's clarification of the scope of its

covenant, the conclusion remains the same. All the circumstances in this case continue to create a substantial controversy between NeuroGrafix and GE. NeuroGrafix and GE are still parties having adverse *legal* interests. The Court addresses NeuroGrafix's reconsideration arguments in turn.

**1. Although NeuroGrafix has resolved the Court's concern regarding the covenant's ambiguity, the remaining circumstances in this case still create a substantial controversy between GE and NeuroGrafix**

As stated, in finding a substantial controversy between GE and NeuroGrafix, the Court previously assessed ***all*** of the following circumstances: (1) NeuroGrafix's threatening statements on its website warning GE's customers; (2) NeuroGrafix's pre-filing patent enforcement record; (3) NeuroGrafix's post-filing patent enforcement record; (4) NeuroGrafix's covenant not to sue failed to cover customers; and (5) the covenant was somewhat ambiguous about whether it covered GE's future sales of previously sold products. ECF No. 31 at 4. NeuroGrafix's reconsideration motion only addresses one of these five points, i.e., the covenant's ambiguity about whether it covered GE's future sales of previously sold products. Mot. at 2 n.1.

NeuroGrafix protests that the Court has self-supplied an incorrect answer to its own *new* question regarding the covenant's ambiguity. Mot. at 3. The Court's inquiry regarding the scope of the covenant is not a new question; it has been considered before by the Federal Circuit. "Whether a covenant not to sue will

divest the trial court of jurisdiction **depends on what is covered by the covenant.**"

*Revolution Eyewear v. Aspex Eyewear, Inc.*, 556 F.3d 1294, 1297 (Fed. Cir. 2009).

On this topic, NeuroGrafix states, "Had Plaintiff or the Court previously questioned the inclusive scope of Defendant's covenant, Defendants *would have* answered and affirmed, as they now answer and affirm, that their covenant is all encompassing and not ambiguous." Mot. at 1. The Court has a duty, under *Revolution Eyewear*, to evaluate the jurisdiction-divesting effects of a patentee's covenant not to sue by deriving a measure of its coverage. 556 F.3d at 1297. It has no duty to ask the plaintiff to affirm that there is no defect in the covenant. In any event, NeuroGrafix's protest is now moot because it has already clarified, in its reconsideration motion, that its covenant not to sue covers GE's future sales of previously sold products. Mot. at 2 n.1.

But NeuroGrafix's clarification does not resolve the question of the covenant's jurisdiction-divesting effects. To be sure, it relieves GE of the prospect of indirect infringement liability. But the specter of indemnification liability to its customers continues to loom over GE as NeuroGrafix methodically sues one GE customer after another. NeuroGrafix's argument has only decreased the number of circumstances considered in the all-circumstances analysis from five to four.

The four surviving circumstances, **taken together**, suffice to create a substantial controversy between the parties: (1) NeuroGrafix's threatening public statements

on its website naming GE as an unlicensed supplier; (2) NeuroGrafix's pre-filing patent enforcement record; (3) NeuroGrafix's post-filing patent enforcement record; and (4) the covenant's failure to cover GE's customers, implicating GE's indemnification liabilities. Where GE previously faced two types of legal liability (indemnification and indirect infringement) due to NeuroGrafix's serial litigation, it now faces just one – indemnification. Obviously, a substantial controversy still remains.

The Court does not purport to set down any rule that a substantial controversy exists *whenever* a patentee's covenant not to sue fails to cover a supplier's indemnified customers. The Court's finding of a substantial controversy is both limited to and informed by ***the particular combination of four circumstances in this case***. Whether this substantial controversy affects the parties' *adverse legal interests* is a more complicated issue, one the Court is also obligated to consider.

### 2. Although NeuroGrafix's covenant not to sue has foreclosed any cause of action it could bring against GE, the parties still have adverse *legal* interests

NeuroGrafix's reconsideration motion raises an important question: Can a supplier and a patentee have *adverse legal interests* for purposes of declaratory judgment jurisdiction, even after the patentee grants an unambiguous covenant not to sue the supplier for direct or indirect infringement for past, present, and future sales of its past and present products? Where, as here, the supplier has indemnified

-7-

customers whom the covenant fails to cover, and the patentee has sued those indemnified customers – thereby leaving the supplier exposed to mounting indemnification liabilities – the answer is yes. Such a supplier does have adverse legal interests vis-à-vis such a patentee, even though the patentee could not (pursuant to the covenant) bring *any* cause of action whatsoever against the supplier. This conclusion finds support in decisions by both the Supreme Court and the Federal Circuit.

NeuroGrafix's whole argument *is* its "cause-of-action theory." Mot. at 10-15. Again, this theory predicates declaratory judgment jurisdiction upon the existence and identification of a cause of action or hypothetical complaint that the declaratory judgment defendant could potentially bring against the declaratory judgment plaintiff. Absent such hypothetical cause of action, the theory goes, no adverse legal interests exist. Consequently, no declaratory judgment jurisdiction exists. To quote NeuroGrafix, "This bears repeated emphasis: Defendants do not have adverse legal interests regarding the Covenanted Claims because there is no underlying cause of action, hypothetical complaint, or coercive action that Defendants may actually or potentially bring against Plaintiff regarding the Covenanted Claims." *Id.* at 10-11.

As if to confirm this theory, NeuroGrafix cites the Federal Circuit, "[F]or declaratory judgment suits, the character of the action [requisite actual Article III

case or controversy] is *judged based on the declaratory judgment defendant's hypothetical complaint*." Mot. at 10 (citing *ABB Inc. v. Cooper Indus., LLC*, 635 F.3d 1345, 1350-51 (Fed. Cir. 2011)). "[J]udged based on . . . hypothetical complaint" is hardly a proclamation of a jurisdictional *requirement*. Identifying a cause of action that the DJ defendant could potentially bring against the DJ plaintiff is *indeed* a common way of proving adverse legal interests, but the Court does not accept NeuroGrafix's elevation of this showing to the status of a jurisdictional requirement.

*Arris Group, Inc. v. British Telecommunications PLC*, a post-*ABB* Federal Circuit case, furnishes guidance on this point. 639 F.3d 1368 (Fed. Cir. 2011). There, the Federal Circuit stated in a footnote, "A controversy as to a legal right may also arise in some cases where the declaratory defendant ***has no cause of action***." 639 F.3d 1368, 1374 n.4 (Fed. Cir. 2011) (emphasis added). To be sure, the Federal Circuit did state in *Arris* that an adverse legal interest requires a dispute as to a legal right – "***for example***, an underlying legal cause of action that the declaratory defendant could have brought or threatened to bring." *Id.* at 1374. The Federal Circuit's choice of the phrase "for example" indicates that the cause-of-action showing is an exemplar, i.e., *just one way*, to satisfy the adverse-legal-interests requirement.

-9-

NeuroGrafix claims that no decision by the Supreme Court or Federal Circuit holds that Article III or the Declaratory Judgment Act may be expanded to permit a declaratory judgment case where the declaratory judgment plaintiff cannot be liable to the declaratory judgment defendant. Mot. at 11. This is incorrect.

**A. The Supreme Court and the Federal Circuit have both previously found declaratory judgment jurisdiction where the DJ defendant could not bring any hypothetical complaint or cause of action against the DJ plaintiff**

The Supreme Court and the Federal Circuit have both previously found declaratory judgment jurisdiction in the absence of any underlying cause of action that the declaratory judgment defendant could have brought against the plaintiff at the time of the jurisdictional finding. The cases are: (1) *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270 (1941); and (2) *Caraco Pharmaceutical Laboratories, Ltd. v. Forest Laboratories, Inc.*, 527 F.3d 1278 (Fed. Cir. 2008). The Court discusses each in turn.

**i.    Supreme Court: *Maryland Casualty***

In *MedImmune*, the Supreme Court discussed its own previous holdings on the issue of declaratory judgment jurisdiction. 549 U.S. 118, 132 n.11. Among other cases, the Court cited *Maryland Casualty Co. v. Pacific Coal & Oil Co*, 312 U.S. 270 (1941). *Id. Maryland Casualty* involved an automobile insurance policy between an insurance company ("the insurer") and a private entity ("the insured"). *Id.* at 271. Under the policy, the insurer had agreed to indemnify the insured for

-10-

any automobile-accident-related liabilities it might be required to pay third parties, so long as the automobile driven by the insured during the accident was "hired by the insured." *Id.* While the policy was in force, the insured was involved in an automobile accident with a third party ("the victim"). The victim sued the insured to recover damages resulting from injuries sustained in the collision. *Id.* The insurer then filed a declaratory judgment suit against the victim and the insured, seeking a decree that the truck driven by the insured during the accident was not "hired by the insured." *Id.* at 272.

The Supreme Court first stated that declaratory judgment jurisdiction required "parties having adverse legal interests." *Id.* at 273. The court then found that declaratory judgment jurisdiction existed in the dispute between the insurer and the victim. *Id.* at 274. By so holding, the Court implicitly held that the insurer and the victim had adverse legal interests. Any other conclusion forces the inference that the Court granted declaratory judgment jurisdiction in a case featuring parties without adverse legal interests. Because that cannot be, the victim and the insurer *were* parties having adverse legal interests.

Under NeuroGrafix's cause-of-action theory, the victim in *Maryland Casualty* must have had *some* cause of action or hypothetical complaint it could have brought against the insurer at the time of the jurisdictional finding. But that was not so. In fact, governing state law only allowed the victim to sue the insurer if two

-11-

triggering events had already occurred: (1) the victim had obtained a final judgment against the insured; and (2) the insured had failed to satisfy the judgment within thirty days after its rendition. *Id.* at 273 (citing sections 9510-3 and 9510-4 of the Ohio Code). At the time of the jurisdictional finding, neither triggering event had occurred. *Id.* at 271 ("Apparently this action [between the victim and the insured] had not proceeded to judgment."). *Maryland Casualty*'s jurisdictional finding notwithstanding the absence of any cause of action that the DJ defendant could have brought against the DJ plaintiff therefore undermines NeuroGrafix's cause-of-action theory.

### ii.   Federal Circuit: *Caraco*

In *Caraco Pharmaceutical Laboratories, Ltd. v. Forest Laboratories, Inc.*, the Federal Circuit granted declaratory judgment jurisdiction although the DJ defendant could not bring any cause of action or hypothetical complaint against the DJ plaintiff (due to a covenant not to sue). 527 F.3d 1278 (Fed. Cir. 2008). In addition to *Maryland Casualty*, *Caraco* independently invalidates NeuroGrafix's cause-of-action theory.

*Caraco* featured a Hatch-Waxman dispute. *Id.* Under the Hatch-Waxman framework, the FDA can only approve an ANDA filer's generic drugs if: (1) the NDA-holder's Orange Book listed patents have expired; or (2) the ANDA filer has obtained a judgment of noninfringement or invalidity against the Orange Book

-12-

listed patents. *See id.* at 1282-83. In *Caraco*, an NDA holder granted a covenant not to sue an ANDA filer. *Id.* at 1282. The ANDA filer brought a declaratory judgment suit against the NDA holder. *Id.* at 1288. The lower court held that no declaratory judgment jurisdiction existed based on the DJ defendant-patentee's covenant not to sue. *Id.* at 1289-90. The Federal Circuit reversed, stating:

> Clearly, in the ***ordinary infringement context*** . . . a covenant not to sue allows the recipient to enter the marketplace. Indeed, a covenant not to sue on a patent ensures that the covenant's recipient will not be liable for damages or subject to an injunction for infringement of that patent. However, in the Hatch-Waxman context, regardless of a covenant not to sue, a generic drug manufacturer cannot enter the market without FDA approval.

*Id.* at 1296 (emphasis added).

The Federal Circuit has pointed to an important consideration applicable here. An "ordinary infringement context" features only two entities: (1) patentee; and (2) rival. A rival entering the market without a judgment of invalidity or noninfringement against the patentee's patent faces **only one source** of potential patent infringement liability – that owed to the patentee. A covenant not to sue, in this "ordinary infringement context," effectively clears the path for the rival's market entry and participation because it relieves the recipient of his only specter of liability – that arising out of its obligation not to engage in willful patent infringement.

-13-

By contrast, the Hatch-Waxman scenario features a triangle of entities: (1) NDA holder (DJ plaintiff); (2) FDA (third party); and (3) ANDA filer (DJ plaintiff). To get FDA approval, an ANDA filer must first secure judgments of noninfringement or invalidity against the NDA holder's Orange-Book-listed patents. *Id.* at 1282-83. To avoid FDA-enforcement liability for selling unapproved drugs, the ANDA filer must therefore *first* secure such judgments. *Id.* at 1287. An ANDA filer entering the market without a judgment of invalidity or noninfringement against the NDA holder's patents faces not one (as in the ordinary infringement context) but *two* specters of liability: (1) patent infringement liability to the NDA holder; and (2) liability to the general public (whom the FDA represents) for selling drugs unapproved by the FDA. In this unique scenario, the NDA holder's covenant not to sue only relieves the ANDA filer of the first type of liability, i.e., patent infringement liability to the NDA holder.

This case is analogous to *Caraco*. The *Caraco* triangle featured: (1) NDA holder-patentee (first source of potential liability); (2) FDA (second source of potential liability); and (3) the ANDA filer. The instant triangle features: (1) NeuroGrafix (first source of potential liability); (2) GE's customers sued by NeuroGrafix (second source of potential liability); and (3) GE. The *Caraco* covenant failed to relieve the ANDA filer (DJ plaintiff) from the second source of liability, i.e., FDA enforcement against unapproved products, and thus failed to

divest declaratory judgment jurisdiction. *Id.* at 1297. Likewise, NeuroGrafix's covenant fails to relieve GE from the second source of liability, i.e. indemnification to those customers whom NeuroGrafix has sued for patent infringement. In *Caraco*, the NDA holder (DJ defendant)'s inability to bring any cause of action against the ANDA filer (DJ plaintiff) did not preclude the Federal Circuit's finding that they were parties having adverse legal interests. *Id.* at 1297. Likewise, NeuroGrafix's inability to bring any cause of action against GE does not preclude a finding that NeuroGrafix and GE have adverse legal interests.

The specter of FDA liability looming over Caraco had its roots in: (1) the NDA holder's Orange Book listed patents and (2) the NDA holder's covenant which was a tactic designed to forestall the market entry of ANDA filers. *Id.* at 1285 (describing NDA holder's gamesmanship). This obstacle on the road to FDA approval threatened Caraco's market entry and created Caraco's *legal* interest in clarifying its rights vis-à-vis the NDA holder's Orange-Book-listed patents. *Id.* at 1297. This legal interest was, for obvious reasons, adverse to the NDA holder, i.e., the owner of the patents.

Likewise, the specter of indemnification liability looming over GE has its roots in: (1) the '360 patent; and (2) NeuroGrafix's covenant designed to forestall GE's market participation. GE's mounting indemnification liabilities give rise to GE's *legal* interest in clarifying its rights vis-à-vis NeuroGrafix's '360 patent. This legal

-15-

1  interest is, for obvious reasons, adverse to NeuroGrafix, the exclusive licensee of

2  the '360 patent.

3      Caraco had a legal obligation to sell FDA-approved products. It owed this

4  obligation to the general public at large – not to the NDA holder. The FDA both

5  administered this obligation (via its approval process) and enforced it. Likewise,

6  GE owes indemnification obligation to its customers – not to NeuroGrafix. These

7  obligations are enforceable by state contract law. Neither Caraco's FDA-approval

8  obligations to the general public, nor GE's indemnification obligations to its

9  customers give rise to *any* cause of action in either case that the DJ defendant-

10 patentee could bring against the DJ plaintiff. The Federal Circuit's jurisdictional

11 finding in *Caraco*, with its inherent finding that the NDA holder and ANDA filer

12 in that case had adverse legal interests, therefore weighs heavily against

13 NeuroGrafix's cause-of-action theory.

14     The Hatch-Waxman act did not expand the jurisdictional boundaries of the

15 federal courts. In fact, Congress only extended federal jurisdiction in the Hatch-

16 Waxman contest "to the extent consistent with the Constitution." *Id.* at 1285.

17 "Accordingly, federal courts have jurisdiction [in the Hatch-Waxman context] to

18 the extent they present an Article III case or controversy." *Id.*

19     *//*

20     *//*

-16-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**B. Four Federal Circuit cases contain further guidance supporting the finding that a supplier facing indemnification liability stemming from a patentee's actions has adverse legal interests with that patentee notwithstanding a covenant not to sue**

The guidance of four Federal Circuit cases previously cited by the Court, whether those cases are binding authority or otherwise,[2] is still persuasive. This guidance provides further support for the Court's conclusion that GE and NeuroGrafix have adverse legal interests. *See Creative Compounds, LLC v. Starmark Labs.*, 651 F.3d 1303, 1316 (Fed. Cir. 2011) ("In the **absence of an indemnity agreement** between Starmark and one of these 'customers,' Starmark has, at most, only an economic interest in clarifying its customers' rights under Creative's patents.") (emphasis added); *Arris Grp., Inc. v. British Telecommunications PLC*, 639 F.3d 1368 (Fed. Cir. 2011) ("Where a patent holder accuses customers of direct infringement based on the sale or use of a supplier's equipment, **the supplier has standing** to commence a declaratory judgment action if . . . the supplier is obligated to indemnify its customers from infringement liability . . . .") (emphasis added); *ABB Inc. v. Copper Indus., LLC*, 635 F.3d 1345, 1349 (Fed. Cir. 2011) ("[The supplier] **had an interest** in determining whether it would incur liability . . . for **indemnification**, which turned on whether [its customer] would be liable for infringement.") (emphasis added); *Microchip Tech.*

---

[2] Putting its cause-of-action theory aside, NeuroGrafix is partially correct that the Court erred in its previous jurisdictional order when describing a set of Federal Circuit cases as "binding authority" for the issue of declaratory judgment jurisdiction. Mot. at 14. Upon review, the Court finds that for some of the cited cases, the relied-upon guidance did not constitute the Federal Circuit's holding.

-17-

*Inc. v. Chamberlain Grp., Inc.*, 441 F.3d 936, 943 (Fed. Cir. 2006) ("Nor has [the supplier] established a **legal relationship** between it and a customer that had a legal interest adverse to [the patentee], **such as the existence of an indemnity agreement between [the supplier] and its customer**.") (emphasis added).

## V. CONCLUSION

In light of the above considerations, the Court stands by its original jurisdictional finding. All the circumstances in this case give rise to a substantial controversy between GE and NeuroGrafix – parties having adverse legal interests. Declaratory judgment jurisdiction therefore exists.

IT IS SO ORDERED.


DATED: September 28, 2012

_____
Hon. Mariana R. Pfaelzer
United States District Judge

-18-

# Exhibit X

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:12-cv-04586-MRP-RZ | Date | September 18, 2012 |
|---|---|---|---|
| Title | General Electric Company v. NeuroGrafix et al. | | |

| Present: The Honorable | **MARIANA R. PFAELZER** | |
|---|---|---|
| Cynthia Salyer | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:** **(In Chambers)**

### Order Denying NeuroGrafix's Motion to Certify the Court's August 16, 2012, Order for Interlocutory Appellate Review Pursuant to 28 U.S.C. § 1292(b)

On August 16, 2012, the Court issued an order finding declaratory judgment jurisdiction in this case. ECF No. 31. On August 30, 2012, NeuroGrafix moved the Court to certify the jurisdictional order for interlocutory appellate review pursuant to 28 U.S.C. § 1292(b). ECF No. 35. NeuroGrafix's certification motion is hereby **DENIED**. The hearing for this motion, previously set for September 27, 2012, at 11:00 a.m., is hereby vacated.

IT IS SO ORDERED.

# Exhibit Y

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEUROGRAFIX, a California corporation; NEUROGRAPHY INSTITUTE MEDICAL ASSOCIATES, INC., a California corporation; and IMAGE-BASED SURGICENTER CORPORATION, a California corporation,<br><br>        Plaintiffs,<br><br>vs.<br><br>PHILIPS ELECTRONICS NORTH AMERICA CORPORATION d/b/a PHILIPS MEDICAL SYSTEMS NORTH AMERICA, a Delaware corporation; INVIVO CORPORATION, a Delaware corporation; PHILIPS MEDICAL SYSTEMS NEDERLAND, B.V., a Dutch Corporation; KONINKLIJKE PHILIPS ELECTRONICS N.V., a Dutch corporation and PHILIPS HEALTHCARE INFORMATICS, INC., a Delaware corporation,<br><br>        Defendants. | Civil Action No. |

**COMPLAINT FOR PATENT
INFRINGEMENT AND DEMAND FOR JURY TRIAL**

Plaintiffs NeuroGrafix, Neurography Institute Medical Associates, Inc. ("NIMA"), and

Image-Based Surgicenter Corporation ("IBSC") (collectively, "Plaintiffs") allege as follows:

1.       This case is an action for patent infringement of United States Patent No.

5,560,360 (the "'360 Patent") under the Patent Laws of the United States, as set forth in 35

U.S.C. §§271 and 280 through 285.

**PARTIES**

2.       Plaintiff NeuroGrafix is a California corporation with its principal place of

business located at 2716 Ocean Park Boulevard, Suite 3075, Santa Monica, California.

1

3.      Plaintiff Neurography Institute Medical Associates, Inc. ("NIMA") is a California corporation with its principal place of business in Santa Monica, California.

4.      Plaintiff Image-Based Surgicenter Corporation ("IBSC") is a California corporation with its principal place of business in Santa Monica, California.

5.      On information and belief, defendant Philips Electronics North America Corporation d/b/a Philips Medical Systems North America ("Philips NA") is a Delaware corporation with its principal place of business located at 3000 Minuteman Road, Andover, Massachusetts 01810.

6.      On information and belief, defendant Invivo Corporation ("Invivo") is a Delaware corporation with its principal place of business at 3545 SW 47th Avenue, Gainesville, Florida 32608, and which operates nationwide, including in this District.

7.      On information and belief, defendant Philips Medical Systems Nederland B.V. ("Philips Medical") is a Dutch corporation with its principal place of business at Building QV-282, P.O. Box 10000, 5680 DA Best, The Netherlands, and which markets and promotes its products in the United States, including in this District.

8.      On information and belief, defendant Koninklijke Philips Electronics N.V. ("Royal Philips") is a Netherlands company with its principal place of business at Breitner Center, Amstelplein 2, 1096 BC Amsterdam, The Netherlands, and which markets and promotes its products in the United States, including in this District.

9.      On information and belief, defendant Philips Healthcare Informatics, Inc. ("Philips Healthcare") is a Delaware corporation with its principal place of business at 3000 Minuteman Road, Andover, Massachusetts 01810.  Philips Healthcare has appointed Corporation

Service Company, 84 State Street, Boston, Massachusetts 02109, as its agent for service of process.

10.     Philips NA, Invivo, Royal Philips and Philips Healthcare are collectively referred to as "Defendants."

## JURISDICTION AND VENUE

11.     This Court has federal subject matter jurisdiction over this action under 28 U.S.C. §§1331, 1332(a)(1), 1332(c)(1) and 1338(a).

12.     Venue is proper in this Court pursuant to 28 U.S.C. §§1391(a), 1391(c), and 1400(b), including without limitation because Defendants are advertising, marketing, using, selling, and/or offering to sell products in this Judicial District.

## BACKGROUND

13.     The University of Washington, a public institution of higher education in the state of Washington, is the owner by assignment of the '360 Patent entitled "Image Neurography and Diffusion Anisotropy Imaging."  The '360 Patent issued on October 1, 1999.  A true and correct copy of the '360 Patent is attached as Exhibit A.

14.     Aaron G. Filler, Jay S. Tsurda, Todd L. Richards, and Franklyn A. Howe are listed as the inventors of the '360 Patent.

15.     Washington Research Foundation ("WRF") holds substantially all rights in the '360 Patent and has exclusively licensed substantially all rights in the '360 Patent to NeuroGrafix in December of 1998.

16.     NeuroGrafix, NIMA and IBSC have been investing in and practicing the technology disclosed in the '360 Patent since at least 2000.

17.     In 2004, Defendants collaborated with Dr. Filler (and a related DBA, Institute for Nerve Medicine Medical Associates Inc. ("INM")) on a video advertisement touting Plaintiffs' technology as the "absolute cutting edge" for the diagnosis and treatment of nerve conditions. The advertisement explained that "INM applies advanced technology found nowhere else in the world to successfully diagnose and treat spinal and nerve problems.  The key to INM's success is their revolutionary use of MRI neurography . . . pioneered by Dr. Aaron Filler."  The advertisement promoted Plaintiffs' use of Philips equipment to perform methods claimed in the '360 Patent – "with Philips Medical Systems panorama IT Open MR Technology [Dr. Filler] can actually view the anatomy in real time while performing surgical procedures."

18.     That same year, NeuroGrafix shared its business plan with Philips NA.  Among other things, NeuroGrafix's business plan discloses the '360 Patent and how NeuroGrafix practices the '360 patent.

19.     In addition, Defendants have been aware of the '360 Patent because the '360 Patent was cited during the prosecution of Defendants' patents, including United States Patent No. 6,642,716 (the "'716 Patent"), United States Patent No. 6,724,190 (the "'190 Patent") and United States Patent No. 6,806,705 (the "'705 Patent").  In fact, the '360 Patent was a key reference used by the examiners in an Office Action sent in 2003 by the examiners of the applications that became the '705 and '190 Patents.  The responses to these Office Actions contain considerable analysis of the '360 Patent.

<u>COUNT I</u>
<u>PATENT INFRINGEMENT</u>

20.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 19 above, inclusive, as if fully repeated and restated herein.

21.     Defendants have been and still are directly (literally and under the doctrine of equivalents) infringing at least claims 1, 36, 51 and 54 of the '360 Patent by making, using, selling, offering to sell, or importing, without license or authority, products and services, including without limitation, the performance of and provision of equipment and methods for peripheral nerve MR Neurography, DTI and diffusion anisotropy based tractography.  Such products include the Philips Achieva 3.0T, Philips Achieva 1.5T, Philips Intera 1.5T, Philips Intera 3.0T and Philips Eclipse 1.5T and related workstations and software, such as Fibertrak, PRIDE and InVivo software. Thus, by making, using, importing, offering for sale, and/or selling such products and software, Defendants have injured Plaintiffs and are thus liable to Plaintiffs for infringement of the '360 Patent under 35 U.S.C. § 271(a).

22.     Defendants have also been and still are indirectly infringing, by way of inducing infringement by others of the '360 Patent, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, products and services, including without limitation, the performance of and provision of equipment and methods for peripheral nerve MR Neurography, DIT and diffusion anisotropy based tractography that induce others to infringe at least claims 1, 36, 51 and 54 of the '360 Patent.  Such products include the Philips Achieva 3.0T, Philips Achieva 1.5T, Philips Intera 1.5T, Philips Intera 3.0T and Philips Eclipse 1.5T and related workstations and software, such as Fibertrak, PRIDE and InVivo software. These products are used in infringing products and services made, used, imported, offered for sale, and/or sold by direct infringers of the '360 Patent in the United States, such as hospitals, radiologists and others.  Defendants induce their customers to directly infringe by inducing or encouraging the use of their products and software to perform MR Neurography, DIT and diffusion anisotropy based tractography. *See, e.g.,*

http://incenter.medical.philips.com/Default.aspx?tabid=3655 (offering training courses in performing DTI). Since at least 2003, and likely earlier, Defendants have had knowledge of the '360 Patent and, by continuing the actions described above, have had the specific intent to, or should have known that their actions would, induce infringement of the '360 Patent. Thus, by making, using, importing, offering for sale, and/or selling such products and software, Defendants have injured Plaintiffs and are thus liable to Plaintiffs for infringement of the '360 Patent under 35 U.S.C. § 271(b).

23.  Defendants have also been and still are indirectly infringing, by way of contributing to the infringement by others of the '360 Patent, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, software for use in systems that thereby fall within the scope of at least claims 1, 36, 51 and 54 of the '360 Patent. Such products include the Philips Achieva 3.0T, Philips Achieva 1.5T, Philips Intera 1.5T, Philips Intera 3.0T and Philips Eclipse 1.5T and related workstations and software, such as Fibertrak, PRIDE and InVivo software. These products are used in infringing products and services made, used, imported, offered for sale, and/or sold by direct infringers of the '360 Patent in the United States, such as hospitals, radiologists and others. Defendants induce their customers to directly infringe by inducing or encouraging the use of their products and software to perform MR Neurography, DIT and diffusion anisotropy based tractography. *See, e.g.*, http://incenter.medical.philips.com/Default.aspx?tabid=3655 (offering training courses in performing DTI). Defendants' accused products and software, are a material part of the invention, and are especially made or especially adapted for use in the infringement of '360 Patent and are not a staple article or commodity of commerce suitable for substantial noninfringing uses. Since at least 2003, and likely earlier, Defendants have had knowledge of

the '360 Patent and have had the specific knowledge that the combination of its software and computer systems described above infringe the '360 Patent. Thus, by making, using, importing, offering for sale, and/or selling such products and software, Defendants have injured Plaintiffs and are thus liable to Plaintiffs for infringement of the '360 Patent under 35 U.S.C. § 271(c).

24.     As a result of Defendants' continuing use of the claimed invention after receiving notice of the '360 Patent, Defendants are willfully infringing the '360 Patent.

25.     As a result of Defendants' infringement of the '360 Patent, Plaintiffs have suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

26.     Defendants' wrongful acts have damaged and will continue to damage Plaintiffs irreparably, and Plaintiffs have no adequate remedy at law for those wrongs and injuries. In addition to their actual damages, Plaintiffs are entitled to a preliminary and permanent injunction restraining and enjoining Defendants and their agents, servants and employees, and all persons acting thereunder, in concert with, or on their behalf, from infringing the '360 Patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter:

1.     A judgment in favor of Plaintiffs that Defendants have infringed, directly and/or indirectly, by way of inducing and/or contributing to the infringement of the '360 Patent;

2.     An injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert or privity with any of them from infringing, inducing the infringement of, or contributing to the infringement of the '360 Patent;

3.      A judgment and order requiring Defendants to pay Plaintiffs their damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '360 Patent as provided under 35 U.S.C. § 284;

4.      An award to Plaintiffs for enhanced damages, as provided under 35 U.S.C. § 284, resulting from the knowing, deliberate, and willful nature of Defendants' prohibited conduct;

5.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiffs their reasonable attorneys' fees; and

6.      Any and all other relief to which Plaintiffs may show themselves to be entitled.

## JURY TRIAL DEMANDED

Plaintiffs hereby demand a trial by jury of all issues so triable.

Dated:  June 15, 2012                    Respectfully submitted,

PLAINTIFFS NEUROGRAFIX, NEUROGRAPHY
INSTITUTE MEDICAL ASSOCIATES, INC., and
IMAGE-BASED SURGICENTER CORPORATION
By their attorneys,

/s/ David S. Godkin
David S. Godkin (BBO#196530)
Anne Marie Longobucco (BBO#649299)
Birnbaum & Godkin, LLP
280 Summer Street
Boston, MA  02210
617-307-6100
godkin@birnbaumgodkin.com
longobucco@birnbaumgodkin.com

# Exhibit Z

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NEUROGRAFIX, a California corporation;
NEUROGRAPHY INSTITUTE MEDICAL
ASSOCIATES, INC., a California
corporation; and IMAGE-BASED
SURGICENTER CORPORATION, a
California corporation,

        Plaintiffs,

vs.

BRAINLAB, INC., a Delaware corporation;
BRAINLAB AG, a German corporation;
BRAINLAB MEDIZINISHE
COMPUTERSYSTEME GMBH, a German
corporation,

        Defendants.

Civil Action No. 12-cv-6075

Judge
Magistrate Judge

**COMPLAINT FOR PATENT
INFRINGEMENT AND DEMAND FOR JURY TRIAL**

Plaintiffs NeuroGrafix, Neurography Institute Medical Associates, Inc. ("NIMA"), and

Image-Based Surgicenter Corporation ("IBSC") (collectively, "Plaintiffs") allege as follows:

**PARTIES**

1.     Plaintiff NeuroGrafix is a California corporation with its principal place of

business located at 2716 Ocean Park Boulevard, Suite 3075, Santa Monica, California 90405.

2.     Plaintiff NIMA is a California corporation with its principal place of business in

Santa Monica, California.

3.     Plaintiff IBSC is a California corporation with its principal place of business in

Santa Monica, California.

4.      On information and belief, Defendant Brainlab, Inc. is a Delaware corporation with its principal place of business located at 3 Westbrook Corporate Center, Suite 400, Westchester, Illinois 60154.

5.      On information and belief, Defendant Brainlab AG is a German corporation with its principal place of business at Kapellenstraße 12, 85622 Feldkirchen, Germany that markets and promotes its products in the United States, including in this District.

6.      On information and belief, Defendant Brainlab Medizinische Computersysteme GmbH is a German corporation with its principal place of business at Kapellenstraße 12, 85622 Feldkirchen, Germany that markets and promotes its products in the United States, including in this District.

7.      Brainlab, Inc., Brainlab AG, and Brainlab Medizinishe Computersysteme GmbH are collectively referred to as "Defendants."

## JURISDICTION AND VENUE

8.      This case is an action for patent infringement of United States Patent No. 5,560,360 (the "'360 Patent") under the Patent Laws of the United States, as set forth in 35 U.S.C. §§271 and 280 through 285.

9.      This Court has federal subject matter jurisdiction over this action under 28 U.S.C. §§1331, 1332(a)(1), 1332(c)(1) and 1338(a).

10.     Venue is proper in this Court pursuant to 28 U.S.C. §§1391(a), 1391(c), and 1400(b), including without limitation because Defendants are advertising, marketing, using, selling, and/or offering to sell products in this Judicial District.

## BACKGROUND

11.     The University of Washington, a public institution of higher education in the state of Washington, is the owner by assignment of the '360 Patent entitled "Image Neurography and Diffusion Anisotropy Imaging."  The '360 Patent issued on October 1, 1999.  A true and correct copy of the '360 Patent is attached as Exhibit A.

12.     Aaron G. Filler, Jay S. Tsuruda, Todd L. Richards, and Franklyn A. Howe are listed as the inventors of the '360 Patent.

13.     Washington Research Foundation ("WRF"), a not-for-profit corporation incorporated and existing under the laws of the State of Washington, holds substantially all rights in the '360 Patent and has exclusively licensed substantially all rights in the '360 Patent to NeuroGrafix in December of 1998.

14.     NeuroGrafix, NIMA and IBSC have been investing in and practicing the technology disclosed in the '360 Patent since at least 2000.

15.     Defendants became aware of the '360 Patent at least as early as May 2009.  In May 2009, Dr. Filler sent an email to Defendants informing them that they infringe the '360 Patent and offered to discuss licensing of the '360 Patent.  Defendants declined to discuss licensing of the '360 Patent.  In spite of their awareness of their infringement, Defendants continue to make, use, sell, offer to sell and/or import, without authority, infringing products. *See, e.g.*, http://www.brainlab.com/art/2827/4/fibertracking-and-functional-software/; http://www.brainlab.com/art/2844/4/intra-operative-mri/.

## COUNT I
## PATENT INFRINGEMENT

16.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 15 above, inclusive, as if fully repeated and restated herein.

17.     Defendants have been and still are directly (literally and under the doctrine of equivalents) infringing at least claim 36 of the '360 Patent by making, using, selling, offering to sell, or importing, without license or authority, products and services, including without limitation, the performance of and provision of equipment and methods for DTI and diffusion anisotropy based tractography.  Such products include Defendants' Brainsuite iMRI and related software, such as iPlan Fibertracking software.  Thus, by making, using, importing, offering for sale, and/or selling such products and software, Defendants have injured Plaintiffs and are thus liable to Plaintiffs for infringement of the '360 Patent under 35 U.S.C. § 271(a).

18.     Defendants have also been and still are indirectly infringing, by way of inducing infringement by others of the '360 Patent, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, products and services, including without limitation, the performance of and provision of equipment and methods for DTI and diffusion anisotropy based tractography that induce others to infringe at least claim 36 of the '360 Patent.  Such products include Defendants' Brainsuite iMRI and related software, such as iPlan Fibertracking and BOLD MRI Mapping software, iPlan RT, iPlan Flow, iPlan Neuroradiology, and courses taught at the Defendants' Academy.  These products are used in infringing products and services made, used, imported, offered for sale, and/or sold by direct infringers of the '360 Patent in the United States, such as hospitals, radiologists and others.  Defendants induce their customers to directly infringe by inducing or encouraging the use of their products and software to perform DTI and diffusion anisotropy based tractography.  *See, e.g.,* http://www.brainlab.com/art/2827/4/fibertracking-and-functional-software/; http://www.brainlab.com/art/2844/4/intra-operative-mri/.  Since at least May 2009, and likely earlier, Defendants have had knowledge of the '360 Patent and, by continuing the actions

described above, have had the specific intent to, or should have known that their actions would, induce infringement of the '360 Patent. Thus, by making, using, importing, offering for sale, and/or selling such products and software, Defendants have injured Plaintiffs and are thus liable to Plaintiffs for infringement of the '360 Patent under 35 U.S.C. § 271(b).

19.     Defendants have also been and still are indirectly infringing, by way of contributing to the infringement by others of the '360 Patent, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, software for use in systems that thereby fall within the scope of at least claim 36 of the '360 Patent. Such products include Defendants' Brainsuite iMRI and related software, such as iPlan Fibertracking and BOLD MRI Mapping software iPlan RT, iPlan Flow, iPlan Neuroradiology, and courses taught at the Defendants' Academy. These products are used in infringing products and services made, used, imported, offered for sale, and/or sold by direct infringers of the '360 Patent in the United States, such as hospitals, radiologists and others. Defendants induce their customers to directly infringe by inducing or encouraging the use of their products and software to perform DTI and diffusion anisotropy based tractography. *See, e.g.*, http://www.brainlab.com/art/2827/4/fibertracking-and-functional-software/; http://www.brainlab.com/art/2844/4/intra-operative-mri/. Defendants' accused products and software, are a material part of the invention, and are especially made or especially adapted for use in the infringement of '360 Patent and are not a staple article or commodity of commerce suitable for substantial noninfringing uses. Since at least May 2009, and likely earlier, Defendants have had knowledge of the '360 Patent and have had the specific knowledge that the combination of its software and computer systems described above infringe the '360 Patent. Thus, by making, using, importing, offering for sale, and/or selling such products and software,

Defendants have injured Plaintiffs and are thus liable to Plaintiffs for infringement of the '360 Patent under 35 U.S.C. § 271(c).

20.     As a result of Defendants' continuing use of the claimed invention after receiving notice of the '360 Patent, Defendants are willfully infringing the '360 Patent.

21.     As a result of Defendants' infringement of the '360 Patent, Plaintiffs have suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

22.     Defendants' wrongful acts have damaged and will continue to damage Plaintiffs irreparably, and Plaintiffs have no adequate remedy at law for those wrongs and injuries.  In addition to their actual damages, Plaintiffs are entitled to a permanent injunction restraining and enjoining Defendants and their agents, servants and employees, and all persons acting thereunder, in concert with, or on their behalf, from infringing the '360 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter:

1.     A judgment in favor of Plaintiffs that Defendants have infringed, directly and/or indirectly, by way of inducing and/or contributing to the infringement of the '360 Patent;

2.     An injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert or privity with any of them from infringing, inducing the infringement of, or contributing to the infringement of the '360 Patent;

3.     A judgment and order requiring Defendants to pay Plaintiffs their damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '360 Patent as provided under 35 U.S.C. § 284;

4.      An award to Plaintiffs for enhanced damages, as provided under 35 U.S.C. § 284,

resulting from the knowing, deliberate, and willful nature of Defendants' prohibited conduct;

5.      A judgment and order finding that this is an exceptional case within the meaning

of 35 U.S.C. § 285 and awarding to Plaintiffs their reasonable attorneys' fees; and

6.      Any and all other relief to which Plaintiffs may show themselves to be entitled.

### <u>JURY TRIAL DEMANDED</u>

Plaintiffs hereby demand a trial by jury of all issues so triable.

Respectfully submitted,

Date: <u>August 1, 2012</u>          By:    <u>s/ Kirsten L. Thomson</u>
Kirsten L. Thomson (ID No. 6293943)
(thomson@mbhb.com)
**McDonnell Boehnen Hulbert & Berghoff LLP**
300 South Wacker Drive
Chicago, Illinois 60606
Tel.: (312) 913-0001
Fax: (312) 913-0002

Marc A. Fenster
(mfenster@raklaw.com)
Andrew D. Weiss
(aweiss@raklaw.com)
Fredricka Ung
(fung@raklaw.com)
**Russ August & Kabat**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Tel. 310.826.7474
Fax 310.826.6991

**Attorneys for Plaintiffs,**
**NEUROGRAFIX, NEUROGRAPHY**
**INSTITUTE MEDICAL ASSOCIATES, INC.,**
**AND IMAGE-BASED SURGICENTER**
**CORPORATION BASED SURGICENTER**
**CORPORATION**

# Exhibit AA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEUROGRAFIX, a California corporation; NEUROGRAPHY INSTITUTE MEDICAL ASSOCIATES, INC., a California corporation; and IMAGE-BASED SURGICENTER CORPORATION, a California corporation,<br><br>       Plaintiffs-Counter<br>       Defendants,<br><br>    v.<br><br>PHILIPS ELECTRONICS NORTH AMERICA CORPORATION d/b/a PHILIPS MEDICAL SYSTEMS NORTH AMERICA, a Delaware Corporation; INVIVO CORPORATION, a Delaware corporation; PHILIPS MEDICAL SYSTEMS NEDERLAND B.V., a Dutch corporation; KONINKLIJKE PHILIPS ELECTRONICS N.V., a Dutch corporation; and PHILIPS HEALTHCARE INFORMATICS, INC., a Delaware corporation,<br><br>       Defendants-Counter<br>       Plaintiffs. | Civil Action No. 1:12-cv-11065-RGS<br><br>**Jury Trial Demanded** |

## DEFENDANTS' ANSWER AND COUNTERCLAIMS TO PLAINTIFFS' COMPLAINT

Defendants Philips Electronics North America Corporation ("PENAC"), Invivo Corporation ("Invivo"), Philips Medical Systems Nederland B.V. ("Philips Medical"), Koninklijke Philips Electronics N.V. ("KPENV"), and Philips Healthcare Informatics, Inc. ("Philips Healthcare" and together "Philips" or "Defendants") hereby respond in numbered paragraphs corresponding to numbered paragraphs of the Complaint, and in doing so deny the allegations of the Complaint except as specifically stated:

## INFRINGEMENT AND DEMAND FOR JURY TRIAL

1.       Philips admits that Plaintiffs' Complaint alleges infringement of United States Patent No. 5,560,360 (the "'360 Patent") under the patent laws of the United States, as set forth in 35 U.S.C. §§ 271 and 280 through 285, but denies that there are any factual or legal bases for Plaintiffs' claims.   Except as specifically admitted herein, Philips denies any remaining allegations in Paragraph 1.

## PARTIES

2.       Philips is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 2 and on that basis denies each and every such allegation.

3.       Philips is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 3 and on that basis denies each and every such allegation.

4.       Philips is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 4 and on that basis denies each and every such allegation.

2

5.      Philips admits that Philips Electronics North America Corporation is a Delaware corporation having its principal place of business at 3000 Minuteman Road, Andover, Massachusetts 01810.

6.      Philips admits that Invivo Corporation is a Delaware corporation with its principal place of business at 3545 SW 47th Avenue, Gainesville, Florida 32608.  The remaining allegations in Paragraph 6 are unclear and are subject to varying meanings.  As such, Philips is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 6 and on that basis Philips denies each and every such allegation.

7.      Philips admits that Philips Medical Systems Nederland B.V. is a Dutch corporation with its principal place of business at Building QV-282 P.O. Box 10000, 5680 DA Best, the Netherlands.  The remaining allegations in Paragraph 7 are unclear and are subject to varying meanings.  As such, Philips is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 7 and on that basis Philips denies each and every such allegation.

8.      Philips admits that Koninklijke Philips Electronics N.V. is a Netherlands company with its principal place of business at Breitner Center, Amstelplein 2, 1096 BC Amsterdam, the Netherlands.  The remaining allegations in Paragraph 8 are unclear and are subject to varying meanings.  As such, Philips is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 8 and on that basis Philips denies each and every such allegation.

9.      Philips admits that Philips Healthcare Informatics, Inc. is a Delaware corporation with its principal place of business at 3000 Minuteman Road, Andover, Massachusetts 01810.

3

Philips admits that Philips Healthcare Informatics, Inc. has appointed Corporation Service Company, 84 State Street, Boston, Massachusetts 02109, as its agent for service of process.

10.     There are no allegations in Paragraph 10 to admit or deny.

## JURISDICTION AND VENUE

11.     Philips admits that this is an action alleging patent infringement and that this Court would have subject matter jurisdiction over a patent infringement action brought by the owner of the '360 Patent.  Philips lacks knowledge or information sufficient to form a belief as to whether subject matter jurisdiction extends to NeuroGrafix, Neurography Institute Medical Associates, and Image-Based Surgicenter Corporation (together "NeuroGrafix" or "Plaintiffs") to bring a patent infringement claim under the '360 Patent and therefore denies that this Court has subject matter jurisdiction with respect to an infringement claim brought by Plaintiffs.

12.     Philips admits that PENAC and Philips Healthcare have offices within this district.  The remaining allegations in Paragraph 12 are unclear and are subject to varying meanings.  As such, Philips is without sufficient information to admit or deny the allegations of Paragraph 12, and on that basis Philips denies each and every such allegation.

## BACKGROUND

13.     Philips admits that the University of Washington is a public institution of higher education in the state of Washington.  Philips also admits that Plaintiffs purport to attach a true and correct copy of the '360 Patent issued on October 1, 1999 as Exhibit A.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 13 and on that basis Philips denies each and every such allegation.

14.     Philips admits that Aaron G. Filler, Jay S. Tsurda, Todd L. Richards, and Franklyn A. Howe are listed as the alleged inventors of the patent attached as Exhibit A.  Philips

4

is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 14 and on that basis Philips denies each and every such allegation.

15.     Philips is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 15 and on that basis Philips denies each and every such allegation.

16.     Philips is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 16 and on that basis Philips denies each and every such allegation.

17.     Philips admits the existence of a video advertisement.  Philips also admits that the advertisement states that "INM applies advanced technology found nowhere else in the world to successfully diagnose and treat spinal and nerve problems. The key to INM's success is their revolutionary use of MRI neurography . . . pioneered by Dr. Aaron Filler."  Philips denies that the advertisement states that "with Philips Medical Systems panorama IT Open MR Technology [Dr. Filler] can actually view the anatomy in real time while performing surgical procedures." Philips is without sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 17 and on that basis Philips denies each and every such allegation.

18.     Philips is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 18 and on that basis Philips denies each and every such allegation.

19.     Philips admits that the '360 Patent was cited during the prosecution of Defendants' patents: United States Patent No. 6,642,716 (the "'716 Patent"), United States Patent No. 6,724,190 (the "'190 Patent") and United States Patent No. 6,806,705 (the "'705 Patent").  Philips also admits that the '360 Patent was referenced by examiners in an Office

Action dated May 28, 2003 that became the '705 Patent. Philips is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 19 and on that basis Philips denies each and every such allegation.

## COUNT I: PATENT INFRINGEMENT

20. Philips incorporates herein and realleges its answers to Paragraphs 1-19.

21. Philips denies the allegations in Paragraph 21 of the Complaint.

22. Philips denies the allegations in Paragraph 22 of the Complaint.

23. Philips denies the allegations in Paragraph 23 of the Complaint.

24. Philips denies the allegations in Paragraph 24 of the Complaint.

25. Philips denies the allegations in Paragraph 25 of the Complaint.

26. Philips denies the allegations in Paragraph 26 of the Complaint.

## PRAYER FOR RELIEF

With respect to Plaintiffs' Prayer for Relief, Philips denies that Plaintiffs are entitled to any relief whatsoever.

## DEFENSES

As additional defenses to the Complaint, Philips alleges (without assuming any burden of proof with respect thereto that is not assigned to it by operation of law) as follows:

## FIRST DEFENSE
## (FAILURE TO STATE A CLAIM)

27. The Complaint fails to state a claim on which relief can be granted.

703244008

## SECOND DEFENSE
### (NON-INFRINGEMENT)

28.     Philips does not infringe, has not infringed, and does not and has not induced infringement or contributed to infringement of any claim of the '360 Patent under any theory, including literal infringement or infringement under the doctrine of equivalents.

## THIRD DEFENSE
### (INVALIDITY)

29.     The '360 Patent is invalid for failure to comply with one or more provisions of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

## FOURTH DEFENSE
### (PROSECUTION HISTORY ESTOPPEL)

30.     By reason of the proceedings in the U.S. Patent and Trademark Office during the prosecution of the application that resulted in issuance of the '360 Patent, as shown by the prosecution history thereof, Plaintiffs are estopped from maintaining that any claim of the '360 Patent covers any of Philips' products.

## FIFTH DEFENSE
### (WAIVER, LACHES, AND ESTOPPEL)

31.     Plaintiffs' claims are barred by the doctrines of waiver, equitable estoppel, and/or laches.

## SIXTH DEFENSE
### (FAILURE TO MARK)

32.     To the extent Plaintiffs have failed to comply with the notice requirements of 35 U.S.C. § 287, Plaintiffs are barred from all monetary relief for acts that occurred prior to Plaintiffs providing actual notice to Philips.

703244008

## SEVENTH DEFENSE
### (LIMITATION OF DAMAGES)

33.     Pursuant to 35 U.S.C. § 286, Plaintiffs are barred from recovering any damages for acts that occurred more than six years before they filed the Complaint in this action.

## EIGHTH DEFENSE
### (UNCLEAN HANDS)

34.     Plaintiffs are not entitled to any relief in this action because they have come to this Court with unclean hands.

## NINTH DEFENSE
### (INNOCENT INTENT)

35.     Philips has engaged in all relevant activities in good faith, thereby precluding Plaintiffs, even if they prevail, from recovering their reasonable attorney's fees and/or costs under 35 U.S.C. § 285.

## TENTH DEFENSE
### (PROSECUTION LACHES)

36.     The '360 Patent is unenforceable due to prosecution laches in light of Plaintiffs' unreasonable delay in seeking the claims of the '360 Patent and the prejudice suffered by Philips because of this delay.

## ELEVENTH DEFENSE
### (IMMEDIATE OR IRREPARABLE INJURY)

37.     Plaintiffs are not entitled to injunctive relief because any alleged injury to Plaintiffs is not immediate or irreparable, and Plaintiffs would have an adequate remedy at law.

## TWELFTH DEFENSE
### (STANDING)

38.      Plaintiffs do not have standing to sue for infringement of the '360 Patent.

## THIRTEENTH DEFENSE
### (USE OR MANUFACTURE BY OR FOR THE UNITED STATES)

39.     Plaintiffs' claims are barred by 28 U.S.C. § 1498 to the extent they relate to use or manufacture of the inventions of the '360 Patent by or for the United States.

## COUNTERCLAIMS

Counter-Plaintiffs Philips Electronics North America Corporation, Invivo Corporation, Philips Medical Systems Nederland B.V., Koninklijke Philips Electronics N.V., and Philips Healthcare Informatics, Inc. allege the following counterclaims against Plainitffs:

## JURISDICTION AND VENUE

40.     Philips incorporates herein and realleges its answers to Paragraphs 1-39.

41.     Philips asserts counterclaims under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, seeking declaratory judgments under the patent laws of the United States, United States Code Title 35, that the '360 Patent asserted by Plaintiffs is invalid and not infringed.

42.     This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367(a), 2201, and 2202, and 35 U.S.C. § 1, et seq.

43.     Plaintiffs have submitted to the personal jurisdiction of this Court by filing Case No. 1:12-cv-11065-RGS.

44.     Venue is proper as to Counter-Defendants in this district, pursuant to 28 U.S.C. § 1391, because this suit was filed in this district by Plaintiffs.

## THE PARTIES

45.     Defendant Koninklijke Philips Electronics N.V. ("Royal Philips") is a Dutch corporation with its principal place of business in the Netherlands.

46.     Defendant Philips Medical Systems Nederland B.V. ("Philips Medical") is a Dutch corporation with its principal place of business in the Netherlands.

9

47. Defendant Invivo Corporation ("Invivo") is a Delaware corporation with its principal place of business in Gainesville, Florida.

48. Defendant Philips Electronics North America Corporation ("PENAC") is a Delaware corporation with its principal place of business in Andover, Massachusetts.

49. Philips Healthcare Informatics, Inc. ("Philips Healthcare") is a Delaware corporation with its principal place of business in Andover, Massachusetts.

50. Plaintiffs NeuroGrafix, Neurography Institute Medical Associates, Inc., and Image-Based Surgicenter Corporation purport to be California corporations with principal places of business in Santa Monica, California.

## COUNTERCLAIM 1: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '360 PATENT

51. Philips repeats and realleges Paragraphs 1-50 above as if fully set forth herein.

52. NeuroGrafix alleges in its Complaint that it is the owner of the '360 Patent, entitled "Image Neurography and Diffusion Anisotropy Imaging," which bears an issue date of October 1, 1999.

53. Plaintiffs have sued Philips in the present action, alleging infringement of the '360 Patent. Thus, an immediate, real, and justiciable controversy exists between Philips and Plaintiffs with respect to the alleged infringement of the '360 Patent.

54. Philips does not infringe, has not infringed, and does not and has not induced infringement or contributed to infringement of any claim of the '360 Patent under any theory, including literal infringement and infringement under the doctrine of equivalents.

55. Philips requests declaratory judgment that Philips does not infringe, directly or indirectly, any claim of the '360 Patent.

## COUNTERCLAIM 2: DECLARATORY JUDGMENT OF
## INVALIDITY OF THE '360 PATENT

56.     Philips repeats and realleges Paragraphs 1-55 above as if fully set forth herein.

57.     An immediate, real, and justiciable controversy exists between Philips and Plaintiffs with respect to the invalidity of the '360 Patent.

58.     Each claim of the '360 Patent is invalid for failure to comply with one or more provisions of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

## PRAYER FOR RELIEF ON PHILIPS' COUNTERCLAIMS

WHEREFORE, Counter-Plaintiffs pray for the following relief:

A.     deny any and all relief requested by Plaintiffs, as set forth in the Complaint and dismiss the complaint with prejudice;

B.     declare that Counter-Plaintiffs do not infringe the '360 Patent;

C.     declare that the '360 Patent is invalid;

D.     declare this case to be exceptional pursuant to 35 U.S.C. § 285 and award Counter-Plaintiffs their reasonable attorney's fees and costs; and

E.     grant Counter-Plaintiffs such other relief as this Court deems just and proper.

## JURY DEMAND

Philips requests a jury trial for those issues so triable herein.

703244008

Respectfully submitted,

Dated: September 25, 2012

By: /s/ Michael A. Molano
    Michael A. Molano (*Pro Hac Vice*)
    MAYER BROWN LLP
    Two Palo Alto Square, Suite 300
    3000 El Camino Real,
    Palo Alto, CA 94306-2112
    Telephone:  (650) 331-2000
    Facsimile:   (650) 331-2060

    Claire Laporte (BBO#554979)
    Jeremy Evans (BBO# 661048)
    FOLEY HOAG LLP
    Seaport World Trade Center West
    155 Seaport Boulevard
    Boston, MA 02210-2600
    Telephone:  (617) 832-1210
    Facsimile:   (617) 832-7000

    *Attorneys for Defendants, PHILIPS
    ELECTRONICS NORTH AMERICA
    CORPORATION, a Delaware corporation;
    INVIVO CORPORATION, a Delaware
    corporation; PHILIPS MEDICAL SYSTEMS
    NEDERLAND B.V. a Dutch corporation;
    KONINKLIJKE PHILIPS ELECTRONICS
    N.V.,  a Dutch corporation; and PHILIPS
    HEALTHCARE INFORMATICS, INC., a
    Delaware corporation.*

## CERTIFICATE OF SERVICE

I, Michael A. Molano, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non-registered participants on the date of filing.

Date:  September 25, 2012                    /s/ Michael A. Molano
                                              Michael A. Molano

12

703244008

# Exhibit BB

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NEUROGRAFIX, a California corporation; NEUROGRAPHY INSTITUTE MEDICAL ASSOCIATES, INC., a California corporation; and IMAGE-BASED SURGICENTER CORPORATION, a California corporation,<br><br>        Plaintiffs,<br><br>vs.<br><br>THE UNIVERSITY OF CHICAGO MEDICAL CENTER, an Illinois corporation; THE UNIVERSITY OF CHICAGO, an Illinois corporation,<br><br>        Defendants. | Civil Action No. 12-cv-6068 |

**COMPLAINT FOR PATENT
INFRINGEMENT AND DEMAND FOR JURY TRIAL**

Plaintiffs NeuroGrafix, Neurography Institute Medical Associates, Inc. ("NIMA"), and

Image-Based Surgicenter Corporation ("IBSC") (collectively, "Plaintiffs") allege as follows:

**PARTIES**

1.    Plaintiff NeuroGrafix is a California corporation with its principal place of

business located at 2716 Ocean Park Boulevard, Suite 3075, Santa Monica, California 90405.

2.    Plaintiff NIMA is a California corporation with its principal place of business in

Santa Monica, California.

3.    Plaintiff IBSC is a California corporation with its principal place of business in

Santa Monica, California.

4.      On information and belief, Defendant The University of Chicago Medical Center is an Illinois corporation with its principal place of business located at 5841 S. Maryland Avenue, Chicago, Illinois 60637.

5.      On information and belief, Defendant The University of Chicago is an Illinois corporation with its principal place of business located at 5801 S. Ellis Avenue, Chicago, Illinois 60637.

6.      The University of Chicago Medical Center and The University of Chicago are collectively referred to as "Defendants."  On information and belief, Defendants collectively work together to offer the infringing products and services, described below, at the medical facilities affiliated with and/or operated by The University of Chicago.

## JURISDICTION AND VENUE

7.      This case is an action for patent infringement of United States Patent No. 5,560,360 (the "'360 Patent") under the Patent Laws of the United States, as set forth in 35 U.S.C. §§271 and 280 through 285.

8.      This Court has federal subject matter jurisdiction over this action under 28 U.S.C. §§1331, 1332(a)(1), 1332(c)(1) and 1338(a).

9.      Venue is proper in this Court pursuant to 28 U.S.C. §§1391(a), 1391(c), and 1400(b), including without limitation because Defendants are advertising, marketing, using, selling, and/or offering to sell products in this Judicial District.

## BACKGROUND

10.     The University of Washington, a public institution of higher education in the state of Washington, is the owner by assignment of the '360 Patent entitled "Image Neurography and

2

Diffusion Anisotropy Imaging."  The '360 Patent issued on October 1, 1999.  A true and correct copy of the '360 Patent is attached as Exhibit A.

11.     Aaron G. Filler, Jay S. Tsuruda, Todd L. Richards, and Franklyn A. Howe are listed as the inventors of the '360 Patent.

12.     Washington Research Foundation ("WRF"), a not-for-profit corporation incorporated and existing under the laws of the State of Washington, holds substantially all rights in the '360 Patent and has exclusively licensed substantially all rights in the '360 Patent to NeuroGrafix in December of 1998.

13.     NeuroGrafix, NIMA and IBSC have been investing in and practicing the technology disclosed in the '360 Patent since at least 2000.

<u>COUNT I</u>
<u>PATENT INFRINGEMENT</u>

14.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 13 above, inclusive, as if fully repeated and restated herein.

15.     Defendants have been and still are directly (literally and under the doctrine of equivalents) infringing at least claim 36 of the '360 Patent by making, using, selling, offering to sell, or importing, without license or authority, products and services that include, without limitation, the performance of DTI and diffusion anisotropy based tractography.  Thus, by making, using, importing, offering for sale, and/or selling such products and software, Defendants have injured Plaintiffs and are thus liable to Plaintiffs for infringement of the '360 Patent under 35 U.S.C. § 271(a).

16.     To the extent that facts learned in discovery show that Defendants' infringement of the '360 Patent is or has been willful, Plaintiffs reserve the right to request such a finding at the time of trial.

17.     As a result of Defendants' infringement of the '360 Patent, Plaintiffs have suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

18.     Defendants' wrongful acts have damaged and will continue to damage Plaintiffs irreparably, and Plaintiffs have no adequate remedy at law for those wrongs and injuries.  In addition to their actual damages, Plaintiffs are entitled to a permanent injunction restraining and enjoining Defendants and their agents, servants and employees, and all persons acting thereunder, in concert with, or on their behalf, from infringing the '360 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter:

1.     A judgment in favor of Plaintiffs that Defendants have directly infringed the '360 Patent;

2.     An injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert or privity with any of them from infringing, inducing the infringement of, or contributing to the infringement of the '360 Patent;

3.     A judgment and order requiring Defendants to pay Plaintiffs their damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '360 Patent as provided under 35 U.S.C. § 284;

4.     A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiffs their reasonable attorneys' fees; and

5.     Any and all other relief to which Plaintiffs may show themselves to be entitled.

4

## JURY TRIAL DEMANDED

Plaintiffs hereby demand a trial by jury of all issues so triable.


Respectfully submitted,

Dated: August 1, 2012              s/ Kirsten L. Thomson
                                     Kirsten L. Thomson (ID No. 6293943)
                                     (thomson@mbhb.com)
                                     **McDonnell Boehnen Hulbert & Berghoff LLP**
                                     300 South Wacker Drive
                                     Chicago, Illinois 60606
                                     Tel.: (312) 913-0001
                                     Fax: (312) 913-0002

                                     Marc A. Fenster
                                     (mfenster@raklaw.com)
                                     Andrew D. Weiss
                                     (aweiss@raklaw.com)
                                     Fredricka Ung
                                     (fung@raklaw.com)
                                     **Russ August & Kabat**
                                     12424 Wilshire Boulevard, 12th Floor
                                     Los Angeles, California 90025
                                     Tel. 310.826.7474
                                     Fax 310.826.6991

                                     **Attorneys for Plaintiffs,**
                                     **NEUROGRAFIX, NEUROGRAPHY**
                                     **INSTITUTE MEDICAL ASSOCIATES, INC.,**
                                     **AND IMAGE-BASED SURGICENTER**
                                     **CORPORATION**

# Exhibit CC

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NEUROGRAFIX, a California corporation;
NEUROGRAPHY INSTITUTE MEDICAL
ASSOCIATES, INC., a California
corporation; and IMAGE-BASED
SURGICENTER CORPORATION, a
California corporation,
2716 Ocean Park Boulevard
Suite 3075
Santa Monica, CA 90405-5207

        Plaintiffs,

vs.

THE JOHNS HOPKINS UNIVERSITY, a
Maryland corporation;
Charles & 34th Street
Baltimore, MD 21218

    Serve On: Stephen S. Dunham
           Resident Agent
           3400 N. Charles St.
           113 Garland Hall
           Baltimore, MD 21218

and

THE JOHNS HOPKINS HOSPITAL, a
Maryland corporation,
600 North Wolfe Street
Baltimore, MD 21205

    Serve On: JoAnne Pollak, Esq.
           Resident Agent
           Administration 414
           600 N. Wolfe St.
           Baltimore, MD 21205

        Defendants.

Civil Action No.:

## COMPLAINT FOR PATENT
## INFRINGEMENT AND DEMAND FOR JURY TRIAL

Plaintiffs NeuroGrafix, Neurography Institute Medical Associates, Inc. ("NIMA"), and

Image-Based Surgicenter Corporation ("IBSC") (collectively, "Plaintiffs") allege as follows:

1

1.    This case is an action for patent infringement of United States Patent No. 5,560,360 (the "'360 Patent") under the Patent Laws of the United States, as set forth in 35 U.S.C. §§271 and 280 through 285.

## PARTIES

2.    Plaintiff NeuroGrafix is a California corporation with its principal place of business located at 2716 Ocean Park Boulevard, Suite 3075, Santa Monica, California.

3.    Plaintiff Neurography Institute Medical Associates, Inc. ("NIMA") is a California corporation with its principal place of business in Santa Monica, California.

4.    Plaintiff Image-Based Surgicenter Corporation ("IBSC") is a California corporation with its principal place of business in Santa Monica, California.

5.    On information and belief, defendant The Johns Hopkins University is a Maryland corporation with its principal place of business located at Charles & 34th Street, Baltimore, MD 21218.

6.    On information and belief, defendant The Johns Hopkins Hospital is a Maryland corporation with its principal place of business located at 600 North Wolfe Street, Baltimore, MD 21205.

7.    The John Hopkins University and The Johns Hopkins Hospital are collectively referred to as "Defendants."  On information and belief, Defendants collectively work together to offer the infringing products and services described below.

## JURISDICTION AND VENUE

8.    This Court has federal subject matter jurisdiction over this action under 28 U.S.C. §§1331, 1332(a)(1), 1332(c)(1) and 1338(a).

9.     Venue is proper in this Court pursuant to 28 U.S.C. §§1391(a), 1391(c), and 1400(b), including without limitation because Defendants are advertising, marketing, using, selling, and/or offering to sell products in this Judicial District.

## BACKGROUND

10.     The University of Washington, a public institution of higher education in the state of Washington, is the owner by assignment of the '360 Patent entitled "Image Neurography and Diffusion Anisotropy Imaging."  The '360 Patent issued on October 1, 1999.  A true and correct copy of the '360 Patent is attached as Exhibit A.

11.     Aaron G. Filler, Jay S. Tsuruda, Todd L. Richards, and Franklyn A. Howe are listed as the inventors of the '360 Patent.

12.     Washington Research Foundation ("WRF"), a not-for-profit corporation incorporated and existing under the laws of the State of Washington, holds substantially all rights in the '360 Patent and has exclusively licensed substantially all rights in the '360 Patent to NeuroGrafix in December of 1998.

13.     NeuroGrafix, NIMA and IBSC have been investing in and practicing the technology disclosed in the '360 Patent since at least 2000.

14.     Defendants have known about the '360 Patent since, on information and belief, at least 2001.  In 2003, Defendants were granted U.S. Patent No. 6,526,305 (the "'305 Patent"), entitled "Method of Fiber Reconstruction Employing Data Acquired By Magnetic Resonance Imaging."  During the prosecution of the '305 Patent, according to the face of the patent, the examiner cited the '360 Patent as prior art.  The only office action mailed by the examiner during the prosecution of the '305 Patent was mailed on September 25, 2001.

3

15.     On information and belief, Defendants were aware of the '360 Patent well before 2001.  In or around 1996, a faculty member of Defendants contacted Dr. Filler to express interest in Magnetic Resonance Neurography.  During the following years, including after the formation of NeuroGrafix and NIMA, additional contacts took place in which faculty members of Defendants expressed interest in providing high quality neurography services for its patients.

16.     Additionally, in December of 2009, NeuroGrafix wrote to Defendants' to inform them of their infringement of the '360 Patent and to inquire as to whether Defendants were interested in negotiating a license.  NeuroGrafix received a letter from counsel for Defendants indicating that they would investigate and respond, but no further correspondence was received.

17.     Defendants were therefore aware of the '360 Patent since at least as early as 2001 and likely were aware of the '360 Patent well before that.

**COUNT I**
**PATENT INFRINGEMENT**

18.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 17 above, inclusive, as if fully repeated and restated herein.

19.     Defendants have been and still are directly (literally and under the doctrine of equivalents) infringing at least claims 1 and 36 of the '360 Patent by making, using, selling, offering to sell, or importing, without license or authority, products and services that include, without limitation, the performance of MR Neurography, DTI and diffusion anisotropy based tractography using non-Siemens equipment and software, and Defendants' manufacture, use, sale, offer for sale or importation of Defendants' DTI Studio and MRI Studio software products.  Thus, by making, using, importing, offering for sale, and/or selling such products and software, Defendants have injured Plaintiffs and are thus liable to Plaintiffs for infringement of the '360 Patent under 35 U.S.C. § 271(a).

20.     Defendants have also been and still are indirectly infringing, by way of inducing infringement by others of the '360 Patent, by, among other things, providing courses and seminars inducing others to infringe at least claims 1 and 36 of the '360 Patent by performing, without license or authority, MR Neurography, DTI and diffusion anisotropy based tractography using non-Siemens equipment and software. *See* Exhibit B (DTI Studio email); Exhibit C (Neurography seminar).  Additionally, Defendants have also been and still are indirectly infringing, by way of inducing infringement by others of the '360 Patent, by, among other things, manufacturing, using, selling, offering for sale or importing Defendants' DTI Studio and MRI Studio software products that induce others to infringe at least claims 1 and 36 of the '360 Patent. *See, e.g.*, https://www.mristudio.org/, http://www.hopkinsmedicine.org/psychiatry/research/neuroimaging/research_methods/diffusion_ tensor.html, http://www.hopkinsortho.org/musculoskeletal_mri.html.  Defendants' courses, seminars and products induce direct infringement of at least claims 1 and 36 of the '360 Patent by, for example, hospitals, radiologists, technologists and others.  Defendants induce their customers to directly infringe by inducing or encouraging the use of their products and software to perform MR Neurography, DTI and diffusion anisotropy based tractography.  Since at least 2001, and likely earlier, Defendants have had knowledge of the '360 Patent and, by continuing the actions described above, have had the specific intent to, or should have known that their actions would, induce infringement of the '360 Patent.  Thus, by making, using, importing, offering for sale, and/or selling such products and software, Defendants have injured Plaintiffs and are thus liable to Plaintiffs for infringement of the '360 Patent under 35 U.S.C. § 271(b).

21.     Defendants have also been and still are indirectly infringing, by way of contributing to the infringement by others of the '360 Patent, by, among other things, making,

using, importing, offering for sale, and/or selling, without license or authority, products and

services, including without limitation, Defendants' manufacture, use, sale, offer for sale or

importation of Defendants' DTI Studio and MRI Studio software products.  These products are

used in infringing products and services made, used, imported, offered for sale, and/or sold by

direct infringers of the '360 Patent in the United States, such as hospitals, radiologists and others.

Defendants induce their customers to directly infringe by inducing or encouraging the use of

their products and software to perform MR Neurography, DTI and diffusion anisotropy based

tractography.  *See, e.g.*, https://www.mristudio.org/,

http://www.hopkinsmedicine.org/psychiatry/research/neuroimaging/research_methods/diffusion_

tensor.html, http://www.hopkinsortho.org/musculoskeletal_mri.html.  Defendants' accused

products and software, are a material part of the invention, and are especially made or especially

adapted for use in the infringement of '360 Patent and are not a staple article or commodity of

commerce suitable for substantial noninfringing uses.  Since at least 2001, and likely earlier,

Defendants have had knowledge of the '360 Patent and have had the specific knowledge that the

combination of its software and computer systems described above infringe the '360 Patent.

Thus, by making, using, importing, offering for sale, and/or selling such products and software,

Defendants have injured Plaintiffs and are thus liable to Plaintiffs for infringement of the '360

Patent under 35 U.S.C. § 271(c).

22.     As a result of Defendants' continuing use of the claimed invention after receiving

notice of the '360 Patent, Defendants are willfully infringing the '360 Patent.

23.     As a result of Defendants' infringement of the '360 Patent, Plaintiffs have suffered

monetary damages in an amount not yet determined, and will continue to suffer damages in the

future unless Defendants' infringing activities are enjoined by this Court.

6

24.     Defendants' wrongful acts have damaged and will continue to damage Plaintiffs irreparably, and Plaintiffs have no adequate remedy at law for those wrongs and injuries.  In addition to their actual damages, Plaintiffs are entitled to a permanent injunction restraining and enjoining Defendants and their agents, servants and employees, and all persons acting thereunder, in concert with, or on their behalf, from infringing the '360 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter:

1.      A judgment in favor of Plaintiffs that Defendants have infringed, directly and/or indirectly, by way of inducing and/or contributing to the infringement of the '360 Patent;

2.      An injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert or privity with any of them from infringing, inducing the infringement of, or contributing to the infringement of the '360 Patent;

3.      A judgment and order requiring Defendants to pay Plaintiffs their damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '360 Patent as provided under 35 U.S.C. § 284;

4.      An award to Plaintiffs for enhanced damages, as provided under 35 U.S.C. § 284, resulting from the knowing, deliberate, and willful nature of Defendants' prohibited conduct;

5.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiffs their reasonable attorneys' fees; and

6.      Any and all other relief to which Plaintiffs may show themselves to be entitled.

## JURY TRIAL DEMANDED

Plaintiffs hereby demand a trial by jury of all issues so triable.

Dated: July 23, 2012

                                     /s/

Matthew G. Hjortsberg (#024949)
hjortsberg@bowie-jenson.com
Joshua A. Glikin (#26852)
glikin@bowie-jensen.com
BOWIE & JENSEN, LLC
29 W. Susquehanna Avenue
Suite 600
Towson, Maryland 21204
Phone: (410) 583-2400
Facsimile: (410) 583-2437

*Counsel for Plaintiff*

Exhibit DD

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

NEUROGRAFIX, a California corporation;
NEUROGRAPHY INSTITUTE MEDICAL
ASSOCIATES, INC., a California
corporation; and IMAGE-BASED
SURGICENTER CORPORATION, a
California corporation,

              Plaintiffs,

vs.

TRUSTEES OF TUFTS COLLEGE, a
Massachusetts corporation; TUFTS
MEDICAL CENTER aka TUFTS
SHARED SERVICES, INC, a
Massachusetts corporation; and TUFTS
MEDICAL CENTER PHYSICIANS
ORGANIZATION, a Massachusetts
corporation

              Defendants.

Civil Action No.

**COMPLAINT FOR PATENT
INFRINGEMENT AND DEMAND FOR JURY TRIAL**

    Plaintiffs NeuroGrafix, Neurography Institute Medical Associates, Inc. ("NIMA"), and

Image-Based Surgicenter Corporation ("IBSC") (collectively, "Plaintiffs") allege as follows:

    1.     This case is an action for patent infringement of United States Patent No.

5,560,360 (the "'360 Patent") under the Patent Laws of the United States, as set forth in 35

U.S.C. §§271 and 280 through 285.

**PARTIES**

    2.     Plaintiff NeuroGrafix is a California corporation with its principal place of

business located at 2716 Ocean Park Boulevard, Suite 3075, Santa Monica, California.

    3.     Plaintiff Neurography Institute Medical Associates, Inc. ("NIMA") is a California

corporation with its principal place of business in Santa Monica, California.

1

4.      Plaintiff Image-Based Surgicenter Corporation ("IBSC") is a California corporation with its principal place of business in Santa Monica, California.

5.      On information and belief, defendant Trustees of Tufts College is a Massachusetts corporation with its principal place of business located at Tufts College, Medford, MA 02155.

6.      On information and belief, defendant Tufts Medical Center, Inc aka Tufts Shared Services, Inc. is a Massachusetts corporation with its principal place of business located at 800 Washington Street, Boston, MA 02111.

7.      On information and belief, defendant Tufts Medical Center Physicians Organization, Inc. is a Massachusetts corporation with its principal place of business located at 800 Washington St., Box 1013, Boston, MA 02111.

8.      Trustees of Tufts College, Tufts Medical Center Physicians Organization, Tufts Shared Services, Inc and Tufts Medical Center are collectively referred to as "Defendants."  On information and belief, Defendants collectively work together to offer the infringing products and services, described below, at the medical facilities affiliated with and/or operated by them.

## JURISDICTION AND VENUE

9.      This Court has federal subject matter jurisdiction over this action under 28 U.S.C. §§1331, 1332(a)(1), 1332(c)(1) and 1338(a).

10.     Venue is proper in this Court pursuant to 28 U.S.C. §§1391(a), 1391(c), and 1400(b), including without limitation because Defendants are advertising, marketing, using, selling, and/or offering to sell products in this Judicial District.

## BACKGROUND

11.     The University of Washington, a public institution of higher education in the state of Washington, is the owner by assignment of the '360 Patent entitled "Image Neurography and

2

Diffusion Anisotropy Imaging." The '360 Patent issued on October 1, 1999. A true and correct copy of the '360 Patent is attached as Exhibit A.

12.     Aaron G. Filler, Jay S. Tsuruda, Todd L. Richards, and Franklyn A. Howe are listed as the inventors of the '360 Patent.

13.     Washington Research Foundation ("WRF") holds substantially all rights in the '360 Patent and has exclusively licensed substantially all rights in the '360 Patent to NeuroGrafix in December of 1998.

14.     NeuroGrafix, NIMA and IBSC have been investing in and practicing the technology disclosed in the '360 Patent since at least 2000.

**COUNT I**
**PATENT INFRINGEMENT**

15.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 14 above, inclusive, as if fully repeated and restated herein.

16.     Defendants have been and still are directly (literally and under the doctrine of equivalents) infringing at least claim 36 of the '360 Patent by making, using, selling, offering to sell, or importing, without license or authority, products and services that include, without limitation, the performance of diffusion tensor imaging and diffusion anisotropy based tractography. Thus, by making, using, importing, offering for sale, and/or selling such products and software, Defendants have injured Plaintiffs and are thus liable to Plaintiffs for infringement of the '360 Patent under 35 U.S.C. § 271(a).

17.     To the extent that facts learned in discovery show that Defendants' infringement of the '360 Patent is or has been willful, Plaintiffs reserve the right to request such a finding at the time of trial.

18.     As a result of Defendants' infringement of the '360 Patent, Plaintiffs have suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

19.     Defendants' wrongful acts have damaged and will continue to damage Plaintiffs irreparably, and Plaintiffs have no adequate remedy at law for those wrongs and injuries.  In addition to their actual damages, Plaintiffs are entitled to a preliminary and permanent injunction restraining and enjoining Defendants and their agents, servants and employees, and all persons acting thereunder, in concert with, or on their behalf, from infringing the '360 Patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter:

1.     A judgment in favor of Plaintiffs that Defendants have directly infringed the '360 Patent;

2.     An injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert or privity with any of them from infringing, inducing the infringement of, or contributing to the infringement of the '360 Patent;

3.     A judgment and order requiring Defendants to pay Plaintiffs their damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '360 Patent as provided under 35 U.S.C. § 284;

4.     A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiffs their reasonable attorneys' fees; and

5.     Any and all other relief to which Plaintiffs may show themselves to be entitled.

## <u>JURY TRIAL DEMANDED</u>

Plaintiffs hereby demand a trial by jury of all issues so triable.

Dated:  July 11, 2012                        Respectfully submitted,

                                           PLAINTIFFS NEUROGRAFIX, NEUROGRAPHY
INSTITUTE MEDICAL ASSOCIATES, INC., and
IMAGE-BASED SURGICENTER CORPORATION
By their attorneys,

/s/ David S. Godkin
David S. Godkin (BBO#196530)
Anne Marie Longobucco (BBO#649299)
Birnbaum & Godkin, LLP
280 Summer Street
Boston, MA  02210
617-307-6100
godkin@birnbaumgodkin.com
longobucco@birnbaumgodkin.com

# Exhibit EE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEUROGRAFIX, a California corporation; NEUROGRAPHY INSTITUTE MEDICAL ASSOCIATES, INC., a California corporation; and IMAGE-BASED SURGICENTER CORPORATION, a California corporation,<br><br>           Plaintiffs,<br><br>vs.<br><br>BETH ISRAEL DEACONESS MEDICAL CENTER, INC., a Massachusetts corporation; HARVARD MEDICAL FACULTY PHYSICIANS AT BETH ISRAEL DEACONESS MEDICAL CENTER, INC., a Massachusetts corporation; BETH ISRAEL DEACONESS PHYSICIANS ORGANIZATION, INC., a Massachusetts corporation; CAREGROUP, INC., a Massachusetts corporation; BETH ISRAEL DEACONESS MEDICAL CENTER AND CHILDREN'S HOSPITAL MEDICAL CARE CORPORATION, a Massachusetts corporation; and PRESIDENT AND FELLOWS OF HARVARD COLLEGE, a Massachusetts corporation,<br><br>           Defendants. | Civil Action No. |

**COMPLAINT FOR PATENT
INFRINGEMENT AND DEMAND FOR JURY TRIAL**

Plaintiffs NeuroGrafix, Neurography Institute Medical Associates, Inc. ("NIMA"), and

Image-Based Surgicenter Corporation ("IBSC") (collectively, "Plaintiffs") allege as follows:

1.       This case is an action for patent infringement of United States Patent No.

5,560,360 (the "'360 Patent") under the Patent Laws of the United States, as set forth in 35

U.S.C. §§271 and 280 through 285.

1

## PARTIES

2.      Plaintiff NeuroGrafix is a California corporation with its principal place of business located at 2716 Ocean Park Boulevard, Suite 3075, Santa Monica, California.

3.      Plaintiff Neurography Institute Medical Associates, Inc. ("NIMA") is a California corporation with its principal place of business in Santa Monica, California.

4.      Plaintiff Image-Based Surgicenter Corporation ("IBSC") is a California corporation with its principal place of business in Santa Monica, California.

5.      On information and belief, defendant Beth Israel Deaconess Medical Center, Inc. is a Massachusetts corporation with its principal place of business located at 330 Brookline Avenue, Boston, MA 02105.

6.      On information and belief, defendant Harvard Medical Faculty Physicians at Beth Israel Deaconess Medical Center, Inc. is a Massachusetts corporation with its principal place of business located at 375 Longwood Ave., 3rd Floor, Boston, MA 02215 which employs physicians who engage in actions that infringe the '360 Patent.

7.      On information and belief, defendant Beth Israel Deaconess Physicians Organization, LLC is a Massachusetts limited liability company with its principal place of business located at 400 Blue Hill Drive, Suite 2B, Westwood, MA 02090 which employs physicians who engage in actions that infringe the '360 Patent.

8.      On information and belief, defendant Caregroup, Inc. is a Massachusetts corporation with its principal place of business located at 109 Brookline Ave., Suite 300, Boston, MA 02215 which owns or directs activities at hospitals with MRI equipment including Beth Israel Deaconess Medical Center, Beth Israel Deaconess Hospital-Needham, Beth Israel

2

Deaconess Hospital-Milton, Mount Auburn Hospital and New England Baptist Hospital that infringe the '360 Patent.

9.      On information and belief, defendant Beth Israel Deaconess Medical Center and Children's Hospital Medical Care Corporation is a Massachusetts corporation with its principal place of business located at 482 Bedford Street, Lexington, MA 02173.

10.      On information and belief, defendant President and Fellows of Harvard College is a Massachusetts corporation with its principal place of business located at Massachusetts Hall, Cambridge, MA 02138. This corporation receives grants owns equipment and/or employs physicians and scientists who carry out data analysis and who operate MRI equipment in ways which infringe the '360 Patent. at Beth Israel Deaconess/Children's Hospital and other CareGroup, Inc hospitals.

11.      Beth Israel Deaconess Medical Center, Inc, Harvard Medical Faculty Physicians at Beth Israel Deaconess Medical Center, Inc., Beth Israel Deaconess Physicians Organization, LLC, Caregroup, Inc., Beth Israel Deaconess Medical Center and Children's Hospital Medical Care Corporation and President and Fellows of Harvard College are collectively referred to as "Defendants." On information and belief, Defendants collectively work together to offer the infringing products and services, described below, at Beth Israel Deaconess Medical Center and other related or affiliated facilities.

## JURISDICTION AND VENUE

12.      This Court has federal subject matter jurisdiction over this action under 28 U.S.C. §§1331, 1332(a)(1), 1332(c)(1) and 1338(a).

3

13.     Venue is proper in this Court pursuant to 28 U.S.C. §§1391(a), 1391(c), and

1400(b), including without limitation because Defendants are advertising, marketing, using,

selling, and/or offering to sell products in this Judicial District.

## BACKGROUND

14.     The University of Washington, a public institution of higher education in the state

of Washington, is the owner by assignment of the '360 Patent entitled "Image Neurography and

Diffusion Anisotropy Imaging."  The '360 Patent issued on October 1, 1999.  A true and correct

copy of the '360 Patent is attached as Exhibit A.

15.     Aaron G. Filler, Jay S. Tsuruda, Todd L. Richards, and Franklyn A. Howe are

listed as the inventors of the '360 Patent.

16.     Washington Research Foundation ("WRF") holds substantially all rights in the

'360 Patent and has exclusively licensed substantially all rights in the '360 Patent to NeuroGrafix

in December of 1998.

17.     NeuroGrafix, NIMA and IBSC have been investing in and practicing the

technology disclosed in the '360 Patent since at least 2000.

## COUNT I
## PATENT INFRINGEMENT

18.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 17

above, inclusive, as if fully repeated and restated herein.

19.     Defendants have been and still are directly (literally and under the doctrine of

equivalents) infringing at least claim 36 of the '360 Patent by making, using, selling, offering to

sell, or importing, without license or authority, products and services that include, without

limitation, the performance of diffusion tensor imaging and diffusion anisotropy based

tractography.  Thus, by making, using, importing, offering for sale, and/or selling such products

and software, Defendants have injured Plaintiffs and are thus liable to Plaintiffs for infringement of the '360 Patent under 35 U.S.C. § 271(a).

20.     To the extent that facts learned in discovery show that Defendants' infringement of the '360 Patent is or has been willful, Plaintiffs reserve the right to request such a finding at the time of trial.

21.     As a result of Defendants' infringement of the '360 Patent, Plaintiffs have suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

22.     Defendants' wrongful acts have damaged and will continue to damage Plaintiffs irreparably, and Plaintiffs have no adequate remedy at law for those wrongs and injuries.  In addition to their actual damages, Plaintiffs are entitled to a preliminary and permanent injunction restraining and enjoining Defendants and their agents, servants and employees, and all persons acting thereunder, in concert with, or on their behalf, from infringing the '360 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter:

1.     A judgment in favor of Plaintiffs that Defendants have directly infringed the '360 Patent;

2.     An injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert or privity with any of them from infringing, inducing the infringement of, or contributing to the infringement of the '360 Patent;

3.      A judgment and order requiring Defendants to pay Plaintiffs their damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '360 Patent as provided under 35 U.S.C. § 284;

4.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiffs their reasonable attorneys' fees; and

5.      Any and all other relief to which Plaintiffs may show themselves to be entitled.

## JURY TRIAL DEMANDED

Plaintiffs hereby demand a trial by jury of all issues so triable.

Dated:  July 11, 2012                Respectfully submitted,

PLAINTIFFS NEUROGRAFIX, NEUROGRAPHY
INSTITUTE MEDICAL ASSOCIATES, INC., and
IMAGE-BASED SURGICENTER CORPORATION
By their attorneys,

/s/ David S. Godkin
David S. Godkin (BBO#196530)
Anne Marie Longobucco (BBO#649299)
Birnbaum & Godkin, LLP
280 Summer Street
Boston, MA  02210
617-307-6100
godkin@birnbaumgodkin.com
longobucco@birnbaumgodkin.com

# Exhibit FF

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

NEUROGRAFIX, a California corporation;
NEUROGRAPHY INSTITUTE MEDICAL
ASSOCIATES, INC., a California
corporation; and IMAGE-BASED
SURGICENTER CORPORATION, a
California corporation,

Plaintiffs,

vs.                                             Civil Action No.

THE BRIGHAM AND WOMEN'S
HOSPITAL INC., a Massachusetts
Corporation; BRIGHAM AND WOMEN'S
PHYSICIANS ORGANIZATION, INC., a
Massachusetts corporation; PARTNERS
HEALTHCARE SYSTEM, INC., a
Massachusetts corporation; and
PRESIDENT AND FELLOWS OF
HARVARD COLLEGE, a Massachusetts
corporation,

Defendants.

## COMPLAINT FOR PATENT
## INFRINGEMENT AND DEMAND FOR JURY TRIAL

Plaintiffs NeuroGrafix, Neurography Institute Medical Associates, Inc. ("NIMA"), and

Image-Based Surgicenter Corporation ("IBSC") (collectively, "Plaintiffs") allege as follows:

1.      This case is an action for patent infringement of United States Patent No.

5,560,360 (the "'360 Patent") under the Patent Laws of the United States, as set forth in 35

U.S.C. §§271 and 280 through 285.

## PARTIES

2.      Plaintiff NeuroGrafix is a California corporation with its principal place of

business located at 2716 Ocean Park Boulevard, Suite 3075, Santa Monica, California.

3.      Plaintiff Neurography Institute Medical Associates, Inc. ("NIMA") is a California corporation with its principal place of business in Santa Monica, California.

4.      Plaintiff Image-Based Surgicenter Corporation ("IBSC") is a California corporation with its principal place of business in Santa Monica, California.

5.      On information and belief, defendant The Brigham and Women's Hospital Inc. is a Massachusetts corporation with its principal place of business located at 75 Francis St., Boston, Massachusetts where it owns and operates hospitals including MRI equipment. Among the equipment and software owned, there is included equipment and software whose only purpose is to carry out diffusion anisotropy MRI scanning and/or to analyze diffusion anisotropy data for the purpose of preparing tractographic images.

6.      On information and belief, defendant Brigham And Women's Physicians Organization, Inc. is a Massachusetts corporation with its principal place of business located at 75 Francis St., Boston, MA 02115 where it provides physician services to the Brigham and Woman's Hospital including radiological services such as prescribing and interpreting MRI scans as well as performing analysis on data from diffusion anisotropy MRI scanning and processing such data and generating tractographic representations of neural tracts among other tasks that infringe upon the '360 Patent.

7.      On information and belief, defendant Partners Healthcare System, Inc. (formerly known as MGH/Brigham Health Care System, Inc.) is a Massachusetts corporation with its principal place of business located at 800 Boylston St., Suite 1150, Boston, MA 02199. It owns, or directs activities at, and/or operates several hospitals including Brigham and Woman's Hospital, Inc; Massachusetts General Hospital, Faulkner Hospital, Martha's Vineyard Hospital, McLean Hospital, Newton Wellesley Hospital, North Shore Medical Center where equipment is

2

owned whose sole purpose is for the collection and analysis MRI data which infringes upon the '360 Patent. In addition, it owns Partners Community Healthcare Inc, a management services organization for the Partner's Hospitals, which on information and belief employs technologists or arranges for contracting for services and sells such services and products that infringe upon the '360 Patent.

8.      On information and belief, defendant President and Fellows of Harvard College is a Massachusetts corporation with its principal place of business located at Massachusetts Hall, Cambridge, MA 02138. This corporation receives, grants or owns equipment and/or employs physicians and scientists who carry out data analysis and who operate MRI equipment in ways which infringe the '360 Patent.

9.      The Brigham and Women's Hospital Inc., Brigham And Women's Physicians Organization, Inc., Partners Healthcare System, Inc., and President and Fellows of Harvard College are collectively referred to as "Defendants."  On information and belief, Defendants collectively work together to offer the infringing products and services, described below, at Brigham and Woman's Hospital and other related or affiliated facilities.

## JURISDICTION AND VENUE

10.     This Court has federal subject matter jurisdiction over this action under 28 U.S.C. §§1331, 1332(a)(1), 1332(c)(1) and 1338(a).

11.     Venue is proper in this Court pursuant to 28 U.S.C. §§1391(a), 1391(c), and 1400(b), including without limitation because Defendants are advertising, marketing, using, selling, and/or offering to sell products in this Judicial District.

## BACKGROUND

12.     The University of Washington, a public institution of higher education in the state of Washington, is the owner by assignment of the '360 Patent entitled "Image Neurography and Diffusion Anisotropy Imaging."  The '360 Patent issued on October 1, 1999.  A true and correct copy of the '360 Patent is attached as Exhibit A.

13.     Aaron G. Filler, Jay S. Tsuruda, Todd L. Richards, and Franklyn A. Howe are listed as the inventors of the '360 Patent.

14.     Washington Research Foundation ("WRF") holds substantially all rights in the '360 Patent and has exclusively licensed substantially all rights in the '360 Patent to NeuroGrafix in December of 1998.

15.     NeuroGrafix, NIMA and IBSC have been investing in and practicing the technology disclosed in the '360 Patent since at least 2000.

16.     Defendants became aware of the '360 Patent at least as early as December 18, 2009.  On December 18, 2009, Dr. Filler sent an email to Dr. Gary L. Gottlieb and Dr. Elizabeth G. Nabel, as the current and future presidents of The Brigham and Women's Hospital that Defendants infringed the '360 Patent and offering to discuss licensing the '360 Patent.

## COUNT I
## PATENT INFRINGEMENT

17.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 16 above, inclusive, as if fully repeated and restated herein.

18.     Defendants have been and still are directly (literally and under the doctrine of equivalents) infringing at least claim 36 of the '360 Patent by making, using, selling, offering to sell, or importing, without license or authority, products and services that include, without limitation, the performance of diffusion tensor imaging ("DTI") and diffusion anisotropy based

tractography and making, using, selling and offering for sale of Slicer and 3D Slicer. Thus, by making, using, importing, offering for sale, and/or selling such products and software, Defendants have injured Plaintiffs and are thus liable to Plaintiffs for infringement of the '360 Patent under 35 U.S.C. § 271(a).

19.     Defendants have also been and still are indirectly infringing, by way of inducing infringement by others of at least claim 36 of the '360 Patent, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, products and services that include, without limitation, the performance of DTI and diffusion anisotropy based tractography and making, using, selling and offering for sale of Slicer and 3D Slicer. Defendants' Slicer and 3D Slicer products are used in infringing products and services made, used, imported, offered for sale, and/or sold by direct infringers of the '360 Patent in the United States, such as hospitals, radiologists and others. Defendants induce their customers to directly infringe by inducing or encouraging the use of their products and software to perform DTI and diffusion anisotropy based tractography. *See, e.g.*, http://www.slicer.org, http://www.slicer.org/slicerWiki/index.php/Documentation/4.0/Modules/TractographyDisplay, http://www.slicer.org/slicerWiki/index.php/Documentation/4.0/Modules/TractographyLabelMap Seeding. Since at least December 2009, and likely earlier, Defendants have had knowledge of the '360 Patent and, by continuing the actions described above, have had the specific intent to, or should have known that their actions would, induce infringement of the '360 Patent. Thus, by making, using, importing, offering for sale, and/or selling such products and software, Defendants have injured Plaintiffs and are thus liable to Plaintiffs for infringement of the '360 Patent under 35 U.S.C. § 271(b).

5

20.     Defendants have also been and still are indirectly infringing, by way of contributing to the infringement by others of claim 36 of the '360 Patent, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, products and services that include, without limitation, the performance of DTI and diffusion anisotropy based tractography and making, using, selling and offering for sale of Slicer and 3D Slicer. Defendants' Slicer and 3D Slicer products are used in infringing products and services made, used, imported, offered for sale, and/or sold by direct infringers of the '360 Patent in the United States, such as hospitals, radiologists and others.  Defendants induce their customers to directly infringe by inducing or encouraging the use of their products and software to perform DTI and diffusion anisotropy based tractography.  *See, e.g.*, http://www.slicer.org, http://www.slicer.org/slicerWiki/index.php/Documentation/4.0/Modules/TractographyDisplay, http://www.slicer.org/slicerWiki/index.php/Documentation/4.0/Modules/TractographyLabelMap Seeding.  Defendants' accused products and software, are a material part of the invention, and are especially made or especially adapted for use in the infringement of '360 Patent and are not a staple article or commodity of commerce suitable for substantial noninfringing uses.  Since at least December 2009, and likely earlier, Defendants have had knowledge of the '360 Patent and have had the specific knowledge that the combination of its software and computer systems described above infringe the '360 Patent.  Thus, by making, using, importing, offering for sale, and/or selling such products and software, Defendants have injured Plaintiffs and are thus liable to Plaintiffs for infringement of the '360 Patent under 35 U.S.C. § 271(c).

21.     As a result of Defendants' continuing use of the claimed invention after receiving notice of the '360 Patent, Defendants are willfully infringing the '360 Patent.

22.     As a result of Defendants' infringement of the '360 Patent, Plaintiffs have suffered

monetary damages in an amount not yet determined, and will continue to suffer damages in the

future unless Defendants' infringing activities are enjoined by this Court.

23.     Defendants' wrongful acts have damaged and will continue to damage Plaintiffs

irreparably, and Plaintiffs have no adequate remedy at law for those wrongs and injuries.  In

addition to their actual damages, Plaintiffs are entitled to a preliminary and permanent injunction

restraining and enjoining Defendants and their agents, servants and employees, and all persons

acting thereunder, in concert with, or on their behalf, from infringing the '360 Patent.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter:

1.     A judgment in favor of Plaintiffs that Defendants have infringed, directly and/or

indirectly, by way of inducing and/or contributing to the infringement of the '360 Patent;

2.     An injunction enjoining Defendants and their officers, directors, agents, servants,

affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert or

privity with any of them from infringing, inducing the infringement of, or contributing to the

infringement of the '360 Patent;

3.     A judgment and order requiring Defendants to pay Plaintiffs their damages, costs,

expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '360

Patent as provided under 35 U.S.C. § 284;

4.     An award to Plaintiffs for enhanced damages, as provided under 35 U.S.C. § 284,

resulting from the knowing, deliberate, and willful nature of Defendants' prohibited conduct;

5.     A judgment and order finding that this is an exceptional case within the meaning

of 35 U.S.C. § 285 and awarding to Plaintiffs their reasonable attorneys' fees; and

6.      Any and all other relief to which Plaintiffs may show themselves to be entitled.

**JURY TRIAL DEMANDED**

Plaintiffs hereby demand a trial by jury of all issues so triable.

Dated:  July 11, 2012                              Respectfully submitted,

                                                   PLAINTIFFS NEUROGRAFIX, NEUROGRAPHY
                                                   INSTITUTE MEDICAL ASSOCIATES, INC., and
                                                   IMAGE-BASED SURGICENTER CORPORATION
                                                   By their attorneys,

                                                   /s/ David S. Godkin
                                                   David S. Godkin (BBO#196530)
                                                   Anne Marie Longobucco (BBO#649299)
                                                   Birnbaum & Godkin, LLP
                                                   280 Summer Street
                                                   Boston, MA  02210
                                                   617-307-6100
                                                   godkin@birnbaumgodkin.com
                                                   longobucco@birnbaumgodkin.com